Donald R. Warren (CA 138933)
Warren - Benson Law Group
7825 Fay Ave., Ste. 200
La Jolla, CA 92037
Tel: 858-454-2877
Fax: 858-454-5878
donwarren@warrenbensonlaw.com

Phillip E. Benson (CA 97420)
Warren - Benson Law Group
620 Newport Center Dr., Ste 1100
Newport Beach, CA 90630
Tel: 949-721-6636
Fax: 858-454-5878
philbenson@warrenbensonlaw.com

Attorneys for Defendant
Fair Housing Council of San Fernando Valley

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| RELMAN, DANE & COLFAX PLLC, <br><br> Plaintiff, <br><br> v. <br><br> FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING, <br><br> Defendants. | CASE NO. 2:19-cv-08612 CAS (AFMx) <br><br> **NOTICE OF RELATED CASE** <br><br> [C.D. Local Rule 83-1.3.1] |

Defendant, Fair Housing Council of San Fernando Valley ("FHC"), files this Notice pursuant to Local Rule 83-1.3.1.

In this action, which has been transferred pursuant to 28 U.S.C. § 1404(a) from the United States District Court for the District of Columbia, the plaintiff ("Relman"), a D.C. based law firm, alleges anticipatory breach of contingency fee contracts by the defendants FHC and Mei Ling ("Ling") who reside in California,

involving legal services provided by the plaintiff in a still-pending *qui tam* lawsuit under the federal False Claims Act in the Central District of California, *United States ex rel. Ling et al. v. City of L.A.*, Case No. 2:11-cv-00974-PSG-JC ("*Ling v. L.A.*").

In its Order transferring this case to the Central District of California ("CDCA"),[1] the D.C. District Court determined the following:

> "There is a clear, strong relationship between this case and the litigation in California. The agreements at issue relate to Relman's representation of the Clients in the False Claims Act case pending in the CDCA, and the client's merit defenses rely largely on Relman's conduct in that case and in a related case also brought in the CDCA."[2]

> "The relevant facts here are largely what happened during Relman's representation before the CDCA in the two related lawsuits. Those suits have been pending in the CDCA for nearly a decade. . . .[T]he CDCA is uniquely well-positioned to know and to resolve any disputes about those facts."

> "And the CDCA is already familiar with the issues presented here. Relman filed a Notice of Lien against Ms. Ling in the False Claims Act case, highlighting the dispute over the Agreements. *See* Notice of Lien, *United States ex rel. Ling v. City of L.A.,* (C.D. Cal. Sept. 15,

---

[1] *See* Memorandum Opinion, *Relman, Dane & Colfax v. Fair Housing Council of San Fernando Valley, et al.,* (D. D.C. Sept. 27, 2019), No. 1:18-cv-495-TNM-RMM, ECF No. 38.

[2] The other "related case also brought in the CDCA" is *Independent Living Center of Southern California, et al. v. City of Los Angeles, et al.,* No. 12-cv-551-FMO. Relman makes no claim arising from the *Independent Living Center* case, nor was Mei Ling a party in that case. The relevance of the *Independent Living* case, a case that has been mostly resolved, involves the defendants' allegations that Relman's conduct in the *Independent Living* case is related to Relman's termination in *Ling v. L.A.*

2017), No. 2:11-cv-00974-PSG-JC, ECF No. 119. And Relman informed CDCA that it would ask that court to resolve its fee dispute with Ms. Ling if she stands to recover anything in that case. *See id.* at 7. Ms. Ling opposed that lien. She raised arguments that Relman had violated its fiduciary duties, much like her proposed defenses here."

"This case is more entangled with the CDCA litigation than Relman admits. For example, even if the Agreements are enforceable, the CDCA will need to determine what fees Relman should receive.[3] FHC argues that Relman's entitlement to fees depends on the terms of any settlement in the False Claims Act litigation. [cite omitted] Indeed, in supplemental briefing, FHC and Relman argue whether a pending partial settlement in the CDCA firms up Relman's claims or potentially renders than moot. [cites omitted] CDCA will be better positioned to assess the outcome of the litigation pending before it and the terms of any settlement it approves." [4]

Pursuant to L.R. 83-1.3.1, the parties shall file a Notice of Related Cases "whenever two or more civil case filed in this District: (a)arise from the same or closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons that would entail substantial duplication of labor if heard by different

---

[3] Relman's claimed entitlement to fees from the False Claims Act case will likely involve the calculation of "reasonable fees" under a "Lodestar" analysis. This will involve the same "reasonable fees" assessment under the statutory fees provision of the False Claims Act which will be evaluated in *Ling v. L.A.* by Judge Gutierrez if the United States obtains a recovery in the case and the parties are unable to reach an agreement as to statutory fees.

[4] Clear from context, when the D.D.C. Court referred to the CDCA as better positioned to assess the outcome of the litigation and the terms of any settlement, it was specifically referring to *Ling v. L.A.*

judges." The declaratory relief action before the court here calls for a determination of substantially related or similar questions of law and fact as to those raised in the False Claims Act in *Ling v. L.A.* pending before Judge Gutierrez. Specifically, the entitlement and quantification of "reasonable fees," based on Relman's performance and conduct, the central question in this case, is also an issue subject to determination in the *Ling v. L.A.* qui tam case.

    Accordingly, the two cases appear to call for the determination of at least some substantially related or similar questions of law and fact, and for other reasons could entail substantial duplication of labor if heard by different judges. Defendant FHC therefore submits this Notice of Related Case.

Respectfully Submitted,

Dated: 10/11/19        Warren - Benson Law Group

/s/ Phillip E. Benson

Phillip E. Benson
Donald R. Warren
Attorneys for Defendant
Fair Housing Council of San Fernando Valley