Ryan H. Weinstein (Bar No. 240405)
 rweinstein@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Benjamin J. Razi (admitted *pro hac vice*)
 brazi@cov.com
Andrew Soukup (admitted *pro hac vice*)
 asoukup@cov.com
Steven Winkelman (admitted *pro hac vice*)
 swinkelman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN, DANE & COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN, DANE & COLFAX PLLC,<br><br>        Plaintiff,<br><br>    v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>        Defendants. | Case No. 2:19-cv-08612-PSG-JC<br><br>**RELMAN, DANE & COLFAX PLLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COUNTERCLAIMS II-V; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[Request for Judicial Notice and Declaration of Steven J. Winkelman filed separately]** |
| MEI LING,<br><br>        Counter-Claimant,<br><br>    v.<br><br>RELMAN, DANE & COLFAX PLLC,<br><br>        Counter-Defendant. | Hearing Date: February 24, 2020<br>Hearing Time: 1:30 p.m.<br>Judge: Honorable Phillip S. Gutierrez<br>Courtroom 6A |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on Monday, February 24, 2020 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6A of the above-entitled Court, located at 350 W. First Street, Los Angeles, California 90012, Plaintiff and Counter-Defendant Relman, Dane & Colfax PLLC (the "Relman Firm") will and hereby does move the Court for an order under Fed. R. Civ. P. 12(b)(6) dismissing the counterclaims in the First Amended Answer, Affirmative Defenses, & Counterclaims filed by Defendant and Counter-Claimant Mei Ling ("Ms. Ling") for professional negligence (Counterclaim II), breach of fiduciary duty (Counterclaim III), violations of California's Unfair Competition Law (Counterclaim IV), and for unjust enrichment (Counterclaim V). This Motion is supported by this Notice of Motion and Motion, the accompanying Memorandum, Request for Judicial Notice, Declaration of Steven J. Winkelman, exhibits thereto, and any further evidence and written and oral argument as may hereafter be presented.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 between the Relman Firm's counsel, Ms. Ling's counsel, and Ms. Ling, which took place by telephone on December 10, 2019.

DATED: December 18, 2019          COVINGTON & BURLING LLP


By: /s/ Ryan H. Weinstein
　　RYAN H. WEINSTEIN
　　BENJAMIN J. RAZI (admitted *pro hac vice*)
　　ANDREW SOUKUP (admitted *pro hac vice*)
　　STEVEN WINKELMAN (admitted *pro hac vice*)

Attorneys for Plaintiff/Counter-Defendant
RELMAN, DANE & COLFAX PLLC

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................ 2

    A.    Defendants Hire the Relman Firm To Prosecute the False Claims Act Case, and the Firm Obtains a Monumental Result............................... 2

    B.    Ms. Ling Unlawfully Terminates the Retainer Agreement, Prompting This Lawsuit to Reinstate the Agreement. ........................................... 3

    C.    This Action Transfers to This Court and Ms. Ling Asserts Counterclaims.......................................................................................... 3

LEGAL STANDARD........................................................................................ 4

ARGUMENT ...................................................................................................... 5

I.    Ms. Ling's Claim for Professional Negligence Is Time-Barred. .................. 5

II.    Ms. Ling's Claim for Breach of Fiduciary Duty Should Be Dismissed. ....... 9

    A.    Ms. Ling's Breach of Fiduciary Duty Claims Is Also Time-Barred.... 9

    B.    Ms. Ling Fails to State a Claim for Breach of Fiduciary Duty.......... 11

III.    Ms. Ling's Claim Under the UCL Should Be Dismissed. .......................... 12

    A.    Ms. Ling Fails to Plead a UCL Violation. ........................................ 12

    B.    Ms. Ling Fails to Allege Any Harm Caused by Any UCL Violation.13

IV.    Ms. Ling's Unjust Enrichment Claim Should Be Dismissed....................... 15

CONCLUSION ................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abu–Lughod v. Calis*,
   2014 WL 12589324 (C.D. Cal. Oct. 9, 2014) ............................................ 16

*Allegro Corp. v. Only New Age Music, Inc.*,
   2003 WL 23571745 (D. Or. Jan. 23, 2003) .................................................. 9

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
   2015 WL 12778355 (C.D. Cal. Oct. 23, 2015) ........................................ 6, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................ 4, 12

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ....................................................................... 4

*Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
   2007 WL 608009 (N.D. Cal. Feb. 23, 2007) ................................................ 9

*Bergstein v. Stroock & Stroock & Lavan LLP*,
   187 Cal. Rptr. 3d 36 (Cal. Ct. App. 2015) ................................................... 6

*Bontrager v. Showmark Media LLC*,
   2014 WL 12600201 (C.D. Cal. June 20, 2014) .......................................... 13

*Cheverez v. Plains All Am. Pipeline, LP*,
   2016 WL 4771883 (C.D. Cal. Mar. 4, 2016) (Gutierrez, J.) ...................... 14

*Chowning v. Kohl's Dep't Stores, Inc.*,
   733 F. App'x 404 (9th Cir. 2018) .............................................................. 14

*CLM Props., Inc. v. SimmonsCooper LLC*,
   2008 WL 11422124 (C.D. Cal. Jan. 8, 2008) ............................................ 13

*Cochran Firm, P.C. v. Cochran Firm Los Angeles, LLP*,
   2016 WL 6023822 (C.D. Cal. Aug. 18, 2016) (Gutierrez, J.) .................... 14

