1   Ryan H. Weinstein (Bar No. 240405)
2    rweinstein@cov.com
    COVINGTON & BURLING LLP
3   1999 Avenue of the Stars, Suite 3500
    Los Angeles, California 90067-4643
4   Telephone: + 1 (424) 332-4800
    Facsimile: + 1 (424) 332-4749
5

6   Benjamin J. Razi (admitted *pro hac vice*)
7    brazi@cov.com
    Andrew Soukup (admitted *pro hac vice*)
8    asoukup@cov.com
    Steven Winkelman (admitted *pro hac vice*)
9    swinkelman@cov.com
    COVINGTON & BURLING LLP
10  One CityCenter
11  850 Tenth Street, NW
    Washington, DC 20001-4956
12  Telephone: + 1 (202) 662-6000
13

14  *Attorneys for Plaintiff / Counter-Defendant*
15  RELMAN, DANE & COLFAX PLLC

16              UNITED STATES DISTRICT COURT
17         FOR THE CENTRAL DISTRICT OF CALIFORNIA
18                    WESTERN DIVISION
19

20
21  RELMAN, DANE & COLFAX PLLC,          Case No. 2:19-cv-08612-PSG-JC
22         Plaintiff,
23                                       **RELMAN, DANE & COLFAX
        v.                               PLLC'S REQUEST FOR JUDICIAL
24                                       NOTICE IN SUPPORT OF ITS
                                         MOTION TO DISMISS**
25  FAIR HOUSING COUNCIL OF SAN
26  FERNANDO VALLEY AND MEI LING,        Hearing Date: February 24, 2020
                                         Hearing Time: 1:30 p.m.
27         Defendants.                   Judge: Honorable Phillip S. Gutierrez
                                         Courtroom 6A
28

---

RELMAN, DANE & COLFAX PLLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS

MEI LING,

      Counterclaimant,

      v.

RELMAN, DANE & COLFAX PLLC,

      Counter-Defendant.

### REQUEST FOR JUDICIAL NOTICE

Fed. R. Evid. 201(b) provides that, upon request, a court shall take judicial notice of facts "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." In support of its motion to dismiss, Plaintiff and Counter-Defendant Relman, Dane & Colfax PLLC (the "Relman Firm"), requests that the Court take judicial notice of three court filings by Mei Ling ("Ms. Ling") in this action and in the False Claims Act case, *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974; two other filings in the False Claims Act case, *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974; and an email sent by Ms. Ling that was previously entered into the record in this case. These documents show that Ms. Ling's counterclaims for professional negligence and breach of fiduciary duty are time-barred.

**Court Filings**. This Court should take judicial notice of the following court filings offered in support of its motion to dismiss, true and correct copies of which are attached to the declaration of Steven J. Winkelman filed concurrently herewith:

**Exhibit 1:** Declaration of Mei Ling in Support of Defendant Mei Ling's Motion to Dismiss or Transfer, ECF No. 22-2, for the proposition that Ms. Ling was on notice of the facts constituting the acts or omissions of her professional negligence counterclaim in 2012. *See* Winkelman Decl., Ex. 1 at ¶¶ 20-21.

**Exhibit 2:** Defendant Mei Ling's Memorandum of Points and Authorities in Support of Her Motion to Dismiss, ECF No. 22-1, for the proposition that Ms. Ling was on notice of the facts constituting the acts or omissions of her breach of fiduciary duty counterclaim no later than June 2018. *See* Winkelman Decl., Ex. 2 at 28.

**Exhibit 3:** Memorandum and Points & Authorities in Support of Mei Ling's Consent to Leave & Objection to Notice of Lien, filed August 4, 2017 in *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974, for the proposition that Ms. Ling was on notice of the facts constituting the acts or omissions of her breach of fiduciary duty counterclaim no later than August 2017. *See* Winkelman Decl., Ex. 3 at 2-4.

1

**Exhibit 4:** CRA/LA's Notice of Motion and Motion to Dismiss and Memorandum of Points and Authorities, filed November 13, 2017 in *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974, for the proposition that Ms. Ling was on notice of the facts constituting the acts or omissions of her professional negligence counterclaim in November 2017. *See* Winkelman Decl., Ex. 4 at 18.

**Exhibit 5:** Order Granting in Part and Denying in Part Defendant City of Los Angeles's Motion to Dismiss and Granting in Part and Denying in Part Defendant CRA/LA's Motion to Dismiss, entered July 25, 2018 in *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974, for the proposition that Ms. Ling was on notice of the facts constituting the acts or omissions of her professional negligence counterclaim no later than July 2018. *See* Winkelman Decl., Ex. 5 at 34.

"[M]atters of public record," such as court filings, are properly the subject of a request for judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of motion to dismiss and memorandum filed in earlier lawsuit by counsel for plaintiff); *see also Lawyers Funding Grp., LLC v. Harris*, 2015 WL 13298145, at *4 (C.D. Cal. Sept. 18, 2015) (taking judicial notice of court filings in another case). This includes a party's prior pleadings that indicate the party's discovery of the basis of her claim. *See Gossage v. Terril*, 2012 WL 12874960, at *3 (W.D. Wash. Nov. 8, 2012) (taking judicial notice of complaint filed in a prior action to conclude that plaintiff's claim was time-barred).

**Undisputed Email**. This Court should take judicial notice of the following undisputed email offered in support of its motion to dismiss, a true and correct copy of which is attached to the declaration of Steven J. Winkelman filed concurrently herewith:

**Exhibit 6:** December 19, 2016 email from Mei Ling to Michael Allen, John Relman, Scott Chang, and Jamie Crook, originally filed at ECF No. 26-8, for the proposition that Ms. Ling was on notice of the facts constituting the acts or omissions of her professional negligence and breach of fiduciary duty counterclaims no later than December 2016. *See* Winkelman Decl., Ex. 6 at 2-3.

This December 19, 2016 email terminating the Relman Firm as counsel in the FCA case is also appropriate for judicial notice. The fact that Ms. Ling made the statements contained in her December 19, 2016 email cannot be "subject to reasonable dispute." Fed. R. Evid. 201(b). Although the Relman Firm submitted an authenticated copy of this email in this case, Ms. Ling did not—and cannot—dispute its authenticity. *See Fernandes v. TW Telecom Holdings, Inc.*, 2016 WL 704723, at *3 (E.D. Cal. Feb. 23, 2016) (taking judicial notice of email where authenticity was not disputed). Ms. Ling's email was also referenced in the Relman Firm's Complaint. *See* Compl. ¶¶ 45-46. It also was implicitly referenced in Ms. Ling's Amended Counterclaims, because it is the communication Ms. Ling sent purporting to void her agreement with the Relman Firm. *See* Am. Countercls. ¶ 88 ("Ling has exercised her option to void the Agreement with Relman . . . ."). Judicial notice of this document therefore is proper. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (incorporation by reference doctrine extends "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint"); *Blissad v. FCA US LLC*, 2018 WL 6177295, at *2 n.2 (C.D. Cal. Nov. 9, 2018) (taking judicial notice of documents "implicitly incorporated by reference into the Complaint").

DATED:  December 18, 2019        COVINGTON & BURLING LLP


By: /s/ Ryan H. Weinstein
     RYAN H. WEINSTEIN
     BENJAMIN J. RAZI
     ANDREW SOUKUP
     STEVEN WINKELMAN

Attorneys for Plaintiff/Counter-Defendant
RELMAN, DANE & COLFAX PLLC

4