Ryan H. Weinstein (Bar No. 240405)
rweinstein@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Benjamin J. Razi (admitted *pro hac vice*)
brazi@cov.com
Andrew Soukup (admitted *pro hac vice*)
asoukup@cov.com
Steven Winkelman (admitted *pro hac vice*)
swinkelman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN, DANE & COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN, DANE & COLFAX PLLC,<br><br>Plaintiff,<br><br>v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>Defendants. | Case No. 2:19-cv-08612-PSG-JC<br><br>**RELMAN, DANE & COLFAX PLLC'S PARTIAL ANSWER AND AFFIRMATIVE DEFENSES TO MEI LING'S COUNTERCLAIMS**<br><br>Honorable Phillip S. Gutierrez<br>Courtroom 6A<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| 1 | MEI LING, |
| 2 | |
| 3 |     Counter-Claimant, |
| 4 |     v. |
| 5 | RELMAN, DANE & COLFAX PLLC, |
| 6 | |
| 7 |     Counter-Defendant. |

**PRELIMINARY STATEMENT**

Plaintiff and Counter-Defendant Relman, Dane & Colfax PLLC (the "Relman Firm") respectfully submits this Partial Answer ("Answer") to Defendant and Counter-Claimant Mei Ling's ("Ms. Ling's") counterclaims set forth in her First Amended Answer, Affirmative Defenses, & Counterclaims (ECF No. 85) ("Counterclaims").

The Relman Firm submits this Answer only on behalf of itself and, unless stated otherwise, construes "Relman" to refer exclusively to the Relman Firm.

The Relman Firm reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

Except as otherwise expressly stated herein, the Relman Firm denies each and every allegation in the Counterclaims—including any allegations in the preamble, unnumbered Paragraphs, subparagraphs, prayer for relief, titles, headings, subheadings, table of contents, footnotes, tables, graphs, and illustrations of the Counterclaims—and specifically denies liability to Ms. Ling. To the extent not expressly denied, all allegations for which the Relman Firm denies possessing knowledge or information sufficient to form a belief are denied.

**ANSWERING THE FACTUAL ALLEGATIONS**
**REGARDING JURISDICTION AND VENUE**

75. The allegations of Paragraph 75 state a legal conclusion to which no response is required. To the extent that a response is required, the Relman Firm admits that Ms. Ling purports to assert counterclaims against the Relman Firm.

76. The allegations of Paragraph 76 state a legal conclusion to which no response is required. To the extent that a response is required, the Relman Firm admits that the Court has subject matter jurisdiction over this action.

77. The allegations of Paragraph 77 state a legal conclusion to which no response is required. To the extent that a response is required, the Relman Firm denies that venue is proper in this District and denies that a substantial part of the events or omissions giving rise to the counterclaims occurred in this District.

## ANSWERING THE FACTUAL ALLEGATIONS REGARDING PARTIES

78. The Relman Firm admits that Ms. Ling is a party to this action. The Relman Firm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 78 and, on that basis, denies those allegations.

79. The Relman Firm admits that it is a professional limited liability company of attorneys engaged in the practice of law under the laws of the District of Columbia with its principal place of business in the District of Columbia. The Relman Firm admits that at least one of its former attorneys who worked on the FCA case is a member of the California bar and admits that, certain of its other attorneys were admitted *pro hac vice* in the underlying FCA action in Central District of California but denies that such attorneys were admitted *pro hac vice* "[a]t all times mentioned in [the Counterclaims]" to the extent it is unclear what timeframe the Counterclaims encompass. The Relman Firm denies the remaining allegations in Paragraph 79.

## ANSWERING THE FACTUAL ALLEGATIONS REGARDING MS. LING'S COUNTERCLAIM FOR DECLARATORY JUDGMENT

80. Paragraph 80 refers to and purports to describe the retainer agreement between Ms. Ling and the Relman firm dated December 8, 2010 (the "Agreement"), which document speaks for itself and therefore no response is required. To the extent a response is required, the Relman Firm admits that on December 8, 2010, Ms. Ling retained the Relman Firm by signing the Agreement, which set forth the parties' "mutual understanding with respect to the provision of legal services and the bases upon which [the Relman Firm's] fees and related expenses will be charged and paid." The Relman Firm admits that, under the Agreement, the Relman Firm "agree[d] to represent [Ms. Ling] in the civil suit [she] commenced under the False Claims Act for declaratory and injunctive relief, and for damages, penalties, and interest, against the City of Los Angeles and/or the Community Redevelopment Agency of the City of Los Angeles and potentially others, based on the Defendants' alleged submission of false statements and false claims to the United States government in order to receive CDBG and related funds

and payments from the United States." To the extent that any allegations in Paragraph 80 are inconsistent with the Agreement, the Relman Firm denies them.

