JOSEPH H. HUNT
Assistant Attorney General
NICOLA T. HANNA
United States Attorney
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
LISA A. PALOMBO, AUSA
ROSS M. CUFF, AUSA (SBN 275093)
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-7388; Fax: (213) 894-7819
    Email: Ross.Cuff@usdoj.gov
ANDY J. MAO
SARA MCLEAN
WILLIAM C. EDGAR
ERIC SCHMELZER
Attorneys, Civil Division
United States Department of Justice
    175 N Street NE, Room 9.121
    Washington, DC 20002
    Tel: (202) 307-0256; Fax: (202) 307-3852
    Email: Eric.Schmelzer@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC, | No. CV-19-08612 PSG (JCx) |
| Plaintiff, | UNITED STATES' *EX PARTE* APPLICATION FOR ORDER PERMITTING UNITED STATES' INTERVENTION AND REPLACING THE OPPOSITION AND DECLARATION OF MEI LING WITH REDACTED VERSION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ROSS M. CUFF |
| v. | |
| FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING, | |
| Defendants. | |
| | [LODGED CONCURRENTLY: [PROPOSED] ORDER PERMITTING UNITED STATES' INTERVENTION AND REPLACING THE OPPOSITION AND DECLARATION OF MEI LING WITH REDACTED VERSION] |
| | Hon. Philip S. Gutierrez Courtroom 6A |

1

MEI LING,

2

       Counter-Claimant,

3

              v.

4

RELMAN COLFAX PLLC,

5

       Counter-Defendant.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** the United States of America hereby applies to the Court *ex parte* for an order: (1) permitting intervention by the United States in this action for the limited purposes of protecting its privileged and confidential settlement information; (2) removing from the public docket Defendant and Counter-Claimant Mei Ling's Opposition and Declaration (Dkt. # 104)—which contains the United States' privileged and confidential settlement information—and replacing it with the redacted version filed as Exhibit 1 to the attached Declaration of Ross M. Cuff (Cuff Decl.); (3) directing all parties other than the United States and Ms. Ling to destroy or return to the United States all copies of the unredacted Opposition and Declaration; and (4) directing Ms. Ling not to reveal the United States' privileged and confidential settlement information in any future filings or communications related to this or any other action, unless she obtains prior written authorization from the Court or counsel for the United States.

Plaintiff and Counter-Defendant Relman Colfax PLLC and Defendant Fair Housing Council of San Fernando Valley do not oppose this *ex parte* application. Despite repeated inquiries from counsel for the United States, Defendant and Counter-Claimant Mei Ling has not clearly stated her position regarding this application. Based on discussions with Ms. Ling, however, the United States' best understanding and presumption is that she opposes the application.

Good cause exists for the requested relief, as established in the attached Memorandum of Points and Authorities and Cuff Declaration. As detailed in the Cuff Declaration and the attached Memorandum, Ms. Ling has, in a related action pending before this Court, repeatedly filed and lodged papers that include privileged and confidential settlement information protected by the common interest privilege, which the United States has not waived. The Court has already ordered Ms. Ling to cease such disclosures in the related action, and cautioned Ms. Ling that if she continues to do so

1   she will be subject to sanction. The United States reserves the right to seek additional

2   remedies against Ms. Ling in that action as well.

3         Consistent with the requirements of Local Rule 7-19.1, counsel for the United

4   States has made reasonable, good faith efforts orally to advise counsel for all parties and

5   Ms. Ling of the date and substance of this *ex parte* application. (Cuff Decl. ¶¶ 6-13.)

6   Dated:  April 9, 2020                    Respectfully submitted,

7                                            JOSEPH H. HUNT
                                             Assistant Attorney General
8                                            NICOLA T. HANNA
                                             United States Attorney
9                                            DAVID K. BARRETT, AUSA
                                             Chief, Civil Fraud Section
10                                           LISA A. PALOMBO, AUSA

11                                           ANDY J. MAO
                                             SARA MCLEAN
12                                           WILLIAM C. EDGAR
                                             ERIC SCHMELZER
13                                           Attorneys, Civil Division
                                             United States Department of Justice
14

