Ryan H. Weinstein (Bar No. 240405)
rweinstein@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Benjamin J. Razi (admitted *pro hac vice*)
brazi@cov.com
Andrew Soukup (admitted *pro hac vice*)
asoukup@cov.com
Steven Winkelman (admitted *pro hac vice*)
swinkelman@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC,<br><br>   Plaintiff,<br><br>v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>   Defendants.<br>MEI LING,<br><br>   Counter-Claimant,<br><br>v.<br><br>RELMAN COLFAX PLLC,<br><br>   Counter-Defendant. | Case No. 2:19-cv-08612-PSG-JC<br><br>**DISCOVERY MATTER**<br><br>**RELMAN COLFAX PLLC'S STATUS REPORT REGARDING MEI LING'S NON-COMPLIANCE WITH JUNE 16 ORDER**<br><br>**[Declaration of Steven J. Winkelman filed concurrently]**<br><br>Fact Discovery Cutoff: June 22, 2020<br>Final Pretrial Conf.: February 8, 2021<br>Trial: February 23, 2021<br><br>Judge: Hon. Jacqueline Chooljian<br>Courtroom 750 |

# STATUS REPORT

Pursuant to the Court's Order of June 16, 2020 (ECF No. 133), Plaintiff and Counter-Defendant Relman Colfax PLLC (the "Relman Firm") submits this status report regarding its Motion for Sanction and entry of Default Judgment Against Mei Ling.

The Order directed the Relman Firm "to email and to deliver to Mei Ling today [June 16], copies of: (a) Rule 26(a)(1) of the Federal Rules of Civil Procedure (relating to initial disclosure obligations); (b) Plaintiff's First Set of Interrogatories to Mei Ling ('Ling Interrogatories'); and (c) Plaintiff's First Set of Requests for Production Directed to Mei Ling ('Ling Document Requests')." ECF No. 133 at 1. On June 16, 2020, counsel for the Relman Firm complied with the Order and delivered to Ms. Ling by email and courier a copy of Rule 26(a)(1), the Ling Interrogatories, and the Ling Document Requests. Winkelman Decl. ¶ 3. A copy of a photograph showing that these documents were delivered to Ms. Ling's address on June 16 is attached as Exhibit 4 to the Winkelman Declaration.

The Court's Order also directed Ms. Ling to "produce to Plaintiff's Counsel by email and mail, by not later than Friday, June 19, 2020: (a) her initial disclosures; (b) her responses to the Ling Interrogatories and the Ling Document Requests, without objection, as such objections have been waived; and (c) all documents in her possession, custody or control responsive to the Ling Document Requests." ECF No. 133 at 1-2.

Ms. Ling has not produced initial disclosures, responses to the Ling Interrogatories and Ling Documents Requests, or any documents.[1] Winkelman Decl. ¶ 6. Although she stated at the June 16 hearing that she has "some important things on a flash drive," Winkelman Decl. ¶ 2, Ex. 1, Ms. Ling has not produced those materials.

---

[1] On June 20, Ms. Ling sent an email accusing Sharon Kinlaw and Michelle White of the Fair Housing Council of providing untruthful testimony in their recent depositions, and she provided cut-and-paste compilation of select emails she claimed supported her allegations against Ms. Kinlaw and Ms. White. Winkelman Decl. ¶ 7.

      Instead, on June 19, Ms. Ling submitted an *ex parte* application requesting an extension of the discovery cutoff. Winkelman Decl. ¶ 6. The Relman Firm has opposed this application and, as of this filing, the Court has not ruled on Ms. Ling's *ex parte* application.

      In a declaration she submitted with her *ex parte* application, Ms. Ling made clear that she has no intention of providing discovery in this case. Winkelman Decl. Ex. 7. In that declaration, Ms. Ling asserts that it is "impossible" for her to provide discovery, and that her medical situation "does not allow me to proceed in pro persona" any longer. *Id.* at 3. She repeatedly asserts that she seeks an extension not so that she can produce discovery, but so that she can "bring closure to the CV19-8612 matters with the Covington attorneys." *Id.* at 6; *see also id.* at 3-4 ("I told attorney Winkelman I will Dismiss the open Counter-Claim . . . and was willing to discuss arriving at final resolution in the CV19-8612 case."); *id.* at 5 ("I therefore make this very rushed Ex Parte Application for a 30 day extension, so I can work out matters with the Covington attorneys to have the open Counter-Claim dismissed, and bring closure to other matters."); *id.* at 6 ("I . . . need a short window of time to bring closure to the CV19-8612 matters with the Covington attorneys."). Counsel for the Relman Firm has informed Ms. Ling that she can resolve the claims between her and the Relman Firm by agreeing to comply with the retainer agreement that she signed long ago with the firm, and then later purported to terminate and void without any legitimate basis. Winkelman Decl. ¶ 8. She has thus far not agreed to do so. *Id.*

      In short, Ms. Ling has continually and consistently failed to comply with her discovery obligations despite being afforded every opportunity to comply and despite a court order directing her to produce discovery. Accordingly, terminating sanctions are the only appropriate remedy.

## CONCLUSION

      For the foregoing reasons, the Relman Firm requests that this Court grant the Relman Firm's motion for sanctions and entry of default judgment against Ms. Ling.

DATED: June 22, 2020              COVINGTON & BURLING LLP


By: <u>/s/ Ryan H. Weinstein</u>
    RYAN H. WEINSTEIN
    BENJAMIN J. RAZI
    ANDREW SOUKUP
    STEVEN WINKELMAN

Attorneys for Plaintiff
RELMAN COLFAX PLLC

# CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2020, a true and correct copy of the foregoing was served on the following by the means set forth below:

*by overnight mail with courtesy copy by email:*
Mei Ling
6750 Whitsett Ave. #310
North Hollywood, California 91606
mei.ling818@yahoo.com

*by CM/ECF:*
Donald R. Warren
Phillip E. Benson
WARREN - BENSON LAW GROUP
7825 Fay Ave. Ste. 200
La Jolla, CA 92037
donwarren@warrenbensonlaw.com
philbenson@warrenbensonlaw.com

*Attorneys for Fair Housing Council of San Fernando Valley*

DATED: June 22, 2020

By: _____
William J. Jarboe