| | |
|---|---|
| Ryan H. Weinstein (Bar No. 240405)<br> rweinstein@cov.com<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, California 90067-4643<br>Telephone: + 1 (424) 332-4800<br>Facsimile: + 1 (424) 332-4749 | Benjamin J. Razi (admitted *pro hac vice*)<br> brazi@cov.com<br>Andrew Soukup (admitted *pro hac vice*)<br> asoukup@cov.com<br>Steven Winkelman (admitted *pro hac vice*)<br> swinkelman@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter, 850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Telephone: + 1 (202) 662-6000 |

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC,<br><br>    Plaintiff,<br><br>v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>    Defendants.<br>MEI LING,<br><br>    Counter-Claimant,<br><br>v.<br><br>RELMAN COLFAX PLLC,<br><br>    Counter-Defendant. | Case No. 2:19-cv-08612-PSG-JC<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF STEVEN J. WINKELMAN IN SUPPORT OF RELMAN COLFAX PLLC'S STATUS REPORT REGARDING MEI LING'S NON-COMPLIANCE WITH JUNE 16 ORDER** |

# DECLARATION OF STEVEN J. WINKELMAN

I, Steven J. Winkelman, declare:

1.   I am an associate at Covington & Burling LLP, which represents Plaintiff Relman Colfax PLLC (the "Relman Firm") in this action. This declaration is offered in support of the Relman Firm's status report regarding discovery against Mei Ling. I make this declaration based on my personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.   On June 16, 2020, the Honorable Jacqueline Chooljian, United States Magistrate Judge held a telephonic hearing on the Relman Firm's Motion for Sanctions and Entry of Default Judgment Against Mei Ling (the "Sanctions Motion"). During the hearing, Judge Chooljian deferred ruling on the Relman Firm's Sanctions Motion and ordered the Relman Firm "to email and to deliver to Mei Ling today, copies of: (a) Rule 26(a)(1) of the Federal Rules of Civil Procedure (relating to initial disclosure obligations); (b) Plaintiff's First Set of Interrogatories to Mei Ling ("Ling Interrogatories"); and (c) Plaintiff's First Set of Requests for Production Directed to Mei Ling ("Ling Document Requests")." ECF No. 133. The Court also ordered Ms. Ling "to produce to Plaintiff's Counsel by email and mail, by not later than Friday, June 19, 2020: (a) her initial disclosures; (b) her responses to the Ling Interrogatories and the Ling Document Requests, without objection, as such objections have been waived; and (c) all documents in her possession, custody or control responsive to the Ling Document Requests." ECF No. 133. During the hearing, Ms. Ling said that she has "some important things on a flash drive." Attached as **Exhibit 1** is a true and correct copy of an excerpt of the transcript of the June 16, 2020 hearing.

3.   Pursuant to the Magistrate Judge's June 16 order, the Relman Firm sent to Ms. Ling the Relman Firm's First Set of Requests for Production, the Relman Firm's First Set of Interrogatories, and an excerpt of Federal Rule of Civil Procedure 26(a)(1) by courier to 6750 Whitsett Avenue, #310, North Hollywood, CA 91606, and by email at mei.ling818@yahoo.com.  Attached as **Exhibit 2** is a true and correct copy my June 16

1

cover letter to Ms. Ling.  Attached as **Exhibit 3** is a true and correct copy of my June 16 email to Ms. Ling.  Attached as **Exhibit 4** is a true and correct copy of an email from First Legal Court & Process confirming delivery to Ms. Ling's address on June 16 at 5:55 p.m. PT.  Attached as **Exhibit 5** is a true and correct copy of a photograph taken by First Legal Court & Process, which shows the June 16 package clipped to the door of Ms. Ling's apartment.

4. On June 18, 2020, Ms. Ling called me to discuss this matter.  During that call, Ms. Ling stated that she did not receive on June 16 the Relman Firm's First Set of Requests for Production, the Relman Firm's First Set of Interrogatories, or the excerpt of Federal Rule of Civil Procedure 26(a)(1). I informed Ms. Ling that these documents were delivered to Ms. Ling by courier and email.  Ms. Ling acknowledged that someone was checking her email for her, but was unwilling or unable to say whether that person could confirm receipt of my June 16 email.  Ms. Ling also indicated that she intended to file an *ex parte* application for an extension of time to respond to the Relman Firm's discovery requests.  I stated several times that the Relman Firm would not agree to an extension of time given the June 22 discovery cutoff.

5. On June 18, 2020, I copied Ms. Ling on an email I sent to Judge Gutierrez's and Judge Chooljian's courtroom deputy clerks.  This email confirmed delivery of the Relman Firm's discovery requests and an excerpt of Rule 26(a)(1) to Ms. Ling pursuant to Judge Chooljian's June 16 order.  The Relman Firm's discovery requests were included in an attachment to this email.  Attached as **Exhibit 6** is a true and correct copy of my June 18 email.

6. On June 19, 2020, Ms. Ling did not produce initial disclosures, responses to the Ling Interrogatories and Ling Documents Requests, or any documents.  Instead, Ms. Ling submitted an *ex parte* application requesting an extension of the discovery cutoff.  The Relman Firm has opposed this motion.  As of the filing of this declaration, the Court has not ruled on Ms. Ling's *ex parte* application.  Attached as **Exhibit 7** is a true and correct copy of Ms. Ling's *ex parte* application.

7. On June 20, 2020, Ms. Ling sent an email to the Relman Firm's counsel and others. Attached as **Exhibit 8** is a true and correct copy of Ms. Ling's June 20 email.

8. On June 22, 2020, I emailed Ms. Ling and asked her to consent to a mutual dismissal of the claims asserted by the Relman Firm and Ms. Ling against each other and the entry of a consent judgment awarding the Relman Firm the same relief that the Relman Firm has asked the court to enter in Paragraph 3 of the proposed order that appears at ECF 118-22. As of the filing of this declaration, Ms. Ling has not responded to this email.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2020, in Alexandria, Virginia.

*/s/ Steven J. Winkelman*
STEVEN J. WINKELMAN