UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | #130 (8/10 off) |
|---|---|---|
| Case No. | CV 19-8612 PSG (JCx) | Date  August 3, 2020 |
| Title | Relman Colfax PLLC v. Fair Housing Counsel of San Fernando Valley et al. | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    Order DENYING Defendant FHC's motion

    Before the Court is Defendant Fair Housing Council of San Fernando Valley's ("FHC") motion to correct under Rule 60(a).  *See* Dkt. # 130 ("*Mot.*").  Plaintiff Relman Colfax ("Plaintiff") opposes, *see* Dkt. # 147 ("*Opp.*"), and FHC replied, *see* Dkt. # 150 ("*Reply*"). Defendant Mei Ling has not submitted a filing on this matter.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); L.R. 7-15.  After considering the moving papers, the Court **DENIES** the motion.

I.     Background

    This case presents a fee dispute between Defendants and Plaintiff, their original law firm in the related qui tam action, *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-974 PSG (JCx).  In 2010, FHC and Defendant Ling hired Plaintiff, a firm based in Washington, D.C., to file a False Claims Act ("FCA") lawsuit against the City of Los Angeles and its Community Redevelopment Agency.  *See Complaint*, Dkt. # 1 ("*Compl.*"), ¶ 3.  Plaintiff worked on the case from 2010 through 2016.  *See id.* ¶¶ 3, 45.  In December 2016, FHC informed Plaintiff that it had no intention to honor the Agreement, and Plaintiff stopped all work on the case.  *See id.* ¶¶ 46–48.

    On March 1, 2018, Plaintiff filed this action in the U.S. District Court for the District of Columbia.  *See generally id.*  It brought a cause of action for anticipatory breach of contract and for a declaratory judgment, alleging that Defendants are obligated to fulfill the fee obligations in their retainer agreement ("Agreement").  *See id.* at 15.  On September 27, 2019, the D.C. district court transferred the case to this District under 28 U.S.C. § 1404(a).  *See* Dkt. # 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | August 3, 2020 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Counsel of San Fernando Valley et al. | | |

FHC then moved for judgment on the pleadings. *See* Dkt. # 108. On May 28, 2020, the Court issued an order ("the Order") granting in part and denying in part FHC's motion. *See May 28, 2020 Order*, Dkt. # 126 ("*May 28 Order*"), at 8. As background, the Court briefly summarized the terms of the Agreement:

> If Plaintiff secured a monetary award, Defendants would pay Plaintiff the greater of its actual fees and costs or one-third of Defendants' monetary award. *See Contingency Fee Agreement*, Dkt. # 108-3 ("*Agreement*"), at 2. If Defendants allowed Plaintiff to apply to the Court for a fee-and-cost award, Defendants would owe Plaintiff the difference between the court-awarded fees and one-third of Defendants' monetary award. *See id.* Defendants would not owe Plaintiff any amount only if Defendants did not prevail in the action. *See id.*

*See id.* at 2.

The Court dismissed Plaintiff's anticipatory breach claim because the contract was unilateral, and a party cannot assert an anticipatory breach claim on a unilateral contract under D.C. law. *See id.* at 6. The Court denied the motion as to Plaintiff's declaratory judgment claim, concluding that it had jurisdiction over the claim because the parties are engaged in a live controversy. *See id.* at 6–8. In its analysis of both claims, the Court neither interpreted nor adjudicated the Agreement's terms. *See generally id.*

FHC now moves the Court to correct the Order under Rule 60(a), arguing that the Court omitted that Plaintiff's fees would be calculated using the lodestar method. *See generally Mot.*

II.  Legal Standard

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). In deciding motions under Rule 60(a), the court's original intent is the controlling factor. *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). The court may invoke Rule 60(a) where a clerical error resulted in language that did not accurately memorialize the court's intended holding. *In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986). Thus, application is limited to demonstrated "blunders of execution." *Blanton*, 813 F.2d at 1577 n.2. Courts may not use Rule 60(a) to correct erroneous applications of law. *Id.*; *cf.* Fed. R. Civ. P. 60(b) (allowing reconsideration for "any other reason that justifies relief").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | August 3, 2020 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Counsel of San Fernando Valley et al. | | |

Rather, corrections must "reflect the contemporaneous intent of the district court as evidenced by the record." *Garamendi*, 683 F.3d at 1079–80.

III.  Discussion

FHC argues that the Court should amend the Order to state that Plaintiff's fees would be calculated using the lodestar method. *See Mot.* 4. Although FHC concedes that the Court did not interpret the Agreement in the Order, according to FHC, Plaintiff could misuse this language later in the case. *See Reply* 2. Plaintiff responds that Rule 60(a) does not authorize FHC's "correction" because it concerns a legal or factual dispute, and not a clerical mistake or oversight. *See Opp.* 3–4. In Plaintiff's view, the Court should leave the Order as-is and address the parties' differing interpretations of the Agreement on summary judgment. *See id.* 1.

The Court agrees with Plaintiff. Rule 60(a) is not the appropriate mechanism for FHC to appeal the Court's characterization of the Agreement. Rule 60(a) is reserved for clerical mistakes that obscure a court's intended holding, not to "prevent misuse" of a disputed fact. *See Reply* 2:16. FHC does not explain how the Court's summary muddles what the Court held in the Order, particularly when, as FHC notes, "there are no indications . . . that [the Court] intended to render any interpretive analysis or adjudication" on the Agreement. *See Mot.* 5:2–5. Despite what FHC argues to the contrary, its proposed changes "are based on alleged substantive legal or factual mistakes with the . . . [O]rder . . . . As such, the changes fall beyond the scope of clerical mistakes and oversights permitted under Rule 60(a)." *See Re v. United States*, No. C 13-03518 WHA, 2014 WL 296046, at *2 (N.D. Cal. Jan. 27, 2014) (citing *Blanton*, 813 F.2d at 1577).

Summary judgment is the appropriate vehicle for resolving this dispute. The parties are correct that the Court did not intend to interpret the Agreement in the Order, but instead summarized its terms as factual background. *See Mot.* 6; *Opp.* 2. On a motion for judgment on the pleadings, all material allegations of the non-moving party must be accepted as true and construed in the light most favorable to that party. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The standard differs on summary judgment. Further, unlike FHC's motion for judgment on the pleadings, it appears from the parties' motions here that they intend to put forth their competing interpretations of the Agreement on summary judgment. *See Opp.* 1; *Reply* 2. The Court will consider those competing interpretations then, rather than inappropriately resolving the parties' dispute under Rule 60(a).

Accordingly, FHC's motion is **DENIED**.

..

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | August 3, 2020 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Counsel of San Fernando Valley et al. | | |

IV. Conclusion

For the foregoing reasons, the Court **DENIES** FHC's motion.

**IT IS SO ORDERED**