Ryan H. Weinstein (Bar No. 240405)
 rweinstein@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Benjamin J. Razi (admitted *pro hac vice*)
 brazi@cov.com
Andrew Soukup (admitted *pro hac vice*)
 asoukup@cov.com
Steven Winkelman (admitted *pro hac vice*)
 swinkelman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC,<br><br>       Plaintiff,<br><br>       v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>       Defendants.<br><br>MEI LING,<br><br>       Counter-Claimant,<br><br>       v.<br><br>RELMAN COLFAX PLLC,<br><br>       Counter-Defendant. | Case No. 2:19-cv-08612-PSG-JC<br><br>**RELMAN COLFAX PLLC'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST MEI LING**<br><br>**[Declarations of Steven J. Winkelman and Michael Allen filed concurrently]** |

**RELMAN COLFAX PLLC'S STATEMENT OF UNCONTROVERTED FACTS**

Plaintiff and Counter-Defendant Relman Colfax PLLC (the "Relman Firm") hereby submits this Statement of Uncontroverted Facts in support of its Motion for Summary Judgment against Mei Ling.

## I.   UNDISPUTED FACTS

| Relman Firm's Undisputed Material Facts | Evidence Supporting Relman Firm's Undisputed Material Facts |
| --- | --- |
| 1.   Relman Colfax PLLC is a civil rights law firm headquartered in the District of Columbia. | Allen Decl. ¶¶ 2, 3. |
| 2.   On December 8, 2010, Ms. Ling signed an agreement ("the Agreement") retaining the Relman Firm to represent Ms. Ling in a civil suit under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, against the City of Los Angeles and the Community Redevelopment Agency of the City of Los Angeles ("Community Redevelopment Agency) based on alleged violations of the False Claims Act (the "False Claims Act Litigation"). | Allen Decl. Ex. A. |
| 3.   The Agreement sets forth the obligations that Ms. Ling and the Relman Firm owed each other. | Allen Decl. Ex. A. |
| 4.   Paragraph 1 of the Agreement sets | Allen Decl. Ex. A. |

1

| Relman Firm's Undisputed Material Facts | Evidence Supporting Relman Firm's Undisputed Material Facts |
|---|---|
| forth Ms. Ling's obligations to pay attorney's fees to the Relman Firm. | |
| 5.    In agreeing to represent Ms. Ling on a contingency basis, the Relman Firm accepted the risk that it might receive no compensation for its efforts in the False Claims Act Litigation with the understanding that if Ms. Ling did obtain monetary relief, the firm would receive at least a "one-third share of any recovery." | Allen Decl. Ex. A; Allen Decl. ¶ 11; Allen Dep. at 66:7-10 (Winkelman Decl. Ex. 1). |
| 6.    The Agreement provides that "[i]f the Litigation is resolved by a lump sum settlement or offer of judgment that provides for a monetary award to [Ms. Ling] but makes no separate provision for fees and waives [Ms. Ling's] right to seek court-awarded fees, the Firm shall be entitled to one-third (33 1/3%) of the monetary award, in addition to costs, or the Firm's actual fees and costs (calculated in the manner described below), whichever is greater. If the Litigation is resolved by summary judgment or a trial at which [Ms. Ling] prevails, the Firm shall be entitled to one- | Allen Decl. Ex. A, ¶ 1(A)-(B). |

RELMAN COLFAX PLLC'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST MEI LING

| Relman Firm's Undisputed Material Facts | Evidence Supporting Relman Firm's Undisputed Material Facts |
|---|---|
| third (33 1/3%) of the monetary amount awarded to [Ms. Ling] in the court proceeding, in addition to costs, or the court's award of statutory fees and costs, whichever is greater." | |
| 7.      The Agreement provides that the Relman Firm "will ask the court to award attorneys' fees and costs, to be paid by the Defendants.  If the amount awarded by the court is less than one-third of the monetary amount awarded by order or judgment, [Ms. Ling] shall be responsible for paying the Firm the difference between the court-awarded fees and one-third of the monetary award to [Ms. Ling]." | Allen Decl. Ex. A, ¶ 1(B). |
| 8.      Under the Agreement, the only circumstance in which Ms. Ling does not owe the Relman Firm at least one-third of her monetary recovery is if the False Claims Act case "is resolved in a manner in which [Ms. Ling] does not prevail." | Allen Decl. Ex. A, ¶ 1(D). |
| 9.      On February 1, 2011, the Relman Firm filed, under seal, a *qui tam* civil suit pursuant to the False Claims Act on behalf of Ms. Ling and co-relator FHC in the | Complaint, *United States ex rel. Mei Ling v. City of Los Angeles*, Case No. 11-cv-00974 (C.D. Cal.), ECF No. 1. |

