| | |
|---|---|
| Ryan H. Weinstein (Bar No. 240405) | Benjamin J. Razi (admitted *pro hac vice*) |
| rweinstein@cov.com | brazi@cov.com |
| COVINGTON & BURLING LLP | Andrew Soukup (admitted *pro hac vice*) |
| 1999 Avenue of the Stars, Suite 3500 | asoukup@cov.com |
| Los Angeles, California 90067-4643 | Steven Winkelman (admitted *pro hac vice*) |
| Telephone: + 1 (424) 332-4800 | swinkelman@cov.com |
| Facsimile: + 1 (424) 332-4749 | COVINGTON & BURLING LLP |
| | One CityCenter, 850 Tenth Street, NW |
| | Washington, DC 20001-4956 |
| | Telephone: + 1 (202) 662-6000 |

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>　　Defendants. | Case No. 2:19-cv-08612-PSG-JC<br><br>**DECLARATION OF MICHAEL ALLEN IN SUPPORT OF THE RELMAN FIRM'S MOTION FOR SUMMARY JUDGMENT OR DEFAULT JUDGMENT AGAINST MEI LING** |
| MEI LING,<br><br>　　Counter-Claimant,<br><br>　　v.<br><br>RELMAN COLFAX PLLC,<br><br>　　Counter-Defendant. | |

## DECLARATION OF MICHAEL ALLEN

I, Michael Allen, declare:

1. I am a partner at Relman Colfax PLLC (the "Relman Firm"). This declaration is offered in support of the Relman Firm's Memorandum in Support of its Motion for Summary Judgment or Default Judgment Against Mei Ling. I make this declaration based on my personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. I have been a member of the District of Columbia bar since 1986. The Relman Firm's principal office—where I work—is located at 1225 19th Street NW, Washington, D.C. 20036.

3. The Relman Firm has significant experience in civil rights litigation and has successfully brought claims against private and municipal defendants under the False Claims Act and other statutes seeking to further fair housing access for disabled persons.

4. I led the Relman Firm's representation of Mei Ling and the Fair Housing Council of San Fernando Valley ("FHC") in the False Claims Act lawsuit they filed as relators on behalf of the United States against the City of Los Angeles and the Community Redevelopment Agency of the City of Los Angeles (the "False Claims Act case").

5. In the fall of 2010, I discussed with Ms. Ling formalizing our attorney-client relationship through a written retainer agreement.

6. Before sending the draft agreement to Ms. Ling, I invited her to discuss the terms of the proposed agreement.

7. I drafted and signed the retainer agreement in the Relman Firm's District of Columbia office. On December 6, 2010, I sent two originals of a proposed retainer agreement to Ms. Ling.

8. Ms. Ling did not contact me with any questions or concerns about the proposed retainer agreement. Instead, Ms. Ling signed the retainer agreement and returned it to the Relman Firm. A true and correct copy the Relman Firm's retainer agreement with Ms. Ling is attached hereto as **Exhibit A**.


9. Ms. Ling signed the retainer agreement on December 8, 2010.

10. Under its retainer agreement with the Relman Firm, Ms. Ling agreed in Paragraph 1.A that "[i]f the [False Claims Act case] is resolved by a lump sum settlement or offer of judgment that provides for a monetary award to the Client but makes no separate provision for fees and waives [Ms. Ling]'s right to seek court-awarded fees, the Firm shall be entitled to one-third (33 1/3%) of [its] monetary award, in addition to costs, or the Firm's actual fees and costs (calculated in the manner described below), whichever is greater." Ex. A at 2. In Paragraph 1.B, Ms. Ling and the Relman Firm agreed that "[i]f the amount awarded by the court is less than one-third of the monetary amount awarded by order or judgment," Ms. Ling "shall be responsible for paying the Firm the difference between the court-awarded fees and one-third of the monetary award to [Ms. Ling]." In Paragraph 1.C, Ms. Ling and the Relman Firm agreed that the firm's "actual fees and costs" would be calculated "utilizing the 'lodestar' method." *Id.*

11. Under the retainer agreement, the only circumstance in which Ms. Ling does not owe the Relman Firm at least one-third of her monetary recovery is if the False Claims Act case "is resolved in a manner in which [Ms. Ling] does not prevail." Ex. A at 2.

12. The False Claims Act case was a major undertaking for the Relman Firm. My team and I gathered and analyzed documents from and Ms. Ling and FHC; conducted substantial additional factual research on our own; performed in-depth legal research; constructed the disclosure statement to the U.S. Department of Justice, as well as supporting declarations and exhibits; and drafted the complaint. We served the disclosure statement on the Attorney General, and thereafter conferred regularly with one or more Department of Justice attorneys regarding our factual and legal theories.

13. In December 2016, the Relman Firm learned that the Department of Justice wanted to discuss with relators the status of the settlement discussions and to discuss relator's share. On Friday, December 16, 2016, a Department of Justice attorney emailed me and separate counsel for Ms. Ling and FHC to schedule a call on Monday, December 19, 2016 to discuss these issues. I understood this to mean that the United States would

soon intervene in the False Claims Act case, which it did in May 2017. A true and correct copy of the December 16, 2016 email is attached as **Exhibit B.**

14. The government's decision to intervene was a major victory for Ms. Ling and FHC. It is my understanding that the government and the relators obtain a recovery—either by settlement or judgment—in the overwhelming majority of cases in which the government intervenes. Government intervention would not have occurred without the extraordinary work performed by the Relman Firm.

15. Notwithstanding this extraordinary result, after learning of the December 19, 2016 call to discuss the status of the settlement discussions and to discuss relator's share, Ms. Ling and the FHC's executive director, Sharon Kinlaw, emailed me and other Relman Firm attorneys in December 2016 to terminate us as their counsel in the False Claims Act case. A true and correct copy of the email I received from Ms. Kinlaw on December 18, 2016, is attached as **Exhibit C**. A true and correct copy of the email I received from Ms. Ling on December 19, 2016, is attached as **Exhibit D**.

16. At the time Ms. Ling terminated the Relman Firm, the Relman Firm stood ready to continue providing excellent legal counsel on behalf of Ms. Ling, either by persuading the government to intervene, or by litigating the case through trial (if necessary) if the government elected not to intervene.

17. It is my understanding that Ms. Ling opposed any settlement with CRA/LA that would permit the Relman Firm to seek attorney's fees and costs, and would likewise oppose any settlement with the City of Los Angeles that would permit the Relman Firm to seek attorney's fees and costs.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 14, 2020, in Washington, D.C.

MICHAEL ALLEN