# Exhibit 1

**Allen Deposition Excerpts**

Atkinson-Baker, Inc.
www.depo.com

```
 1              UNITED STATES DISTRICT COURT

 2             CENTRAL DISTRICT OF CALIFORNIA

 3                    WESTERN DIVISION

 4   - - - - - - - - - - - - - - - - - - )

 5   RELMAN COLFAX PLLC,                  )

 6           Plaintiff,                   )

 7        vs.                             ) Case Number:

 8   FAIR HOUSING COUNCIL OF              ) 2:19-cv-08612 PSG (JCx)

 9   SAN FERNANDO VALLEY AND MEI LING,    )

10           Defendants.                  )

11   - - - - - - - - - - - - - - - - - - )

12   MEI LING,                            )

13           Counterclaimant,             )

14        vs.                             )

15   RELMAN COLFAX, PLLC,                 )

16           Counterdefendant.            )

17   - - - - - - - - - - - - - - - - - - )

18              30(b)(6) ZOOM DEPOSITION OF

19      RELMAN COLFAX, PLLC by and through MICHAEL ALLEN

20                  MONDAY, JUNE 8, 2020

21
```

**CERTIFIED COPY**

Atkinson-Baker, Inc.
www.depo.com

1    Q.   What is your best memory of what was said in that
2  conversation with the Fair Housing Council?
3    A.   We're talking about a conversation that would
4  have been close to ten years ago.  And my best recollection
5  is that have been conveyed our belief that there was at
6  least a plausible or viable claim under the False Claims
7  Act that it would make sense to proceed, consider
8  proceeding with the submission of the disclosure statements
9  to the Department of Justice, and concurrent or near
10 concurrent filing of a matter under seal.  And that a
11 representation for purposes of litigation would be a
12 prudent step for all parties.
13   Q.   Anything else in that conversation that you
14 recall?
15   A.   Not that I recall.
16   Q.   Before sending the retainer agreement to the FHC,
17 did you discuss with anyone at the FHC the terms of the
18 proposed retainer agreement?
19   A.   Other than broadly speaking in conversations
20 perhaps as early as spring with Sharon Kinlaw that the firm
21 would not charge the Fair Housing Council for its time or

Atkinson-Baker, Inc.
www.depo.com

```
 1  its costs going forward, that if there was no favorable
 2  outcome on behalf of the Fair Housing Council that the
 3  Fair Housing Council would owe my firm nothing and that the
 4  fee-shifting provisions of the False Claims Act would
 5  permit us to seek recoupment or reimbursement of fees under
 6  certain circumstances from the Defendants.
 7            ==And that my firm also would be willing to take on==
 8  ==the risk of the litigation both in terms of time and==
 9  ==expenses in exchange for a contingent or one-third share of==
10  ==any recovery.==  I don't think I had any other conversations
11  with them in advance of sending the retainer fee.
12       Q.   With whom did you have that conversation?
13       A.   As I said, I don't know if it was a single
14  conversation or whether it was repeated.  My best
15  recollection is that that conversation or elements of it
16  would have been with Sharon Kinlaw.
17            As it deals with the Fair Housing Council,
18  obviously, a parallel conversation or conversations with
19  Ms. Ling with respect to the same issues.
20       Q.   Pardon me just a second.
21            (Pause.)
```