# Exhibit 8

**Relman Firm's First Set of Interrogatories to Ms. Ling**

Ryan H. Weinstein (Bar No. 240405)
 rweinstein@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Benjamin J. Razi (admitted *pro hac vice*)
 brazi@cov.com
Andrew Soukup (admitted *pro hac vice*)
 asoukup@cov.com
Steven Winkelman (admitted *pro hac vice*)
 swinkelman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN, DANE & COLFAX PLLC, | Case No. 2:19-cv-08612-PSG-JC |
| Plaintiff, | |
| v. | **RELMAN COLFAX PLLC'S FIRST SET OF INTERROGATORIES TO MEI LING** |
| FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING, | Judge: Hon. Philip S. Gutierrez |
| Defendants. | |

MEI LING,

      Counter-Claimant,

      v.

RELMAN, DANE & COLFAX PLLC,

      Counter-Defendant.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant Relman Colfax PLLC (the "Relman Firm") hereby propounds its First Set of Interrogatories upon Defendant and Counter-Claimant Mei Ling ("Ms. Ling"). Ms. Ling shall serve a written response to these requests answered under oath to the offices of Covington & Burling LLP, One CityCenter, 850 Tenth Street NW, Washington, DC 20001, within thirty (30) days from the date of service of these requests.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.     "Relman Firm" means Relman Colfax PLLC (formerly known as Relman, Dane & Colfax PLLC) and its employees or representatives.

2.     "Agreement" or "Agreements" means the retainer agreements between the Relman Firm and You, which You executed on December 8, 2010.

3.     "Communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise), including verbally, in writing, by email, by text message, by messaging app, or via social media.

4.     "Complaint" means the Complaint filed by the Relman Firm in this action, *Relman, Dane & Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al.*, No. 2:19-cv-08612 (C.D. Cal.).

5.     "FHC" means Fair Housing Counsel of San Fernando Valley, and its agents, employees, representatives, and all Persons currently or previously acting or purporting to act on its behalf, excluding the Relman Firm.

6.     "FCA Action" means *United States ex rel. Mei Ling v. City of Los Angeles, et al.*, No. 2:11-cv-00974-PSG-JC (C.D. Cal.).

7.     "Document" means documents or electronically stored information consistent with the scope set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes (i) writings, drawings, graphs, charts, photographs, notes, sound recordings, images, and other data or data compilations; (ii) the original of any document, a copy of the original, or all versions of any document that are not identical to the original; and (iii) all material transmitted or accessed via any electronic device, including e-mails, e-documents, electronic data or databases, electronic messages, website postings, and current or historical web pages.

8.     "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such person.

9.     "relate to" means concerns, involves, or arises from.

10.    "relating to" means concerning, reflecting, referring to, describing, evidencing, proving, disproving, summarizing, containing, analyzing, explaining, mentioning, discussing, describing, supporting, or constituting.

11.    "You" and "Your" mean Mei Ling, her agents, representatives, and all Persons currently or previously acting or purporting to act on her behalf, excluding the Relman Firm.

## INSTRUCTIONS

1.     The interrogatories set forth below are to be answered to the extent the information requested is or may be available to You or to any other Person or entity that has acted or is now acting on Your behalf.

2

2.     If You are unable to answer any of the interrogatories fully and completely after exercising reasonable effort and due diligence to secure the requested information, You should so state and should answer each such interrogatory to the fullest extent possible, specify the portion of the interrogatory that You claim You are unable to answer fully and completely, and state what knowledge, information, or belief You have concerning the unanswered portion of the interrogatory.

3.     The term "Identify" when referring to a Person, requires You to list the name and address of the Person or, if You do not have that information available, the best description You have of who that Person is and where that Person can be found.

4.     The term "Identify" when referring to a Document or Communication, requires You to list the following:

  (a)  the source(s) or author(s) of the Document or Communication;

  (b)  the recipient(s) of the Document or Communication;

  (c)  the form of the Document or Communication (*e.g.*, letter, memorandum, or notes; oral, written, or other) and length;

  (d)  the date of the Document or Communication;

  (e)  where the Communication took place; and the names of the individuals present during the Communication.

