# Exhibit 9

**Relman Firm's First Set of Requests for Production to Ms. Ling**

1  Ryan H. Weinstein (Bar No. 240405)
2   rweinstein@cov.com
   COVINGTON & BURLING LLP
3  1999 Avenue of the Stars, Suite 3500
4  Los Angeles, California 90067-4643
   Telephone: + 1 (424) 332-4800
5  Facsimile: + 1 (424) 332-4749
6
   Benjamin J. Razi (admitted *pro hac vice*)
7   brazi@cov.com
   Andrew Soukup (admitted *pro hac vice*)
8   asoukup@cov.com
9  Steven Winkelman (admitted *pro hac vice*)
    swinkelman@cov.com
10 COVINGTON & BURLING LLP
11 One CityCenter
   850 Tenth Street, NW
12 Washington, DC 20001-4956
13 Telephone: + 1 (202) 662-6000
14
   *Attorneys for Plaintiff / Counter-Defendant*
15 RELMAN COLFAX PLLC

16
17                    UNITED STATES DISTRICT COURT
18                  FOR THE CENTRAL DISTRICT OF CALIFORNIA
19                              WESTERN DIVISION
20

| | |
|---|---|
| RELMAN, DANE & COLFAX PLLC,<br><br>Plaintiff,<br><br>v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>Defendants. | Case No. 2:19-cv-08612-PSG-JC<br><br>**RELMAN COLFAX PLLC'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO MEI LING**<br><br>Judge: Hon. Philip S. Gutierrez |

MEI LING,

    Counter-Claimant,

    v.

RELMAN, DANE & COLFAX PLLC,

    Counter-Defendant.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant Relman Colfax PLLC (the "Relman Firm") hereby propounds its First Set of Requests for Production upon Defendant and Counter-Claimant Mei Ling ("Ms. Ling"). Ms. Ling shall serve a written response to these requests and produce responsive Documents at the offices of Covington & Burling LLP, One CityCenter, 850 Tenth Street NW, Washington, DC 20001, within thirty (30) days from the date of service of these requests.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Relman Firm" means Relman Colfax PLLC (formerly known as Relman, Dane & Colfax PLLC) and its employees or representatives.

2. "Agreement" or "Agreements" means the retainer agreements between the Relman Firm and You, which You executed on December 8, 2010.

3. "Communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise), including verbally, in writing, by email, by text message, by messaging app, or via social media.

4. "Complaint" means the Complaint filed by the Relman Firm in this action, *Relman, Dane & Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al.*, No. 2:19-cv-08612 (C.D. Cal.).

5. "FHC" means Fair Housing Counsel of San Fernando Valley, and its agents, employees, representatives, and all Persons currently or previously acting or purporting to act on its behalf, excluding the Relman Firm.

6. "FCA Action" means *United States ex rel. Mei Ling v. City of Los Angeles, et al.*, No. 2:11-cv-00974-PSG-JC (C.D. Cal.).

7. "Section 504 Action" means *Independent Living Center of Southern California v. City of Los Angeles, et al.*, No. 2:12-cv-00551-FMO-PJW (C.D. Cal.).

8. "City" means the city of Los Angeles, California and its employees or representatives.

9. "CRA" means the Community Redevelopment Agency of the City of Los Angeles and its employees or representatives.

10. "Document" means documents or electronically stored information consistent with the scope set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes (i) writings, drawings, graphs, charts, photographs, notes, sound recordings, images, and other data or data compilations; (ii) the original of any document, a copy of the original, or all versions of any document that are not identical to the original; and (iii) all material transmitted or accessed via any electronic device, including e-mails, e-documents, electronic data or databases, electronic messages, website postings, and current or historical web pages.

11. "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such person.

12. "relate to" means concerns, involves, or arises from.

13. "relating to" means concerning, reflecting, referring to, describing, evidencing, proving, disproving, summarizing, containing, analyzing, explaining, mentioning, discussing, describing, supporting, or constituting.

14. "You" and "Your" mean Mei Ling, her agents, representatives, and all Persons currently or previously acting or purporting to act on her behalf, excluding the Relman Firm.

## INSTRUCTIONS

1. If there are no Documents in Your possession, custody, or control that are responsive to a particular request, You should so state in Your response to each request.

2. If any Documents responsive to these requests are known by You to exist but are not in Your possession, custody, or control, identify those Documents and the Person who has possession, custody, or control of them.

