# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | October 23, 2020 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**      **The Court DENIES the *ex parte* application**

Before the Court is an *ex parte* application to extend the deadline to oppose a motion for summary judgment filed by *pro se* Defendant/Counter-Claimant Mei Ling ("Ling"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court **DENIES** Ling's *ex parte* application

The law on *ex parte* applications is well settled in this District. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As the Court's standing order indicates, *ex parte* requests will only be entertained by the Court for extraordinary situations. *See Standing Order* ¶ 10.

Ling has not shown that her cause will be irreparably prejudiced or that she was without fault in creating the need for an extension of the upcoming opposition deadline, which she has known about for many weeks. Accordingly, the Court **DENIES** Ling's *ex parte* application.

**IT IS SO ORDERED.**