*Davis & Cox v. Summa Corp.*,
   751 F.2d 1507 (9th Cir. 1985) ..................................................................... 5

iv

RELMAN, DANE & COLFAX PLLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COUNTERCLAIMS II-V;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*ESG Capital Partners, LP v. Stratos*,
  2013 WL 12131355 (C.D. Cal. June 26, 2013) ............................................................. 13

*Finato v. Keith Fink & Assocs.*,
  2017 WL 7202104 (C.D. Cal. Jan. 19, 2017) ................................................................. 10

*Gossage v. Terril*,
  2012 WL 12874960 (W.D. Wash. Nov. 8, 2012) .............................................................. 7

*Graham-Sult v. Clainos*,
  719 F. App'x 562 (9th Cir. 2017) .................................................................................. 11

*Henderson v. Gruma Corp.*,
  2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ................................................................ 14

*Hernandez v. Specialized Loan Servicing, LLC*,
  2015 WL 1401784 (C.D. Cal. Mar. 23, 2015) ............................................................... 15

*Howe Invs. Ltd. v. Quarles & Brady LLP*,
  2017 WL 1062546 (S.D. Cal. Mar. 21, 2017) ............................................................. 5, 8

*Hudson Ins. Co. v. Hilton*,
  2018 WL 8333421 (C.D. Cal. Sept. 27, 2018) ............................................................... 11

*Hunter v. Citibank, N.A.*,
  2010 WL 2509933 (N.D. Cal. Feb. 3, 2010) ................................................................... 5

*Hurst v. U.S. Dep't of Educ.*,
  901 F.2d 836 (10th Cir. 1990) ........................................................................................ 9

*Jojola v. Am. Pac. Corp.*,
  2014 WL 6473637 (D. Nev. Nov. 18, 2014) ................................................................. 16

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...................................................................................... 12

*Lee v. Haney*,
  54 P.3d 334 (Cal. 2015) ............................................................................................... 10

*Leonov v. JPMorgan Chase Bank*,
  2016 WL 10956509 (C.D. Cal. Sept. 16, 2016) ............................................................ 15

*Levinson v. Transunion LLC*,
  2016 WL 3135642 (C.D. Cal. June 2, 2016) ................................................................. 12

*United States ex rel. Mei Ling v. City of Los Angeles*,
   2018 WL 3814498 (C.D. Cal. July 25, 2018)...................................................8

*United States ex rel. Mei Ling v. City of Los Angeles*,
   2019 WL 3213581 (C.D. Cal. July 15, 2019)...................................................2

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986) ..........................................................................7

*Mosier v. Stonefield Josephson, Inc.*,
   2013 WL 4859635 (C.D. Cal. July 30, 2013)..................................................6

*Mosier v. Stonefield Josephson, Inc.*,
   815 F.3d 1161 (9th Cir. 2016) .......................................................................15

*Rooney v. Sierra Pac. Windows*,
   2011 WL 5034675 (N.D. Cal. Oct. 11, 2011) ...............................................15

*Rubio v. Capital One Bank*,
   613 F.3d 1195 (9th Cir. 2010) .......................................................................14

*Silver v. Hamrick & Evans, LLP*,
   2019 WL 988686 (C.D. Cal. Jan. 4, 2019)....................................................9

*In re Softwaire Int'l, Inc.*,
   1991 WL 519727 (C.D. Cal. June 5, 1991)..................................................11

*Spieron, Inc. v. Americanized Benefit Consultants, Ltd.*,
   2018 WL 6844719 (C.D. Cal. Oct. 22, 2018) ..............................................12

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ..........................................................................4

*Stoba v. Saveology.com, LLC*,
   2014 WL 3573404 (S.D. Cal. July 18, 2014) ...............................................13

*TC Rich, LLC v. Pacifica Chem. Inc.*,
   2015 WL 12532176 (C.D. Cal. Oct. 9, 2015) .................................................6

*Unispec Dev. Corp. v. Harwood K. Smith & Partners*,
   124 F.R.D. 211 (D. Ariz. 1988)......................................................................9

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .......................................................................12

*Village Nurseries, L.P. v. Greenbaum,*
    123 Cal. Rptr. 2d 555 (Cal. Ct. App. 2002)................................................................7, 8

**Statutes**

Cal. Bus. & Prof. Code § 17204 ........................................................................... 13

Cal. Civ. Proc. Code § 340.6 ................................................................................ 5

**Other Authorities**

Fed. R. Civ. P. 8 .................................................................................................... 13

Fed. R. Civ. P. 9 ............................................................................................. 12, 13

Fed. R. Civ. P. 12 .................................................................................................. 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

For nearly seven years, the Relman Firm worked tirelessly to advance Mei Ling's interests in a False Claims Act lawsuit she filed against the City of Los Angeles and its Community Redevelopment Agency. In December 2016, Ms. Ling learned that the government was poised to intervene in that lawsuit, all but guaranteeing her a substantial monetary recovery. In response, she abruptly fired the Relman Firm, claimed that her years-old fee agreement with the firm was void, and falsely accused the Relman Firm of breaching its fiduciary duties to her.

The Relman Firm filed this lawsuit in March 2018, seeking (among other relief) a declaratory judgment that Ms. Ling was required to abide by the terms of her fee agreement with the Relman Firm and pay one-third of any monetary recovery she obtained in that case. After Ms. Ling's motion to dismiss was denied, she retaliated against the Relman Firm by asserting counterclaims accusing the firm of professional negligence and acting against her interests. These counterclaims are defective, and this Court should dismiss them.