81. In response to Paragraph 81, the Relman Firm admits that it drafted the Agreement. The Relman Firm denies that it "alone" drafted the agreement, as Ms. Ling had an opportunity to review, ask questions, and revise the draft agreement.

82. Paragraph 82 refers to and purports to describe the Agreement, which document speaks for itself and therefore no response is required. The Relman Firm admits that the Agreement was signed on behalf of the Relman Firm by Michael Allen, one of its partners. The Relman Firm admits that it mailed the proposed Agreement to Ms. Ling for her review and signature.

83. The Relman Firm denies the allegations in Paragraph 83.

84. The Relman Firm denies the allegations in Paragraph 84.

85. Paragraph 85 refers to and purports to describe the Agreement, which document speaks for itself and therefore no response is required. Furthermore, the allegations of Paragraph 85 state a legal conclusion to which no response is required. To the extent that a response is required, the Relman Firm admits that the agreement did not state "the fee is not set by law but is negotiable" but denies the remaining allegations in Paragraph 85.

86. Paragraph 86 refers to and purports to describe the Agreement, which document speaks for itself and therefore no response is required. Furthermore, the allegations of Paragraph 86 state a legal conclusion to which no response is required. To the extent that a response is required, the Relman Firm denies the allegations in Paragraph 86.

87. Paragraph 87 refers to and purports to describe the Agreement, which document speaks for itself and therefore no response is required. Furthermore, the allegations of Paragraph 87 state a legal conclusion to which no response is required. To the extent that a response is required, the Relman Firm admits that the Agreement provided that "[i]f the Litigation is resolved in a manner in which the Client does not

prevail, the Client will not be responsible for any fees incurred by the Firm and will be responsible only for the costs of the Litigation to the extent set forth herein." To the extent that any allegations in Paragraph 87 are inconsistent with the Agreement, the Relman Firm denies them.

88.     The allegations of Paragraph 88 state a legal conclusion to which no response is required. To the extent that a response is required, the Relman Firm admits that Ms. Ling unilaterally purported to "void" the Agreement with the Relman Firm after the Relman Firm had rendered years of valuable service to Ms. Ling. The Relman Firm denies that the Agreement has been voided or that Ms. Ling had a right to void the Agreement.

89.     Paragraph 89 refers to and purports to describe the Agreement, which document speaks for itself and therefore no response is required. Furthermore, the allegations of Paragraph 89 state a legal conclusion to which no response is required. To the extent that a response is required, the Relman Firm admits that the Agreement provides that "[i]f the Litigation is resolved by a lump sum settlement or offer of judgment that provides for a monetary award to the Client but makes no separate provision for fees and waives the Client's right to seek court-awarded fees, the Firm shall be entitled to one-third (33 1/3%) of the monetary award, in addition to costs, or the Firm's actual fees and costs (calculated in the manner below), whichever is greater." The Relman Firm admits that the Agreement also provides that "[i]f the Litigation is resolved by summary judgment or a trial at which the Client prevails, the Firm shall be entitled to one-third (33 1/3%) of the monetary amount awarded to the Client in the court proceedings, in addition to costs, or the court's award of statutory fees and costs, whichever is greater." To the extent that any allegations in Paragraph 89 are inconsistent with the Agreement, the Relman Firm denies them. The last sentence of Paragraph 89 recites one of Ms. Ling's requests for relief, to which no response is required. To the extent a response is required, the Relman Firm denies that Ms. Ling is entitled to the requested relief or any relief at all.