15                                           */s/ Ross M. Cuff*
                                             ROSS M. CUFF
16                                           Assistant United States Attorney

17
                                             Attorneys for Plaintiff United States of
18                                           America

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff the United States of America applies to the Court *ex parte* for an order: (1) permitting intervention by the United States in this action for the limited purposes of protecting its privileged and confidential settlement information; (2) removing from the public docket Defendant and Counter-Claimant Mei Ling's Opposition and Declaration (Dkt. # 104)—which contains the United States' privileged and confidential settlement information—and replacing it with the redacted version filed as Exhibit 1 to the attached Declaration of Ross M. Cuff (Cuff Decl.); (3) directing all parties other than the United States and Ms. Ling to destroy or return to the United States all copies of the unredacted Opposition and Declaration; and (4) directing Ms. Ling not to reveal the United States' privileged and confidential settlement information in any future filings or communications related to this or any other action, unless she obtains prior written authorization from the Court or counsel for the United States. The United States also reserves the right to seek additional remedies in the False Claims Act case currently pending in this Court, *United States ex rel. Ling, et al. v. City of Los Angeles*, No. CV-11-00974 PSG (JCx) (the "FCA Action").

Plaintiff and Counter-Defendant Relman Colfax PLLC and Defendant Fair Housing Council of San Fernando Valley ("FHC") do not oppose this *ex parte* application. Despite repeated inquiries from counsel for the United States, Defendant and Counter-Claimant Mei Ling has not clearly stated her position regarding this application. Based on discussions with Ms. Ling, however, the United States' best understanding and presumption is that she opposes the application.

### II.    BACKGROUND

The United States, Ms. Ling, and the FHC are all parties to the FCA Action, where Ms. Ling has repeatedly and improperly filed privileged information. (FCA Action, Dkts. # 256, 257-1, 274, 286, 288, 305, 320). In response to *ex parte* applications filed by the United States in the FCA Action, the Court has removed filings by Ms. Ling

1   that improperly disclosed the United States' privileged material and replaced them with
2   redacted versions. (FCA Action, Dkts. # 275, 289, 299, 326, 342). The Court has also
3   ordered Ms. Ling to stop disclosing the United States' privileged information and
4   directed that if Ms. Ling violates the Court's order, the Court will bar her from making
5   any additional filings in the FCA action. (FCA Action, Dkt. # 325).

6       On March 9, 2020, Ms. Ling filed an Opposition and Declaration (Dkt. #104) to
7   Relman Colfax's motion to dismiss her counterclaims. On March 17, 2020, in response
8   to a communication from Ms. Ling, counsel for the United States reviewed Ms. Ling's
9   Opposition and Declaration and discovered the document included privileged and
10  confidential settlement information protected by the common interest privilege shared by
11  the United States and the relators in the FCA Action. (Cuff Decl. ¶ 5).

12  **III.   GOOD CAUSE EXISTS FOR THE COURT TO GRANT *EX PARTE***
13  **RELIEF**

14      To justify *ex parte* relief, a party must show (1) it will be irreparably harmed if its
15  motion "is heard according to regular noticed motion procedures" and (2) it "is without
16  fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a
17  result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp.
18  488, 492 (C.D. Cal. 1995). This application satisfies both requirements. First, the United
19  States would be irreparably harmed if its motion to intervene for the limited purpose of
20  removing Ms. Ling's Opposition and Declaration were heard according to regular
21  noticed motion procedures. As with the United States' prior *ex parte* applications in the
22  FCA Action, allowing the privileged and confidential settlement information in Ms.
23  Ling's Opposition and Declaration to remain on the docket reveals the United States'
24  confidential assessment of the FCA Action and deliberations regarding settlement.
25  Further, if the United States filed a noticed motion—thus prolonging the amount of time
26  the privileged material remains on the public docket—it may need to contend with a
27  waiver argument regarding the privileged information. *See, e.g.*, *United States v. de la*

28

*Jara*, 973 F.2d 746, 750 (9th Cir. 1992) (holding defendant waived his privilege by failing to try to recover privileged material within six months).