| Relman Firm's Undisputed Material Facts | Evidence Supporting Relman Firm's Undisputed Material Facts |
|---|---|
| United States District Court for the Central District of California as Case No. 11-cv-00974 (C.D. Cal.). | |
| 10.     The Relman Firm substantially performed its obligations under the Agreement. | Allen Decl. ¶ 12. |
| 11.     As part of its representation of Ms. Ling in the False Claims Act Litigation, attorneys from the Relman Firm gathered and analyzed documents from Ms. Ling and FHC; conducted substantial additional factual research of their own; performed in-depth legal research; constructed the disclosure statement to the U.S. Department of Justice, as well as supporting declarations and exhibits; and drafted the complaint.  Relman Firm attorneys served the disclosure statement on the Attorney General, and thereafter conferred regularly with one or more Department of Justice attorneys regarding the Relman Firm's factual and legal theories. | Allen Decl. ¶ 12. |
| 12.     Ms. Ling terminated the Relman Firm after she learned that the government | Allen Decl. ¶¶ 13, 15, Ex. D. |

RELMAN COLFAX PLLC'S STATEMENT OF UNCONTROVERTED  FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST MEI LING

| Relman Firm's Undisputed Material Facts | Evidence Supporting Relman Firm's Undisputed Material Facts |
|---|---|
| had scheduled a phone call to discuss the "relator's share" in the False Claims Act Litigation. | |
| 13.     At the time it was fired, the Relman Firm stood ready to continue representing Ms. Ling in the False Claims Act Litigation, either by persuading the government to intervene or by litigating the case through trial (if necessary) if the government elected not to intervene. | Allen Decl. ¶ 16. |
| 14.     On May 30, 2017, the United States announced its intention to intervene in the False Claims Act Litigation and subsequently filed a Complaint in Intervention on July 31, 2017. | *United States ex rel. Mei Ling v. City of Los Angeles*, Case No. 11-cv-00974 (C.D. Cal.), ECF Nos. 91, 98. |
| 15.     On July 12, 2019, the United States, FHC, and the Community Redevelopment Agency reached a settlement in the FCA Litigation. | *United States ex rel. Mei Ling v. City of Los Angeles*, Case No. 11-cv-00974 (C.D. Cal.), ECF No. 315-1 at 2. |
| 16.     On December 10, 2019 the Community Redevelopment Agency, FHC, and the Relman Firm reached a settlement regarding the Relman Firm's reasonable attorney's fees and costs for its representation of FHC in the FCA | *United States ex rel. Mei Ling v. City of Los Angeles*, Case No. 11-cv-00974 (C.D. Cal.), ECF No. 315-1. |

| Relman Firm's Undisputed Material Facts | Evidence Supporting Relman Firm's Undisputed Material Facts |
|---|---|
| Litigation. | |
| 17.     Ms. Ling did not and will not authorize the Relman Firm to file a motion to recover any attorney's fees and costs from the Community Redevelopment Agency. | *United States ex rel. Mei Ling v. City of Los Angeles*, Case No. 11-cv-00974 (C.D. Cal.), ECF No. 315-1 at 3-4 ("The [Community Redevelopment Agency] asserts that, on or about May 20, 2019, Ling indicated in writing that she, as one of the Relman Firm's prior clients, did not want the Relman Firm to recover any attorney's fees and costs from the [Community Redevelopment Agency].") |
| 18.     Ms. Ling will not permit the Relman Firm to seek any attorney's fees and costs from the City of Los Angeles if the False Claims Act Litigation settles. | Allen Decl. ¶ 17. |

DATED:  September 14, 2020      COVINGTON & BURLING LLP


By:   /s/ Ryan H. Weinstein
        RYAN H. WEINSTEIN
        BENJAMIN J. RAZI
        ANDREW SOUKUP
        STEVEN WINKELMAN

        Attorneys for Plaintiff/Counter-Defendant
        RELMAN COLFAX PLLC