5.     If a Document is produced in response to "Plaintiff and Counter-Defendant Relman Colfax PLLC's First Set of Requests for Production Directed to Mei Ling," it is sufficient to identify the Document by Bates number.

6.     In construing these interrogatories:

  (a)  the singular shall be deemed to include the plural and vice versa, so as to make each interrogatory inclusive rather than exclusive;

  (b)  the word "and" shall be deemed to include the disjunctive "or" and vice versa, so as to make each interrogatory inclusive rather than exclusive;

(c)   the past tense shall be construed to include the present and future tenses and vice versa, so as to make each interrogatory inclusive rather than exclusive; and

(d)   the terms "each," "every," "all," and "any," whether used separately or together, shall be interpreted to encompass all Documents, material, events, incidents, Persons, or information responsive to the Interrogatory in which those terms appear.

7.   A request for You to "provide all facts that form the basis" in support of an allegation means You must describe with reasonable specificity each fact, incident, act, omissions, event, date Person, Document, Communication, and/or legal contention that pertain to the matter(s) inquired into the interrogatory, including, in particular, identifying the source of any information and the particular facts or information provided by that source, including (as appropriate) the information requested in Instructions 3 and 4.

8.   These interrogatories are continuing in nature and require supplemental responses as provided by Rule 26(e) of the Federal Rules of Civil Procedure in the event You obtain or discover additional relevant information between the time of the initial response to these interrogatories and the time of the final disposition of this action.

## INTERROGATORIES

### INTERROGATORY NO. 1

For each interrogatory, identify every Person that assisted in answering the interrogatory or contributed information or documents in support of the answer to the interrogatory.

### INTERROGATORY NO. 2

Identify all fee agreements You entered into (or considered entering into, but did not) related to the FCA Action and the dates of those agreements.

### INTERROGATORY NO. 3

State all the reasons why You believe You are not required to pay the Relman Firm one-third of any monetary recovery You receive in the FCA Action.

### INTERROGATORY NO. 4

If You contend that the Relman Firm breached the Agreement, describe and give the date of every act or omission that You claim constitutes a breach of the Agreement and identify all documents that You maintain support Your contentions.

### INTERROGATORY NO. 5

If You contend that the Agreement is invalid, voidable, and/or unenforceable, describe the basis for Your contention that the Agreement is invalid, voidable, and/or unenforceable and identify all documents that You maintain support Your contentions.

### INTERROGATORY NO. 6

If You contend that the there was a lack of substantial performance by the Relman Firm, describe the basis for Your contention that there was such a lack of substantial performance and identify all documents that You maintain support Your contentions.

### INTERROGATORY NO. 7

If You contend that any language in the Agreement is ambiguous, identify each such term or provision that You contend is ambiguous, describe the basis for Your contention that such term or provision is ambiguous, and identify all documents that You maintain support Your contentions.

**INTERROGATORY NO. 8**

State the factual basis for Your allegation that the Relman Firm had a conflict of interest while representing You and/or other parties in the FCA Action and/or the Section 504 Action including, but not limited to, the factual basis for the following allegations:

(1) "[T]he contingency fee agreement upon which Relman bases its claim is invalid based on a conflict of interest caused by the plaintiff's simultaneous representation of clients with potential or actual adverse interests without obtaining a proper conflict waiver." Ling's First Am. Answer, Affirmative Defenses, & Countercls., ECF No. 85 at ¶ 72.

(2) "[Plaintiff[] deliberate[ly] attempt[ed] to undermine the value of [Ms. Ling's] case, in the hopes of advancing the firm's own interests in a separate lawsuit." Mot. Dismiss, ECF No. 22-1 at 8.

(3) "Relman's representation of the FHC and two additional parties in the Section 504 action directly and detrimentally impacted Ling's prosecution of her FCA case." *Id.* at 14.