3. In construing these requests:
   (a) the singular shall be deemed to include the plural and vice versa, so as to make each request inclusive rather than exclusive;
   (b) the word "and" shall be deemed to include the disjunctive "or" and vice versa, so as to make each request inclusive rather than exclusive;
   (c) the past tense shall be construed to include the present and future tenses and vice versa, so as to make each request inclusive rather than exclusive; and
   (d) the terms "each," "every," "all," and "any," whether used separately or together, shall be interpreted to encompass all Documents, materials, events, incidents, Persons, or information responsive to the request in which those terms appear.

4. If You withhold any Communication or Document requested on the ground that you claim is it is privileged or otherwise protected from disclosure, You shall:
   (a) identify such Communication or Document;

(b) identify each Person who participated in or was a party to such Communication or has seen, received, or otherwise had in their possession such Document;

(c) identify the date on which the Communication occurred and/or the Document was created or transmitted; and

(d) identify the claim of privilege You are asserting, and briefly state the basis upon which the claim of privilege rests.

5. These requests are continuing in nature and require supplemental responses as provided by Rule 26(e) of the Federal Rules of Civil Procedure in the event You obtain or discover additional relevant information or Documents between the time of the initial response to these requests and the time of the final disposition of this action.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All Documents and Communications relating to the Agreements, including, but not limited to, Your understanding and/or interpretation of the Agreements.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications relating to Your decision to hire the Relman Firm to represent You in the FCA Action.

**REQUEST FOR PRODUCTION NO. 3**

All Documents and Communications relating to Your decision to terminate the Relman Firm as Your counsel in the FCA Action.

**REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications relating to any decision You made (or considered making, but did not make) to retain or change counsel in the FCA Action.

**REQUEST FOR PRODUCTION NO. 5**

All Documents and Communications relating to the FCA Action, including, but not limited to, the Relman Firm's performance in the FCA Action and Your assessment of the Relman Firm's performance.

**REQUEST FOR PRODUCTION NO. 6**

All fee agreements You have entered into with any law firm and/or lawyer (besides the Relman Firm) relating to the FCA Action.

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications related to all fee agreements You entered into (or considering entering into, but did not) related to the FCA Action.

**REQUEST FOR PRODUCTION NO. 8**

All Documents and Communications relating to any actual or potential settlement of the FCA Action including, but not limited to, any Documents and Communications exchanged between You and any other Person relating to the potential settlement of the FCA Action, any Documents and Communications relating to an award of attorney's fees

in connection with the FCA Action, and the final settlement agreement between You and the CRA in the FCA Action.

**REQUEST FOR PRODUCTION NO. 9**

All Communications, and all Documents reflecting any such Communications, between You and the Relman Firm.

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications related to any actual, anticipated, or requested award of attorney's fees in the FCA Action.

**REQUEST FOR PRODUCTION NO. 11**

All Communications, and all Documents reflecting any such Communications, between You and the FHC relating to the FCA Action, the Section 504 Action, the Relman Firm, or your decision to retain or change counsel in the FCA Action.

**REQUEST FOR PRODUCTION NO. 12**

All Communications, and all Documents reflecting any such Communications, between You and counsel for the United States related to the FCA Action, the Section 504 Action, the Relman Firm, or Your decision to retain or change counsel in the FCA Action.

**REQUEST FOR PRODUCTION NO. 13**

All Communications, and all Documents reflecting any such Communications, between You and the City and/or the CRA (or their counsel) related to the FCA Action, the Section 504 Action, the Relman Firm, or your decision to retain or change counsel in the FCA Action.

**REQUEST FOR PRODUCTION NO. 14**

To the extent not encompassed by any previous request, all Documents and Communications between You and any other entity, including the FHC and the United States, relating to this case or the FCA Action.

**REQUEST FOR PRODUCTION NO. 15**

All Documents and Communications related to Your allegation that the Relman Firm had a conflict of interest while representing You and/or other parties in the FCA Action and/or the 504 Action including, but not limited to, all Documents and Communications related to the following allegations:

(1) "[T]he contingency fee agreement upon which Relman bases its claim is invalid based on a conflict of interest caused by the plaintiff's simultaneous representation of clients with potential or actual adverse interests without obtaining a proper conflict waiver." Ling's First Am. Answer, Affirmative Defenses, & Countercls., ECF No. 85 at ¶ 72.

(2) "[Plaintiff[] deliberate[ly] attempt[ed] to undermine the value of [Ms. Ling's] case, in the hopes of advancing the firm's own interests in a separate lawsuit." Mot. Dismiss, ECF No. 22-1 at 8.

(3) "Relman's representation of the FHC and two additional parties in the Section 504 action directly and detrimentally impacted Ling's prosecution of her FCA case." *Id.* at 14.