As a threshold matter, Ms. Ling's claims for professional negligence and breach of fiduciary duty are barred by the applicable one-year statute of limitations period. To the extent these claims have merit—and they do not—Ms. Ling's own allegations and court filings confirm that she had notice of these alleged claims long ago. Her decision to wait years to assert them means that they should be dismissed.

Ms. Ling's breach-of-fiduciary duty, Unfair Competition Law, and unjust enrichment claims suffer from additional defects. These claims are predicated on Ms. Ling's conclusory allegation that the Relman Firm represented clients with interests adverse to Ms. Ling, but Ms. Ling offers no factual allegations about what other clients the Relman Firm represented, how their interests were adverse to Ms. Ling's, or how the Relman Firm acted contrary to her interests. Ms. Ling also fails to allege facts showing that she suffered any harm, that any alleged harm resulted from the Relman Firm's

1

RELMAN, DANE & COLFAX PLLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COUNTERCLAIMS II-V;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

actions, or that she conferred any benefit on the Relman Firm, as she must to plead the damage, causation, and loss elements of these claims.

For these reasons, this Court should dismiss Amended Counterclaims II-V.

## BACKGROUND

### A.    Defendants Hire the Relman Firm To Prosecute the False Claims Act Case, and the Firm Obtains a Monumental Result.

In December 2010, Ms. Ling hired the Relman Firm to file a False Claims Act lawsuit against the City of Los Angeles and its Community Redevelopment Agency. Compl. ¶ 3. Ms. Ling executed a retainer agreement with the Relman Firm, which generally provided that the Relman Firm is entitled to receive one-third of any recovery that Ms. Ling obtains in the False Claims Act case. *See id.*

Over the next six years, the Relman Firm diligently litigated the False Claims Act case on Ms. Ling's behalf. This work included analyzing documents provided by Ms. Ling, factual and legal research, preparing the False Claims Act complaint, and drafting a lengthy "disclosure statement" and supporting declaration, which the Firm provided to the Department of Justice. *Id.* ¶¶ 29-31. The Relman Firm also interacted with Department of Justice lawyers to provide additional factual material and analysis in an effort to persuade the United States to intervene in the case. *Id.* ¶¶ 32-33.

The Relman Firm's efforts led to—in the words of one of the attorneys for Ms. Ling who later supplanted the Relman Firm—a "monumental" result. *Id.* ¶ 7; *see also id.* ¶ 42. In 2017, the United States announced its intention to intervene in the False Claims Act case. *Id.* ¶ 38. The government's intervention all but ensures a monetary recovery for Ms. Ling: when the government intervenes in False Claims Act cases, its success rate is greater than 90 percent. *Id.* ¶ 43. Indeed, after the City and its Community Redevelopment Agency failed in their attempt to dismiss the False Claims Act case, *see United States ex rel. Mei Ling v. City of Los Angeles*, 2019 WL 3213581 (C.D. Cal. July 15, 2019) (order denying motion to dismiss), the government and the Community Redevelopment Agency announced a settlement. *See United States ex rel. Mei Ling v.*

*City of Los Angeles*, No. 2:11-cv-00974, ECF No. 276-1 (C.D. Cal. Sept. 6, 2019) (proposed settlement agreement). Under the proposed agreement, Ms. Ling stands to recover a share of a more than $3,100,000 settlement, *id.*, in addition to a portion of whatever recovery the United States might obtain from the City.

**B.      Ms. Ling Unlawfully Terminates the Retainer Agreement, Prompting This Lawsuit to Reinstate the Agreement.**

In late 2016, when the government was poised to intervene in the False Claims Act case, Department of Justice lawyers contacted the Relman Firm to discuss "the status of the settlement discussions and to discuss relator's share." Compl. ¶ 45. Upon learning that monetary recovery was virtually certain, Ms. Ling abruptly informed the Relman Firm in December 2016 that she had no intention of honoring her fee agreement. *Id.* ¶¶ 46-48.

The Relman Firm responded by filing this action against both Ms. Ling and the Fair Housing Council of San Fernando Valley ("FHC"), which also attempted to unlawfully terminate its fee agreement with the Relman Firm. The Relman Firm seeks a declaration "that the Agreement[] remain[s] in full force and effect and that . . . Ms. Ling [is] obliged to comply with [it]." *Id.* ¶ 63.

**C.      This Action Transfers to This Court and Ms. Ling Asserts Counterclaims.**

Although the Relman Firm initially filed suit in the United States District Court for the District of Columbia, this case was transferred to this Court. After her motion to dismiss was denied and the case was transferred, Ms. Ling filed a counterclaim seeking a declaratory judgment about the terms of her fee agreement with the Relman Firm. Ling's First Am. Answer, Affirm. Defenses, & Countercls. ¶¶ 80-102, ECF No. 85 (hereinafter "Am. Countercls.). That counterclaim is not at issue in this motion.

In addition, Ms. Ling asserted a counterclaim accusing the Relman Firm of professional negligence. This counterclaim is essentially copied-and-pasted from a similar counterclaim previously asserted by the FHC. *Compare* ECF No. 63, ¶¶ 105-120,

*with* Am. Countercls. ¶¶ 103-117. The thrust of this counterclaim is that the Relman Firm should have filed a complaint in the False Claims Act case accusing the City and its Community Redevelopment Agency of violating federal law from 2001. The FHC later voluntarily dismissed this counterclaim. ECF No. 73. Ms. Ling has not.