90. Paragraph 90 refers to and purports to describe the Agreement, which document speaks for itself and therefore no response is required. Furthermore, the allegations of Paragraph 90 state a legal conclusion to which no response is required. To the extent that a response is required, the Relman Firm admits that the Agreement provides that "[i]f the Litigation is resolved by a lump sum settlement or offer of judgment that provides for a monetary award to the Client but makes no separate provision for fees and waives the Client's right to seek court-awarded fees, the Firm shall be entitled to one-third (33 1/3%) of the monetary award, in addition to costs, or the Firm's actual fees and costs (calculated in the manner below), whichever is greater." The Relman Firm admits that the Agreement also provides that "[i]f the Litigation is resolved by summary judgment or a trial at which the Client prevails, the Firm shall be entitled to one-third (33 1/3%) of the monetary amount awarded to the Client in the court proceedings, in addition to costs, or the court's award of statutory fees and costs, whichever is greater." The Relman Firm admits that the Agreement also provides that "[t]he Firm's attorneys' fees will be calculated utilizing the 'lodestar' method" and that "[t]he 'lodestar' amount reflects the number of hours worked multiplied by a reasonable hourly rate for the work performed." To the extent that any allegations in Paragraph 90 are inconsistent with the Agreement, the Relman Firm denies them.

91. The Relman Firm denies the allegations set forth in Paragraph 91.

92. In response to Paragraph 92, the Relman Firm admits that there has been no settlement with or judgment against the City of Los Angeles in the FCA action.

93. In response to Paragraph 93, the Relman Firm admits that the CRA has purported to enter into a settlement agreement with the United States, that Ms. Ling has objected to the settlement, and that the settlement is awaiting court approval in the FCA action.

94. The allegations of Paragraph 94 state a legal conclusion to which no response is required. To the extent a response is required, the Relman Firm is without

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and, on that basis, denies those allegations.

      95.     The allegations of Paragraph 95 state a legal conclusion to which no response is required. To the extent a response is required, the Relman Firm is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and, on that basis, denies those allegations.

      96.     In response to Paragraph 96, the Relman Firm denies that Ms. Ling "has advised . . . Relman that she will reject any settlement agreement or offer of judgment in the underlying FCA suit that makes no separate provision for fees, or that waives her right to seek court-awarded fees." In fact, Ms. Ling has objected to the Relman Firm receiving any fees at all for the years of valuable service that it provided to her. The Relman Firm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 96 and, on that basis, denies those allegations.

      97.     Paragraph 97 refers to and purports to describe the Agreement, which document speaks for itself and therefore no response is required. To the extent a response is required, the Relman Firm denies the allegations of Paragraph 97.

      98.     Paragraph 98 refers to and purports to describe the Agreement, which document speaks for itself and therefore no response is required. Furthermore, the allegations of Paragraph 98 state a legal conclusion to which no response is required. To the extent a response is required, the Relman Firm denies the allegations of Paragraph 98.

      99.     In response to Paragraph 99, the Relman Firm admits that there has been no grant of summary judgment or trial in the FCA action and admits that it "no longer represents [Ms. Ling]." The Relman Firm denies that the FCA action cannot be resolved by summary judgment or trial.

      100.    Paragraph 100 refers to and purports to describe the Agreement, which document speaks for itself and therefore no response is required. Furthermore, the allegations of Paragraph 100 state a legal conclusion to which no response is required. To

the extent a response is required, the Relman Firm denies the allegations of Paragraph 100. The Agreement provides "[i]f the amount awarded by the court is less than one-third of the monetary amount awarded by order or judgment, the Client shall be responsible for paying the Firm the difference between the court-awarded fees and one-third of the monetary award to the Client." To the extent that any allegations in Paragraph 100 are inconsistent with the Agreement, the Relman Firm denies them.

101. In response to Paragraph 101, the Relman Firm admits that it is negotiating with the CRA regarding an award of attorney's fees in the FCA action arising from its work on behalf of the FHC. The Relman Firm denies the remaining allegations of Paragraph 101, and specifically denies that any settlement between the Relman Firm, CRA, and the FHC will provide any fees to the Relman Firm for its representation of Ms. Ling—who has objected to the Relman Firm receiving any fees at all for the years of valuable service that it provided to her.