Second, the United States is without fault in creating this predicament. Indeed, counsel for the United States previously sought to avoid and remedy precisely this situation by filing its prior *ex parte* applications in the FCA Action. (FCA Action, Dkts. # 271, 284, 294, 317, 336). The present *ex parte* application is necessary only because Ms. Ling has disregarded the Court's order and warning, as well as the United States' repeated filings on the matter. Consequently, good cause exists for the Court to grant *ex parte* relief.

## IV.   THE COURT SHOULD GRANT THE UNITED STATES LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF PROTECTING ITS PRIVILEGED AND CONFIDENTIAL SETTLEMENT INFORMATION

Federal Rule of Civil Procedure 24 provides for intervention as of right and for permissive intervention. Under either standard, the Court should permit the United States to intervene for the limited purpose of protecting its privileged information.

In deciding whether to grant intervention as of right under Rule 24(a), courts in the Ninth Circuit apply a four-part test:

> (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). The United States' application meets this test.

First, the United States' application for intervention is timely. Under this factor, courts consider "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). Here, the proceedings are still at an early stage, intervention by the United States to protect its privilege will not prejudice

3

1    any of the parties, and the United States did not delay after learning it needed to

2    intervene. Accordingly, this application is timely.

3         Second, the United States' interest in protecting its common interest privilege is a

4    significantly protectable interest within the meaning of Rule 24(a). *See, e.g.*, *Stevens v.*

5    *Brigham Young Univ.-Idaho*, No.: 4:16-cv-00530-DCN, 2018 WL 2974388, *12−13 (D.

6    Idaho June 11, 2018) (permitting intervention under Rule 24(a) to protect attorney-client

7    privilege).

8         Third, if the United States is not permitted to intervene for the limited purpose of

9    asserting privilege and seeking the removal of privileged and confidential settlement

10   material from the public docket, its ability to protect its privilege will be impaired. *See*

11   *id.* at *13.

12        Fourth, the United States' interest in protecting the privileged and confidential

13   settlement material—information shared between the United States and Ms. Ling's

14   former counsel—is not adequately protected by the parties to this lawsuit. None of the

15   parties here share the United States' interest in protecting its privileged information.

16   Because the United States meets all four prongs of the test, it should be permitted to

17   intervene as of right under Rule 24(a).

18        Even if intervention as of right is not allowed, the Court may still allow

19   permissive intervention when a party "has a claim or defense that shares with the main

20   action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive

21   intervention requires: "(1) an independent ground for jurisdiction; (2) a timely motion;

22   and (3) a common question of law and fact between the movant's claim or defense and

23   the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir.

24   1992). Additionally, "the court must consider whether the intervention will unduly delay

25   or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

26        The United States' application meets the permissive-intervention standard. First,

27   "an independent jurisdictional basis is not required" here because the United States

28   "do[es] not seek to litigate a claim on the merits." *Beckman Indus.*, 966 F.2d at 473.

Second, as described above, the United States' application is timely. Third, "the Ninth Circuit has clarified that a party need not assert a literal 'claim or defense' that requires a pleading in order to permissively intervene in a case." *Stevens*, 2018 WL 2974388 at *14. Courts find it sufficient where the intervenor is asserting a privilege. *See, e.g.*, *id.*; *SEC v. Goldstone*, No. CIV 12-0257 JB/LFG, 2013 WL 6920854, at *30 (D.N.M. Dec. 13, 2013). Finally, the United States' intervention for the sole purpose of protecting its privileged and confidential settlement information by replacing Ms. Ling's Opposition and Declaration with a redacted version will neither delay this litigation nor prejudice the adjudication of the merits. The United States should be permitted to intervene for this limited purpose.

## V.    GOOD CAUSE EXISTS TO REMOVE THE LING OPPOSITION AND DECLARATION FROM THE PUBLIC DOCKET AND TO ORDER MS. LING TO REFRAIN FROM REVEALING PROTECTED INFORMATION

As the United States noted in its prior *ex parte* applications in the FCA Action, the "strong presumption" of public access to court records can be overcome. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal documents: (1) a "compelling reasons" standard that applies to dispositive pleadings; and (2) a "good cause" standard that applies to non-dispositive pleadings. *Id.* at 1179−80. To meet the compelling reasons standard, a "party must articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178−79 (citations and quotation marks omitted). "Courts generally accept attorney-client privilege and the work-product doctrine as a 'compelling reason' justifying a motion to seal." *Watchguard Techs., Inc. v. iValue Infosolutions Pvt. Ltd.*, No. C15-1697-BAT, 2017 WL 3581624, at *2 (W.D. Was. Aug. 18, 2017) (collecting cases). By contrast, meeting the good cause standard requires only a particularized showing under Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180.