(4) "Relman's concealment of its Section 504 litigation tactics led to the termination of Plaintiff's representation of Ling in the FCA case." *Id.*

**INTERROGATORY NO. 9**

State the factual basis for Your allegation that the Relman Firm breached a fiduciary duty to You during the FCA Action and/or the Section 504 Action including, but not limited to, the factual basis for the following allegations:

(1) "[T]he contingency fee agreement upon which Relman bases its claim is invalid based on Relman's breaches of fiduciary duty to Ling . . . ." Ling's First Am. Answer, Affirmative Defenses, & Countercls., ECF No. 85 at ¶ 73.

(2) "Relman[] disclos[ed] . . . the sealed Qui Tam complaint in Case No. 11-cv-00974 to two of Relman's Case No. 12-CV-00551 co-plaintiff clients . . . without Ling's knowledge or consent." *Id.*

(3) "Relman[] false[ly] represent[ed] to co-relator FHC that Ling had approved a 'side agreement,' in which Relman also urged 'FHC' to not oppose the City of Los Angeles' 'political reasons' based attempt to obtain a 'credit' in the [FCA Action] for the amount of the City of L.A.'s settlement in [the 504 Action]." *Id.*

(4) "Relman[] advocat[ed] against Ling's interests to advance the interests of the City of L.A., and Relman's co-plaintiff clients in [the 504 Action], without Ling's knowledge or informed consent. . . ." *Id.*

(5) "The Relman Firm concealed facts material to [Ms. Ling's] recovery in [the FCA Action] to secure $16,000,000 in attorney's fees and costs in a related case." Mem. & P. & A. Supp. Mei Ling's Consent to Leave & Objection to Notice of Lien,  FCA Action ECF No. 103 at 2.

(6) "At no point during or after its representation of Ms. Ling did the Relman Firm ever disclose to her or co-counsel for Ms. Ling that the City made this request for a 'credit' or that the Relman Firm recommended the Fair Housing Council not object to it." *Id.* at 4.

(7) "[Relman]'s breach of loyalty and fidelity to me and to my case was the primary motivating factor for my termination of [Relman']'s representation." Ling Decl. Supp. Mot. Dismiss, ECF No. 22-2 at 7.

## INTERROGATORY NO. 10

State the factual basis for Your allegation that You have been harmed by the Relman Firm's alleged conduct including, but not limited to, the factual basis for the following allegations:

(1) "Ling was harmed by Relman's conduct . . . ."  Ling's First Am. Answer, Affirmative Defenses, & Countercls., ECF No. 85 at ¶ 127.

(2) "Relman has received a benefit at the expense of Ling." *Id.* at ¶ 129.

(3) "Ling was deprived of the benefits of her fiduciary relationship [with] Relman . . . ." *Id.* at ¶ 131.

1         (4) "[I was] irreparably harmed by [the Relman firm] in 2011-2012 . . . ." Decl.

2    Mei Ling Supp. Opp'n Mot. Withdraw, FCA Action ECF No. 271-1 at 7.

3

4

5    DATED: February 5, 2020     COVINGTON & BURLING LLP

6

7                          By: /s/ Ryan H. Weinstein

8                                RYAN H. WEINSTEIN

9                                BENJAMIN J. RAZI

10                               ANDREW SOUKUP
                                 STEVEN WINKELMAN

11

12                         Attorneys for Plaintiff/Counter-Defendant
                           RELMAN COLFAX PLLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2020, a true and correct copy of Plaintiff and

Counter-Defendant the Relman Firm's First Set of Interrogatories were served on the

following by the means set forth below:

*via overnight mail:*                          *via electronic mail:*
Mei Ling                                       Donald R. Warren
6750 Whitsett Ave. #310                        Phillip E. Benson
North Hollywood, California 91606.             WARREN - BENSON LAW GROUP
                                               7825 Fay Ave. Ste. 200
                                               La Jolla, CA 92037
                                               donwarren@warrenbensonlaw.com
                                               philbenson@warrenbensonlaw.com

                                               *Attorneys for Fair Housing Council of
                                               San Fernando Valley*

DATED: February 5, 2020

By: _____
        William J. Jarboe