(4) "Relman's concealment of its Section 504 litigation tactics led to the termination of Plaintiff's representation of Ling in the FCA case." *Id.*

**REQUEST FOR PRODUCTION NO. 16**

All Documents and Communications related to Your allegation that the Relman Firm breached a fiduciary duty to You during the FCA Action and/or 504 Action including, but not limited to, all Documents and Communications related to the following allegations:

(1) "[T]he contingency fee agreement upon which Relman bases its claim is invalid based on Relman's breaches of fiduciary duty to Ling." Ling's First Am. Answer, Affirmative Defenses, & Countercls., ECF No. 85 at ¶ 73.

(2) "Relman[] disclos[ed] . . . the sealed Qui Tam complaint in Case No. 11-cv-00974 to two of Relman's Case No. 12-CV-00551 co-plaintiff clients . . . without Ling's knowledge or consent." *Id.*

(3) "Relman[] false[ly] represent[ed] to co-relator FHC that Ling had approved a 'side agreement,' in which Relman also urged 'FHC' to not oppose the City of Los Angeles' 'political reasons' based attempt to obtain a 'credit' in the [FCA Action] for the amount of the City of L.A.'s settlement in [the 504 Action]." *Id.*

(4) "Relman[] advocat[ed] against Ling's interests to advance the interests of the City of L.A., and Relman's co-plaintiff clients in [the 504 Action], without Ling's knowledge or informed consent. . . ." *Id.*

(5) "The Relman Firm concealed facts material to [Ms. Ling's] recovery in [the FCA Action] to secure $16,000,000 in attorney's fees and costs in a related case." Mem. & P. & A. Supp. Mei Ling's Consent to Leave & Objection to Notice of Lien, FCA Action ECF No. 103 at 2.

(6) "At no point during or after its representation of Ms. Ling did the Relman Firm ever disclose to her or co-counsel for Ms. Ling that the City made this request for a 'credit' or that the Relman Firm recommended the Fair Housing Council not object to it." *Id.* at 4.

(7) "[Relman]'s breach of loyalty and fidelity to me and to my case was the primary motivating factor for my termination of [Relman']'s representation." Ling Decl. Supp. Mot. Dismiss, ECF No. 22-2 at 7.

**REQUEST FOR PRODUCTION NO. 17**

All Documents and Communications related to Your allegation that You have been harmed by the Relman Firm's alleged conduct including, but not limited to, all Documents and Communications related to the following allegations:

(1) "Ling was harmed by Relman's conduct . . . ." Ling's First Am. Answer, Affirmative Defenses, & Countercls., ECF No. 85 at ¶ 127.

(2) "Relman has received a benefit at the expense of Ling." *Id.* at ¶ 129.

(3) "Ling was deprived of the benefits of her fiduciary relationship [with] Relman . . . ." *Id.* at ¶ 131.

(4) "[I was] irreparably harmed by [the Relman Firm] in 2011-2012 . . . ." Decl. Mei Ling Supp. Opp'n Mot. Withdraw, FCA Action ECF No. 271-1 at 7.

**REQUEST FOR PRODUCTION NO. 18**

All discovery material related to this litigation obtained from any party or any nonparty to this litigation including, but not limited to, any discovery materials you received from the FHC.

**REQUEST FOR PRODUCTION NO. 19**

To the extent not encompassed by any other request, all Documents and Communications on which You intend to rely for any purpose in this litigation, including to establish any claim or defense in this litigation or to use at any deposition or hearing (including for impeachment purposes).

DATED: February 5, 2020    COVINGTON & BURLING LLP

By: /s/ Ryan H. Weinstein
    RYAN H. WEINSTEIN
    BENJAMIN J. RAZI
    ANDREW SOUKUP
    STEVEN WINKELMAN

Attorneys for Plaintiff/Counter-Defendant
RELMAN COLFAX PLLC

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2020, a true and correct copy of Plaintiff and Counter-Defendant the Relman Firm's First Set of Requests for Production Directed to Mei Ling were served on the following by the means set forth below:

*via overnight mail:*
Mei Ling
6750 Whitsett Ave. #310
North Hollywood, California 91606.

*via electronic mail:*
Donald R. Warren
Phillip E. Benson
WARREN - BENSON LAW GROUP
7825 Fay Ave. Ste. 200
La Jolla, CA 92037
donwarren@warrenbensonlaw.com
philbenson@warrenbensonlaw.com

*Attorneys for Fair Housing Council of San Fernando Valley*

DATED: February 5, 2020

By: _____
William J. Jarboe

10
RELMAN COLFAX PLLC'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO MEI LING