Ms. Ling also asserted claims for breach of fiduciary duty, violation of California's Unfair Competition Law, and unjust enrichment, but she provides virtually no factual allegations to support these claims. Am. Countercls. ¶¶ 118-131. For example, Ms. Ling accuses the Relman Firm of "breach[ing] the duty of an attorney not to represent clients with interests conflicting with Ling's," *id.* ¶ 121, but she fails to plead facts identifying *who* the Relman Firm allegedly represented or how their interests allegedly conflicted with her own. Similarly, Ms. Ling's unjust enrichment claim asserts that the Relman Firm "knowingly took actions against Ling's interests," *id.* ¶ 130, without providing any supporting details. And although Ms. Ling asserts that she has suffered harm as a result of these actions, she never identifies what harm she allegedly suffered or how the Relman Firm allegedly caused that alleged harm. *See, e.g.*, *id.* ¶¶ 122, 123, 127.

### LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint that fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion-to-dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). But a court need not accept as true conclusory allegations, "unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678.

**ARGUMENT**

**I.    Ms. Ling's Claim for Professional Negligence Is Time-Barred.**

In California, an action for professional negligence against an attorney is subject to a one-year limitations period.[1] *See* Cal. Civ. Proc. Code § 340.6(a) ("An action against an attorney for a wrongful act or omission . . . arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission . . . ."); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1519 (9th Cir. 1985) ("Section 340.6 provides a one-year limitation period for an action against an attorney for a wrongful act or omission arising in the performance of professional services."). Ms. Ling's professional negligence claim—which lacks any substantive merit—should be dismissed now because she knew or should have known of her alleged claim more than one year before she first asserted this claim in October 2019.

To determine whether the plaintiff knew or should have known of an alleged wrongful act or omission, the test is "whether the plaintiff has information of circumstances sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation." *Hunter v. Citibank, N.A.*, 2010 WL 2509933, at *9 (N.D. Cal. Feb. 3, 2010) (quotation marks omitted). The touchstone of this discovery rule is "suspicion of wrongdoing." *Howe Invs. Ltd. v. Quarles & Brady LLP*, 2017 WL 1062546, at *5 (S.D. Cal. Mar. 21, 2017). This means that "the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to

---

[1] For purposes of this motion, the Relman Firm assumes but does not concede that California law applies to Ms. Ling's counterclaims for professional negligence, breach of fiduciary duty, violations of the UCL, or for unjust enrichment. The Relman Firm reserves the right to argue at a later date that any of Ms. Ling's counterclaims, including her counterclaim for declaratory relief, are governed by the District of Columbia choice-of-law provision in her retainer agreement.

her." *Bergstein v. Stroock & Stroock & Lavan LLP*, 187 Cal. Rptr. 3d 36, 56 (Cal. Ct. App. 2015); *see also TC Rich, LLC v. Pacifica Chem. Inc.*, 2015 WL 12532176, at *7 (C.D. Cal. Oct. 9, 2015) ("For purposes of accrual of the limitations period, inquiry notice can be triggered by suspicion."); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2015 WL 12778355, at *14 (C.D. Cal. Oct. 23, 2015) ("[T]he plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof—when, simply put, he at least 'suspects . . . that someone has done something wrong' to him, 'wrong' being used, not in any technical sense, but rather in accordance with its 'lay understanding.'").

Ms. Ling's professional negligence claim[2] is based on her belief that her False Claims Act complaint should have asserted claims for ten years' worth of violations, not six years' worth of violations. Am. Countercls. ¶ 109. Specifically, Ms. Ling alleges that when the Relman Firm filed the False Claims Act complaint on February 1, 2011, it "should have alleged claims back to February 1, 2001," *id.* ¶ 112; by seeking damages to only February 1, 2005, the Relman Firm essentially forfeited four years' worth of damages that Ms. Ling might otherwise have sought.

Under Ms. Ling's theory, the alleged "wrongful act or omission" therefore occurred when the Relman Firm filed the relator complaint on February 1, 2011, and Ms. Ling's claims would have accrued on that date. Because the alleged conduct on which Ms. Ling's claim is based occurred more than eight years ago, her claims are time-barred unless she

---

[2] "The elements of a cause of action for professional negligence are (1) the existence of the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional negligence." *Mosier v. Stonefield Josephson, Inc.*, 2013 WL 4859635, at *3 (C.D. Cal. July 30, 2013).

can establish that the statute of limitations was tolled or that she filed her claim within one year after she discovered or should have discovered the alleged negligence.

Ms. Ling cannot do so. Her sworn statements, allegations, and court filings, both in this proceeding and in the underlying False Claims Act case, demonstrate that she discovered or should have discovered the conduct of which she complains more than a year before filing her counterclaim for professional negligence.[3]

In a declaration in support of her motion to dismiss the Relman Firm's complaint in this case, Ms. Ling testified that she suspected (wrongly) that the Relman Firm had failed to provide her with "zealous representation" as early as September 2012. Decl. of Mei Ling ¶ 20, ECF No. 22-2 ("Ling Decl."). In the same time period, Ms. Ling obtained new counsel—Scott Moore of Holm LLP—who agreed to represent her in the False Claims Act case and evidently provided his own assessment of the Relman Firm's representation. *See id.* ¶ 21 (recounting Mr. Moore's recommendation regarding Ms. Ling's retention of the Relman Firm). That Ms. Ling sought advice of other counsel regarding the Relman Firm's representation of her shows that she was "on notice of the facts constituting [the] acts or omissions" on which her claim is based. *Village Nurseries, L.P. v. Greenbaum*, 123 Cal. Rptr. 2d 555, 568 (Cal. Ct. App. 2002) (client was on notice of former attorneys' alleged wrongful acts when new counsel provided assessment of former counsel's legal advice).