102. Paragraph 102 refers to and purports to describe the Agreement, which document speaks for itself and therefore no response is required. Furthermore, the allegations of Paragraph 102 state a legal conclusion to which no response is required. To the extent a response is required, the Relman Firm admits that there is an actual controversy and disagreement between the Relman Firm and Ms. Ling regarding Ms. Ling's obligations under the Agreements to pay the Relman Firm its legal fees earned during its representation of Ms. Ling in the FCA action. The Relman Firm denies that there is an "absence of the occurrence of any of the conditions in the agreement allowing Relman to recover a one-third contingency fee from Ling." The Relman Firm admits that it seeks a declaration that Ms. Ling is not entitled to "void" or "terminate" the Agreement, and that instead she is obligated to comply with the Agreements. To the extent that any allegations in Paragraph 102 are inconsistent with the Agreement, the Relman Firm denies them.

**ANSWERING THE FACTUAL ALLEGATIONS REGARDING MS. LING'S COUNTERCLAIMS FOR PROFESSIONAL NEGLIGENCE, BREACH OF FIDUCIARY DUTY, VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, AND UNJUST ENRICHMENT**

Concurrently with this Answer, the Relman Firm has moved to dismiss Ms. Ling's counterclaims for professional negligence, breach of fiduciary duty, violation of the California Unfair Competition Law, and unjust enrichment. Accordingly, the Relman Firm will not answer the factual allegations for those counterclaims at this time (Paragraphs 103-131) and reserves the right to answer them and assert applicable defenses if the Court denies the Relman Firm's motion to dismiss.

**ANSWERING THE PRAYER FOR RELIEF**

The Relman Firm denies that Ms. Ling is entitled to any relief.

**AFFIRMATIVE DEFENSES**

The Relman Firm asserts the following defenses to the Counterclaims. By designating the following defenses, the Relman Firm does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any such defense. The Relman Firm also gives notice that it intends to rely upon such other and further defenses of which it becomes aware during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Counterclaims fail to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable injury.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

RELMAN, DANE & COLFAX PLLC'S PARTIAL ANSWER AND AFFIRMATIVE DEFENSES TO MEI LING'S COUNTERCLAIMS

### THIRD AFFIRMATIVE DEFENSE
(Laches, Waiver, Unclean Hands, Estoppel, and Ratification)

The Counterclaims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, unclean hands, estoppel, and/or ratification.

### FOURTH AFFIRMATIVE DEFENSE
(Limitations of Awards, Caps on Recovery, and Setoff)

The Counterclaims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs, including but not limited to the right to offset any amounts owed by the Relman Firm to Ms. Ling by the amount that Ms. Ling owes the Relman Firm under her fee agreement.

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

The Counterclaims are barred, in whole or in part, by Ms. Ling's failure to mitigate damages allegedly sustained.

### SIXTH AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

To the extent that Ms. Ling attempts to seek equitable relief, Ms. Ling is not entitled to such relief because Ms. Ling has an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE
(Lack of Statutory Standing)

The UCL claim is barred or limited by lack of statutory standing.

### EIGHTH AFFIRMATIVE DEFENSE
(Lack of Injuries and Damages)

The Counterclaims are barred in whole or in part because Ms. Ling suffered no injuries or damages as a result of any action or omission by the Relman Firm.

## NINTH AFFIRMATIVE DEFENSE

(Lack of Causation)

The Relman Firm denies all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against the Relman Firm.

## TENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Ms. Ling would be unjustly enriched if allowed to recover on any of her Counterclaims.

## DEMAND FOR JURY TRIAL

The Relman Firm hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, the Relman Firm respectfully requests:

1. That the Counterclaims be dismissed with prejudice;

2. That Ms. Ling take nothing by reason of the Counterclaims against the Relman Firm and that judgment be entered in the Relman Firm's favor;

3. That the Relman Firm recover costs and attorney's fees; and

4. That this Court award such other and further relief as it deems proper.

DATED: December 18, 2019                COVINGTON & BURLING LLP


By: /s/ Ryan H. Weinstein
    RYAN H. WEINSTEIN
    BENJAMIN J. RAZI
    ANDREW SOUKUP
    STEVEN WINKELMAN

Attorneys for Plaintiff/Counter-Defendant
RELMAN, DANE & COLFAX PLLC