Here, the United States' request to seal the privileged portions of Ms. Ling's Opposition and Declaration meets even the more demanding compelling-reasons standard. First, the United States and relators in the FCA action enjoy a common interest privilege in their shared litigation against the City, whether or not they signed an agreement.[1] *See United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (describing the common interest privilege and noting the privilege exists even without a written agreement and cannot be unilaterally waived by a single party); *Carolina Casualty Ins. Co. v. Oahu Air Conditioning Serv., Inc.*, No. 2:13-cv-1378, 2015 WL 1469286, at *2-3 (E.D. Cal. Mar. 27, 2015) (noting that the Ninth Circuit has long recognized the joint defense privilege, that no written agreement is required for the privilege to exist, and that one party cannot unilaterally waive the privilege for other holders); *United States ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 686 (S.D. Cal. 1996) (finding the existence of a common interest privilege between the United States and an FCA relator). Second, the communications revealed in Ms. Ling's Opposition and Declaration that the United States has marked for redaction are protected by the common interest privilege. *See Gonzalez*, 699 F.3d at 978 (noting the common interest privilege applies to communications among jointly interested plaintiffs even before litigation has commenced) (citing *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990)). Third, common interest communications meet the compelling reasons standard and should be sealed to prevent public disclosure. *See, e.g.*, *Watchguard Techs.*, 2017 WL 3581624 at *3; *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *4 (N.D. Cal. Apr. 4, 2016).[2]

---

[1] As noted previously in filings in the FCA Action, this privilege was memorialized in a common interest agreement signed by counsel for Relators and the United States. (Cuff Decl. ¶ 4).

[2] In addition to the grounds for the United States' motion to seal, "courts have inherent power to strike inappropriate materials," including "confidential mediation and settlement information that are improperly part of the public record," *Children's Cerebral Palsy Movement, Inc. v. Sawitz*, No. SACV 18-00563-CJC (JDEx), 2018 WL 6340754, at *5 (C.D. Cal. Nov. 16, 2018) (citation and quotation marks omitted).

In short, Ms. Ling's Opposition and Declaration should not remain on the docket in its current form because it includes the unauthorized disclosure of the United States' privileged and confidential settlement information, which should not be publicly disclosed. Instead, the Court should prevent the disclosure of information protected by the common interest privilege by replacing the current version of the Opposition and Declaration with the redacted version attached as Exhibit 1 to the Cuff Declaration. Additionally, the parties to this action should be barred from any use of that information, from arguing there has been any broader waiver, and from the opportunity to seek any additional material protected by the work product doctrine and the common interest privilege.

Finally, the United States requests that the Court again clarify for Ms. Ling, who is currently proceeding *pro se*, that further unauthorized disclosures of the United States' privileged and confidential settlement information are impermissible. If Ms. Ling continues her pattern of disclosing privileged and confidential settlement information in her declarations, the United States will suffer additional injury and will have to file additional requests to remove and redact her filings. Because the United States does not intend to waive its privilege, the parties and the Court will be forced to deal with every one of Ms. Ling's unauthorized disclosures going forward. Such harm to the United States and waste of judicial and party resources can be avoided if Ms. Ling complies with a Court order directing her to follow her obligations under the parties' common interest agreement and applicable law and prior order.

Specifically, the United States requests that the Court order Ms. Ling not to include in her submissions to the Court or to disclose or describe to any party or person (other than her counsel or the United States) any information relating to either (a) confidential communications regarding the FCA Action between counsel for the

United States and Ms. Ling or her counsel that took place before August 15, 2019,[3] (b) confidential communications with counsel for the United States and/or the Department of Housing and Urban Development for the purpose of providing legal advice related to the FCA Action, or (c) documents or other materials prepared by counsel for the United States or their agents in preparation for or the prosecution of the FCA Action. The United States also reserves its right to seek additional remedies in the FCA Action.