---

[3] This Court may take judicial notice of Ms. Ling's prior filings for the purpose of assessing the timeliness of her claims, and the Relman Firm has concurrently with this motion filed a separate request for judicial notice. As a general matter, "[o]n a motion to dismiss, [the court] may take judicial notice of matters of public record outside the pleadings," including a party's prior court filings. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of motion to dismiss and memorandum filed in earlier lawsuit by counsel for plaintiff). Thus, this Court may take notice of a party's prior court filings that indicate the party's discovery of the basis of her claim. *See Gossage v. Terril*, 2012 WL 12874960 (W.D. Wash. Nov. 8, 2012) (taking judicial notice of complaint filed in a prior action to conclude that plaintiff's claim was time-barred).

Ms. Ling's later communications with the Relman Firm likewise show that she continued to suspect alleged wrongdoing into 2016. In December 2016, Ms. Ling sent an email to the Relman Firm in which she terminated the attorney-client relationship and purported to void her retainer agreement. *See* ECF No. 26-8, at 2. In that email, Ms. Ling wrote: "[I]t is evident that Relman, Dane & Colfax has not been honest; has not provided me a zealous representation (including in CV11-7774); has never fully protected my rights and interests – where I have no trust or confidence in your firm." *Id.* Ms. Ling's email further indicated that Mr. Moore and his firm would continue to represent her in the False Claims Act case and asked the Relman Firm to send her documents and files to Mr. Moore. *Id.* at 2-3. Ms. Ling's email plainly evidences her "suspicion of wrongdoing," which gave her "an incentive to sue." *Howe*, 2017 WL 1062546, at *5.

Finally, the parties in the False Claims Act case identified precisely the same limitations issue on which Ms. Ling bases her professional negligence claim years ago, which further put Ms. Ling on notice of her alleged claim. In November 2017, the Community Redevelopment Agency moved to dismiss the government's intervenor complaint, in part, on statute of limitations grounds. *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974, ECF No. 130 (C.D. Cal. Nov. 13, 2017). Specifically, that motion argued that because "the Relators' Complaint did not allege any violations pre-dating February 1, 2005," the government could not pursue claims based on violations occurring before that date. *Id.* at 18. In its July 2018 ruling on that motion, this Court likewise noted that "the Government's FCA claims only apply to conduct occurring since February 1, 2005." *United States ex rel. Mei Ling v. City of Los Angeles*, 2018 WL 3814498, at *23 (C.D. Cal. July 25, 2018).

Plainly, Ms. Ling knew or should have known of her claim for professional negligence when she terminated the Relman Firm in December 2016, when the Community Redevelopment Agency raised a statute-of-limitations defense in November 2017, or when this Court limited the government's claims in July 2018. Because she waited until October 2019 to assert that claim, her claim is barred by section 340.6(a)'s

one-year limitation period. *See Silver v. Hamrick & Evans, LLP*, 2019 WL 988686, at *4 (C.D. Cal. Jan. 4, 2019) (dismissing professional negligence claim as time-barred where "Plaintiff's allegations indicate that actual injury and discovery (or at least constructive discovery) of that injury occurred" more than one year before the claim asserted).

It makes no difference that Ms. Ling waited to assert her professional negligence claim as a *counterclaim* in this case. As a general matter, "counterclaims [are] subject to the applicable statute of limitations." *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 2007 WL 608009, at *9 (N.D. Cal. Feb. 23, 2007). Here, Ms. Ling's prior statements and court-filings confirm that the statute of limitations had expired by the time that the Relman Firm filed this lawsuit in March 2018; they certainly did so well before October 2019 when Ms. Ling first filed her counterclaims. And because Ms. Ling seeks affirmative relief, her counterclaims "do not relate back to the filing of the complaint" for statute-of-limitations purposes. *Almont Ambulatory Surgery Ctr.*, 2015 WL 12778355, at *13; *see also Hurst v. U.S. Dep't of Educ.*, 901 F.2d 836, 837 (10th Cir. 1990) ("It is fairly well established under [general principles of federal limitations law] that a counterclaim for affirmative relief . . . is subject to the operation of pertinent statutes of limitation."); *Allegro Corp. v. Only New Age Music, Inc.*, 2003 WL 23571745, at *17 (D. Or. Jan. 23, 2003) ("[C]ounterclaims [that] are for affirmative relief . . . do not relate back to the filing of the complaint."); *Unispec Dev. Corp. v. Harwood K. Smith & Partners*, 124 F.R.D. 211, 214 (D. Ariz. 1988) ("It is well established that an affirmative counterclaim may not be instituted after the applicable period of the statute of limitations has expired since such claims are regarded as an independent cause of action.").

## II.   Ms. Ling's Claim for Breach of Fiduciary Duty Should Be Dismissed.

### A.   Ms. Ling's Breach of Fiduciary Duty Claims Is Also Time-Barred.

Ms. Ling's breach-of-fiduciary duty claim is subject to the same one-year limitations period that governs her professional negligence claim. "[S]ection 340.6(a)'s time bar applies to claims whose merits necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services. In this

9

context, a 'professional obligation' is an obligation that an attorney has by virtue of being an attorney, such as fiduciary obligations . . . ." *Lee v. Haney*, 54 P.3d 334, 341 (Cal. 2015); *see also Finato v. Keith & Fink & Assocs.*, 2017 WL 7202104, at *4 (C.D. Cal. Jan. 19, 2017) ("[T]he statute of limitations on malpractice also applies to attorneys' breach of fiduciary duty absent actual fraud."). In other words, this claim is barred if Ms. Ling knew or should have known about any alleged breach of fiduciary duty one year before October 2019, when Ms. Ling first asserted this claim.