## VI.   THE UNITED STATES HAS COMPLIED WITH THE LOCAL RULES REGARDING *EX PARTE* APPLICATIONS

Pursuant to Local Rule 7-19.1, counsel for the United States made reasonable, good faith efforts orally to advise counsel for all parties and Ms. Ling of the date and substance of this *ex parte* application. (Cuff Decl. ¶¶ 6-13). Plaintiff and Counter-Defendant Relman Colfax PLLC and Defendant Fair Housing Council of San Fernando Valley ("FHC") do not oppose this *ex parte* application. (*Id.* ¶¶ 7-8). Despite repeated inquiries from counsel for the United States, Defendant and Counter-Claimant Mei Ling has not clearly stated her position regarding this application. Based on discussions with Ms. Ling, however, the United States' best understanding and presumption is that she opposes the application. (*Id.* ¶ 9-13).

Pursuant to Local Rule 7-19, the name, address, telephone number, and email address of Relator Mei Ling, the only party opposing this application, are:

Mei Ling
6750 Whitsett Avenue, Unit 310
North Hollywood, CA 91606
Telephone: 818-644-3923
Email: mei.ling818@yahoo.com

## VII.   CONCLUSION

For the reasons set forth above and in the attached Cuff Declaration, the United

---

[3] On August 15, 2019, Ms. Ling, for the first time, disavowed to United States' counsel any joint interest privilege between herself and the United States. (FCA Action, Dkt. # 271 at 6-7, 16).

8

States respectfully requests that the Court grant its *ex parte* application for an order: (1) permitting the United States to intervene in this action for the limited purposes of protecting its privileged and confidential settlement information; (2) removing from the public docket Defendant and Counter-Claimant Mei Ling's Opposition and Declaration (Dkt. # 104)—which contains the United States' privileged and confidential settlement information—and replacing it with the redacted version filed as Exhibit 1 to the Cuff Declaration; (3) directing all parties other than the United States and Ms. Ling to destroy or return to the United States all copies of the unredacted Opposition and Declaration; and (4) directing Ms. Ling not to reveal the United States' privileged and confidential settlement information in any future filings or communications related to this or any other action, unless she obtains prior written authorization from the Court or counsel for the United States.

Dated:  April 9, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
NICOLA T. HANNA
United States Attorney
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
LISA A. PALOMBO, AUSA

ANDY J. MAO
SARA MCLEAN
WILLIAM C. EDGAR
ERIC SCHMELZER
Attorneys, Civil Division
United States Department of Justice

/s/ *Ross M. Cuff*
ROSS M. CUFF
Assistant United States Attorney

Attorneys for Plaintiff United States of America

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>DECLARATION OF ROSS M. CUFF</u>**

I, Ross M. Cuff, declare:

1.      I am an Assistant United States Attorney assigned responsibility for handling this action and the related False Claims Act case pending before the Court, *United States ex rel. Ling, et al. v. City of Los Angeles*, No. CV-11-00974 PSG (JCx) (the "FCA Action"). This declaration is offered in support of the United States' *ex parte* application for an order removing Relator Mei Ling's March 9, 2020 Opposition and Declaration (Dkt. # 104) from the docket in this action and replacing it with a redacted version.

2.      Attached as Exhibit 1 is a true and correct copy of docket item 104 in this action, redacted to obscure the portions that the United States believes are privileged under the common interest agreement between the United States and the relators in the FCA Action, and the portions that disclose confidential settlement communications.

3.      The Fair Housing Council of San Fernando Valley ("FHC"), Defendant in this action, is a relator in the FCA Action. Mei Ling, Defendant and Counter-Claimant in this action, is also a relator in the FCA Action.

4.      From my review of the government's files regarding the FCA Action, I know that on February 4, 2015, counsel for the United States and counsel for Ms. Ling and the FHC executed an agreement regarding common interest and disclosure of information.