Once again, Ms. Ling's communications with the Relman Firm and her court filings confirm that she and her attorneys had notice of any such claim well before October 2018. In the same December 2016 email to the Relman Firm described above, Ms. Ling falsely accused the Relman Firm of "using [her] work product to benefit [the Relman Firm]'s and *others' interests* ahead of [her] interests." ECF No. 26-8 at 2 (emphasis added). Nearly eight months later, in an August 2017 filing in the False Claims Act case, Ms. Ling falsely asserted that the Relman Firm had "breached its fiduciary duty to Ling," and she claimed that the Relman Firm "forfeited any fee to which it may have been entitled by breaching its fiduciary duty to Ms. Ling."[4] *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974, ECF No. 103, at 2-4 (C.D. Cal. Aug. 4, 2017). Later, in a June 2018 motion to dismiss filed in this case, Ms. Ling again contended that "conflicts of interests [sic] arose in connection with [the Relman Firm's] representation of multiple parties in multiple lawsuits venued in California's Central District." ECF No. 22-1 at 28; *see also* Ling Decl. ¶¶ 22-23 (Ms. Ling's declaration calling into question the Relman Firm's representation of other clients and accusing the Relman Firm of "undermin[ing] the value of [her] FCA litigation and fail[ing] to represent [her] interests").

---

[4] Ms. Ling admits as much in her answer in this case. Am. Countercls. ¶ 9 ("Ling admits the August 2017 court filing that includes, in part, a statement that 'the Relman Firm . . . forfeited any fee to which it may have been entitled by breaching its fiduciary duty to Ms. Ling.'").

In short, even if Ms. Ling had a viable breach-of-fiduciary-duty claim against the Relman Firm—and she does not—her years of public accusations confirm that she has waited too long to assert such a claim.

### B.      Ms. Ling Fails to State a Claim for Breach of Fiduciary Duty.

Ms. Ling's breach-of-fiduciary duty claim should be dismissed for the independent reason that she has failed to plead the breach, causation, and damages elements of this claim. Under California law, "[t]he elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Graham-Sult v. Clainos*, 719 F. App'x 562, 567 (9th Cir. 2017).

Although Ms. Ling baldly asserts that the Relman Firm "breached the duty of an attorney not to represent clients with interests conflicting with Ling's," Am. Countercls. ¶ 121, she pleads no facts in support of this conclusory allegation. For example, Ms. Ling does not identify what other clients the Relman Firm represented besides her. Nor does Ms. Ling allege how those clients had interests that conflicted with her interests, much less that the Relman Firm breached duties owed to her.[5] Ms. Ling's threadbare allegations are not sufficient to plead the breach element of a fiduciary-duty claim. *See Hudson Ins. Co. v. Hilton*, 2018 WL 8333421, at *2 (C.D. Cal. Sept. 27, 2018) (dismissing breach of fiduciary duty claim where plaintiff "does not plead facts to support that [defendant] breached its limited duty owed to the [plaintiff]"); *In re Softwaire Int'l, Inc.*, 1991 WL 519727, at *5 (C.D. Cal. June 5, 1991) (dismissing "claim for breach of fiduciary duty based on fraudulent concealment . . . because [plaintiff] fails to either plead or present any facts constituting concealment").

---

[5] Nor could Ms. Ling responsibly make such allegations. On February 22, 2011, the Relman Firm disclosed potential conflicts of interest to Ms. Ling, which Ms. Ling signed indicating that she consented to the Relman Firm's representation "notwithstanding the potential conflicts of interests."

11

Similarly, Ms. Ling baldly asserts that the Relman Firm's "representation of clients with interests conflicting with Ling's was a substantial factor in causing Ling's harm." Am. Countercls. ¶ 123. But Ms. Ling does not allege facts identifying what damage or loss she suffered. Because she offers no factual allegations supporting her alleged harm, Ms. Ling also has not satisfied the damages element of her fiduciary duty claim. *See Spieron, Inc. v. Americanized Benefit Consultants, Ltd.*, 2018 WL 6844719, at *3 (C.D. Cal. Oct. 22, 2018) (dismissing breach-of-fiduciary-duty claim because where plaintiff never "actually plead[ed] what amounts, if any, [it] had to pay" or "what costs, if any, [it] incurred," and allegation that plaintiff "was and continues to be damaged in an amount according to proof" is a legal conclusion that the court need not accept as true); *Levinson v. Transunion LLC*, 2016 WL 3135642, at *5 (C.D. Cal. June 2, 2016) ("Plaintiffs provide no factual support for the conclusion that they have suffered actual damages. Plaintiffs' claim of actual injury is the type of 'label and conclusion' that is insufficient to state a claim.").

## III. Ms. Ling's Claim Under the UCL Should Be Dismissed.

Although Ms. Ling accuses the Relman Firm of violating the UCL, she devotes just three conclusory paragraphs to that claim. *See* Am. Countercls. ¶¶ 125-127. For two principal reasons, the UCL claim should be dismissed.