5.      On March 17, 2020, Ms. Ling called the United States Attorney's Office and left a message with one of the office's legal assistants, who conveyed the message to me orally and in writing. Among other things, Ms. Ling told the legal assistant that my colleagues and I should have been aware of Ms. Ling's upcoming medical appointment because she had informed the Court about it in a filing. Because I was unaware of any such filing in the FCA Action, I reviewed the docket in this action and observed that Ms. Ling had filed an Opposition and Declaration on March 9, 2020. When I reviewed the March 9 Opposition and Declaration, I discovered that the document included

10

information protected by the common interest privilege shared by the United States and the relators in the FCA Action, as well as confidential settlement negotiations and offers. This privileged and confidential settlement information was the same type of material the Court has previously and repeatedly found to be privileged in the FCA Action.

6.       The United States has filed this *ex parte* application in compliance with all applicable local rules. As required by Local Rule 7-19.1, I made reasonable, good faith efforts orally to advise all counsel and Ms. Ling orally of the date and substance of the *ex parte* application on March 27, 2020.

7.       At approximately 3:05 p.m. on March 27, 2020, I called counsel for Plaintiff and Counter-Defendant Relman Colfax PLLC and left a voicemail describing the date and substance of this application. On March 27, 2020, I sent a follow-up email to counsel for Relman Colfax describing this application. On March 28, 2020, counsel for Relman Colfax informed me by email that Relman Colfax does not oppose this application.

8.       At approximately 3:22 p.m. on March 27, 2020, I called counsel for Defendant FHC and left a voicemail describing the date and substance of this application. On March 27, 2020, I sent a follow-up email to counsel for FHC describing this application. On March 27, 2020, counsel for FHC informed me by email that FHC does not oppose this application.

9.       At approximately 9:15 a.m. on March 27, 2020, my colleague Assistant U.S. Attorney Lisa Palombo and I called Defendant and Counter-Plaintiff Mei Ling and briefly described the date and substance of this *ex parte* application. Ms. Ling requested that we send her an email describing the application for her to review.  At 12:14 p.m. on March 27, 2020, I sent an email describing the date and substance of this application to mei.ling818@yahoo.com, the email address Ms. Ling has repeatedly used to communicate with counsel for the United States. That email also informed Ms. Ling that any opposition to the *ex parte* application would have to be filed by mail under the Order of the Chief Judge 20-042 regarding *In re Coronavirus Public Emergency Activations of*

11

*Continuity of Operations Plan*, which I attached to the email.

10.    On March 30, 2020, counsel for the United States received an email from mei.ling818@yahoo.com, which noted it was drafted by someone named Pamela who works as Ms. Ling's caretaker. In the email, Pamela requested that the United States send Ms. Ling a copy of the United States' proposed redactions to Ms. Ling's Opposition and Declaration. At approximately 11:11 a.m. on March 30, 2020, I sent an email to Ms. Ling and attached documents showing the United States' proposed redactions.

11.    On March 30, 2020, counsel for the United States received another email from mei.ling818@yaohoo.com, which again noted it was drafted by Pamela, Ms. Ling's caretaker. Among other things, Pamela requested that Ms. Ling be allowed until April 3, 2020 to state whether she opposes the *ex parte* application.

12.    On April 6, 2020, I emailed Ms. Ling to inquire about her position regarding the United States' *ex parte* application. Ms. Ling responded by email later that day, and requested that counsel for the United States have a conference call with Ms. Ling to discuss her position on either Wednesday, April 8 or Thursday, April 9, 2020.

13.    On April 7, 2020, my colleague AUSA Lisa Palombo emailed Ms. Ling to inform her that counsel for the United States could speak to her at 1:00 p.m. on Wednesday, April 8, 2020. During the conference call, counsel for the United States repeatedly asked Ms. Ling whether she opposed the *ex parte* application, but Ms. Ling did not provide a clear response. Based on that conversation, however, our best understanding and presumption is that she opposes the application.

//
//
//
//
//
//

12

14.     The preceding is based on my personal knowledge except where otherwise indicated.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9, 2020, at Los Angeles, California.

/s/ *Ross M. Cuff*
ROSS M. CUFF
Assistant United States Attorney

13