### A. Ms. Ling Fails to Plead a UCL Violation.

Although Ms. Ling accuses the Relman Firm of engaging in "business acts or practices that were unlawful, unfair, or deceptive, or misleading," Am. Countercls. ¶ 126, this is a mere "[t]hreadbare recital[] of the elements of a cause of action," and it does "not suffice" to state a claim. *Iqbal*, 556 U.S. at 67. This is especially true with respect to Ms. Ling's attempt to assert a claim under the UCL's fraudulent act prong. Such claims are subject to Rule 9(b)'s heightened pleading requirements, but Ms. Ling has made no attempt to allege the "'the who, what, when, where, and how' of the misconduct charged," which Rule 9(b) requires. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)

12

RELMAN, DANE & COLFAX PLLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COUNTERCLAIMS II-V;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.").

The closest Ms. Ling comes to asserting a claim under the UCL's unlawful or unfair prongs is her allegation that "Relman took actions detrimental to Ling's interests" "[i]n its representation of clients with interests conflicting with Ling's," Am. Countercls. ¶ 126, but this allegation is insufficient. As with Ms. Ling's breach-of-fiduciary-duty claim, Ms. Ling does not allege facts demonstrating who these other clients were, how their interests supposedly conflicted with Ms. Ling's interests, or what the Relman Firm allegedly did that was "detrimental to Ling's interests." Without these allegations, Ms. Ling has not given the Relman Firm the notice of her claim that Rule 8 requires, meaning her claim should be dismissed. *See CLM Props., Inc. v. SimmonsCooper LLC*, 2008 WL 11422124, at *6 (C.D. Cal. Jan. 8, 2008) (dismissing fraud and derivative UCL claim against attorneys for failing to plead sufficient facts); *ESG Capital Partners, LP v. Stratos*, 2013 WL 12131355, at *6 (C.D. Cal. June 26, 2013) (dismissing UCL claim against law firm where plaintiff's complaint was "devoid of facts" supporting claim).

### B.  Ms. Ling Fails to Allege Any Harm Caused by Any UCL Violation.

The UCL claim fails for the separate reason that Ms. Ling has failed to allege that she "has lost money or property *as a result* of the" Relman Firm's purported UCL violations, as she must to have statutory standing to assert her UCL claim. Cal. Bus. & Prof. Code § 17204 (emphasis added).

For example, Ms. Ling does not allege what harm she has suffered. Instead, she asserts in conclusory fashion that she "was harmed," Am. Countercls. ¶ 127, without pleading facts establishing that she "has lost money or property," as the UCL requires. *See Stoba v. Saveology.com, LLC*, 2014 WL 3573404, at *5 (S.D. Cal. July 18, 2014) (dismissing UCL claim where plaintiffs "fail[ed] to direct this Court's attention to any allegations in the complaint that provide any facts plausibly demonstrating lost money or property"); *Bontrager v. Showmark Media LLC*, 2014 WL 12600201, at *9 (C.D. Cal.

13

June 20, 2014) ("Absent an explanation as to the types of alleged injury [plaintiff] suffered caused economic harm, [plaintiff]'s UCL . . . claim[] must be dismissed."). Ms. Ling's vague allegation that she "was harmed by [the Relman Firm's] conduct," Am. Countercls. ¶ 127, is not enough to state a UCL claim, because damages for economic harm are "exactly the sort of damages that cannot be achieved via a UCL claim." *Cochran Firm, P.C. v. Cochran Firm Los Angeles, LLP*, 2016 WL 6023822, at *11 (C.D. Cal. Aug. 18, 2016) (Gutierrez, J.).

Ms. Ling's request for "disgorgement," Am. Countercls. ¶ 127, further highlights that she has not alleged the damages element of her UCL claim. "The California Supreme Court has held that nonrestitutionary disgorgement is unavailable in either an individual or representative action under the UCL." *Cheverez v. Plains All Am. Pipeline, LP*, 2016 WL 4771883, at *3 (C.D. Cal. Mar. 4, 2016) (Gutierrez, J.). Restitutionary disgorgement "focuses on the plaintiff's loss," whereas nonrestitutionary disgorgement "focuses on the defendant's unjust enrichment." *Chowning v. Kohl's Dep't Stores, Inc.*, 733 F. App'x 404, 406 (9th Cir. 2018) (quotation marks omitted); *see also Henderson v. Gruma Corp.*, 2011 WL 1362188, at *8 (C.D. Cal. Apr. 11, 2011) (restitutionary disgorgement encompasses only "money taken from the victims," whereas nonrestitutionary disgorgement encompasses "money obtained from third parties"*)*. Ms. Ling's UCL claim impermissibly seeks nonrestitutionary damages because she demands "disgorgement of *any* profits or monies wrongfully earned by Relman," Am. Countercls. ¶ 127 (emphasis added), and fails to include a single allegation that the Relman Firm received money *from her* rather than a third party. Because nonrestitutionary disgorgement—for money obtained from third parties—is unavailable under UCL and Ms. Ling does not allege that any money was taken from her, her UCL claim fails as a matter of law.

Even if Ms. Ling had alleged that she had "lost money or property"—and she has not—she has not alleged the requisite "causal connection" between the Relman Firm's "alleged UCL violation and her injury in fact." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010). Ms. Ling alleges only that she "was harmed by Relman's

14

RELMAN, DANE & COLFAX PLLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COUNTERCLAIMS II-V; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

conduct," but the Amended Counterclaim lacks any factual allegations establishing why this is so. Such a "mere allegation of causation" is not sufficient. *Rooney v. Sierra Pac. Windows*, 2011 WL 5034675, at *11 (N.D. Cal. Oct. 11, 2011); *see also Hernandez v. Specialized Loan Servicing, LLC*, 2015 WL 1401784, at *6 (C.D. Cal. Mar. 23, 2015) ("As [plaintiff] has not shown a causal connection between lost money or property and her UCL injury, the Court would once again find that she has failed to establish standing.").

### IV.   Ms. Ling's Unjust Enrichment Claim Should Be Dismissed.

For three reasons, Ms. Ling fails to state a claim for unjust enrichment.

First, "[a]s a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights." *Mosier v. Stonefield Josephson, Inc.*, 815 F.3d 1161, 1172 (9th Cir. 2016). In this case, the relationship between the Relman Firm and Ms. Ling is governed by the retention agreement. As Ms. Ling admits elsewhere in her Amended Counterclaims, she "employed . . . Relman on December 8, 2010 under a contingency fee contract (Agreement) to represent Ling in an FCA suit to be commenced against the" City and the Community Redevelopment Agency. Am. Countercls. ¶ 80. That agreement governs the subject matter of this dispute: the terms under which the Relman Firm is entitled to compensation for the excellent work it provided Ms. Ling.

Second, although California law requires a party asserting an unjust enrichment claim to allege that she "conferred a benefit upon [the] defendant," *Leonov v. JPMorgan Chase Bank*, 2016 WL 10956509, at *7 (C.D. Cal. Sept. 16, 2016), Ms. Ling has not alleged facts demonstrating that she conferred any such benefit on the Relman Firm. To be sure, Ms. Ling adds a conclusory assertion that Relman Firm "has received a benefit at the expense of Ling," Am. Countercls. ¶ 129, but she does not identify what this benefit is. Nor could she, because it does not exist. As Ms. Ling admits elsewhere, she entered into a contingency fee arrangement with the Relman Firm. Am. Countercls. ¶ 27; *see also id.* ¶ 80. The Relman Firm has received no payment from Ms. Ling in the False Claims

15

RELMAN, DANE & COLFAX PLLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COUNTERCLAIMS II-V; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Act action: the government's claims against the City remain pending, and Ms. Ling has opposed any effort by the Relman Firm to assert a fee claim in connection with the government's settlement with the Community Redevelopment Agency. *See United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974, ECF No. 315-1, at 3-4 (C.D. Cal. Dec. 10, 2019) ("[O]n or about May 20, 2019, Ling indicated in writing that she, as one of the Relman Firm's prior clients, did not want the Relman Firm to recover any attorney's fees and costs from CRA/LA.").

Third, even if Ms. Ling had alleged that she conferred a benefit on the Relman Firm, she fails to allege facts establishing that it would have been unjust for the Relman Firm to retain it. To recover for unjust enrichment, it must be shown that the "defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct." *Abu–Lughod v. Calis*, 2014 WL 12589324, at *4 (C.D. Cal. Oct. 9, 2014). No such allegations appear in the Amended Counterclaims.[6]

Nor would it be unjust for the Relman Firm to retain any benefit it might have received from Ms. Ling. The Relman Firm worked tirelessly for nearly seven years to advance Ms. Ling's False Claims Act case, both by investigating the factual allegations and developing the legal theories essential to the success of that action. *See* Compl. ¶¶ 29-39. The Relman Firm did so even though it was not guaranteed any compensation for its efforts. *See* Compl. ¶ 4. Even Ms. Ling admits that the Relman Firm's work included providing the government with critical evidence. *See* Compl. ¶ 36; Am. Countercls. ¶ 36. As a direct result of the Relman Firm's efforts, the government intervened—which the government does in fewer than 25% of all False Claims Act cases

---

[6] Although Ms. Ling asserts that Relman "knowingly took actions against Ling's interests," Am. Countercls.¶ 130, she fails to allege what these alleged actions were. Such a conclusory allegation cannot establish that it would be unjust for the Relman Firm to retain any benefit it had received. *See Jojola v. Am. Pac. Corp.*, 2014 WL 6473637, at *4 (D. Nev. Nov. 18, 2014) (a "single conclusory allegation . . . regarding unjust enrichment . . . does not show that defendant has and retains a benefit which in equity and good conscience belongs to the plaintiffs"), *aff'd*, 678 F. App'x 618 (9th Cir. 2017).

1
2
3

that have been filed. *See* Compl. ¶ 40. It is unsurprising that Ms. Ling's current attorneys called the government's intervention a "monumental" result. *Id.* ¶ 7. Plainly, it cannot be unjust for the Relman Firm to retain any benefit it received under these circumstances.

## <u>CONCLUSION</u>

4
5
6
7
8

For the foregoing reasons, Ms. Ling's counterclaims for professional negligence, breach of fiduciary duty, violation of the UCL, and unjust enrichment should be dismissed. Because Ms. Ling has already filed an amended version of her counterclaims, any dismissal should be with prejudice.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3    DATED: December 18, 2019        COVINGTON & BURLING LLP

4

5

6                                    By: /s/ Ryan H. Weinstein
                                         RYAN H. WEINSTEIN
7                                        BENJAMIN J. RAZI
                                         ANDREW SOUKUP
8                                        STEVEN WINKELMAN

9
                                     Attorneys for Plaintiff/Counter-Defendant
10                                   RELMAN, DANE & COLFAX PLLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28