Ryan H. Weinstein (Bar No. 240405)
 rweinstein@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Benjamin J. Razi (admitted *pro hac vice*)
 brazi@cov.com
Andrew Soukup (admitted *pro hac vice*)
 asoukup@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC,<br><br>     Plaintiff,<br><br>     v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>     Defendants.<br>MEI LING,<br><br>     Counter-Claimant,<br><br>     v.<br><br>RELMAN COLFAX PLLC,<br><br>     Counter-Defendant. | Case No. 2:19-cv-08612-PSG-JC<br><br>**RELMAN COLFAX PLLC'S STATEMENT OF GENUINE ISSUES IN FHC'S STATEMENT OF ADDITIONAL UNDISPUTED FACTS** |

# RELMAN COLFAX PLLC'S STATEMENT OF GENUINE ISSUES

Plaintiff and Counter-Defendant Relman Colfax PLLC (the "Relman Firm") hereby submits this Statement of Genuine Issues in FHC's Statement of Additional Undisputed Facts.

## I. GENUINE ISSUES IN FHC'S STATEMENT OF ADDITIONAL UNDISPUTED FACTS.

| FHC's Undisputed Material Facts | The Relman Firm's Response and Supporting Evidence |
|---|---|
| 37. The "lodestar" language for the retainer in both the FCA case and the 504 Case uses the same or similar wording from a 2009 sample retainer agreement John Relman (the lead name partner at the Relman Firm) included in his published practitioner's manual for litigating civil rights/housing discrimination cases. In Appendix 4B to his Practice Manual, Mr. Relman's sample retainer agreement (© 2009) states: "In the event relief is obtained, both parties hereby agree that the [Firm] is entitled to its reasonable attorneys' fees . . . . The [Firm's] fees will be calculated utilizing the "lodestar" method. The "lodestar" amount reflects the number of hours worked multiplied by a reasonable hourly rate for the work performed." | Disputed, but the dispute is not material. Sections 7(a)-(b) of the 504 Case Agreement and Section 3 of a sample retainer agreement do not contain the "same or similar" wording as Paragraph 1.C of the agreement. The provisions referenced by FHC state in full: "<u>The Committee will not charge the Client for its services.  In the event relief is obtained in these proceedings, both parties agree that the Committee is entitled to its reasonable attorneys' fees, costs and disbursements, and that the Committee will ask the court to award such reasonable compensation.</u>  The Committee's fees will be calculated utilizing the 'lodestar' method. The 'lodestar' amount reflects the number of hours worked multiplied by a reasonable hourly rate for the work performed." ECF |

| FHC's Undisputed Material Facts | The Relman Firm's Response and Supporting Evidence |
|---|---|
|  | No. 162-14 at 5 (Section 3 of sample retainer agreement); *accord* ECF No. 162-17 at 5 (Paragraph 7(a), 7(b)). The underlined language in these agreements does not appear in the Agreement. |
| 38. In January 2012, Relman sent an Agreement to FHC for its signature authorizing Relman, as co-counsel, to represent FHC in the related housing discrimination case Independent Living Ctr. of So. Cal. v. City of Los Angeles, No. 2:12-cv-00551 (C.D. Cal.) (the "504 Case"). The 504 Case Agreement stated that "Attorneys' fees shall be calculated as follows: Co-Counsel's attorney fees will be calculated utilizing the lodestar method."). (Emphasis added. Use of colon in original.) | Disputed, but the dispute is not material. FHC's quotation of the 504 Case Agreement includes a typo; the 504 Case Agreement states: "Attorneys' fees shall be calculated as follows: Co-Counsel's attorney<u>s'</u> fees will be calculated utilizing the lodestar method." ECF No. 162-17 at 3 (¶ 7(b)) (underlining added). |
| 39. Former FHC Executive Director Diana Bruno did not consult any member of FHC's Board of Directors before signing the Agreement. | Undisputed. |

| FHC's Undisputed Material Facts | The Relman Firm's Response and Supporting Evidence |
|---|---|
| 40. Diana Bruno did not show the Agreement to Sharon Kinlaw or discuss its terms with her. | Undisputed. |
| 41. There was no discussion between any Relman attorney and any FHC representative of any of the fee terms before or at the time the Agreement was signed. | Disputed, but the dispute is not material. Before sending the Agreement to FHC, Michael Allen told an FHC representative, among other things, that "if there was no favorable outcome on behalf of the Fair Housing Council that the Fair Housing Council would owe [the Relman] firm nothing" and that the Relman Firm was "willing to take on the risk of the litigation both in terms of time and expenses in exchange for a contingent or one-third share of any recovery." ECF No. 156-8 at 65:16-66:16; *see also* ECF No. 156-2 ¶ 5 ("In the fall of 2010, I discussed with FHC formalizing our attorney-client relationship through a written retainer agreement."). |
| 42. Diana Bruno, who did not complete college and is not a lawyer, retired from FHC in mid-2013. | Undisputed, but not material. |

| FHC's Undisputed Material Facts | The Relman Firm's Response and Supporting Evidence |
|---|---|
| | |
| 43. Relman partner Michael Allen sent FHC a copy of the FCA Agreement in July 2016. | Undisputed, but not material. |
| 44. FHC Board Member Michelle White was unaware of the Agreement's actual terms until after Michael Allen sent a copy to FHC in July 2016. | Disputed, but not material. Michelle White was aware in at least February 2015 that the Relman Firm was entitled to at least one-third of FHC's monetary recovery from the FCA case. ECF No. 156-13 57:10-58:3; 58:16-62:20; ECF No. 156-14. |
| 45. No FHC Board member was aware of the actual terms of the FCA Fee Agreement until after Michael Allen sent a copy to FHC on July 21, 2016 in response to Sharon Kinlaw's inquiry. | Disputed, but not material. Multiple board members received Ms. White's February 2015 email, in which Ms. White stated that the Relman Firm was entitled to at least one-third of FHC's monetary recovery from the FCA case. ECF No. 156-13 at 61:13-18; ECF No. 156-14. |
| 46. In FHC's December 18, 2016 termination email to Relman, FHC stated, "We have requested and are waiting to receive your billing records; | Undisputed, but not material. |

| FHC's Undisputed Material Facts | The Relman Firm's Response and Supporting Evidence |
|---|---|
| we ask that you forward the information to us so that we may immediately begin to discuss and negotiate your fees and expenses relative to the retainer agreement." | |
| 47. FHC retained Odion Okojie and David Iyalomhe as its own separate counsel in the 504 Case and the FCA Case in the spring of 2016. | Undisputed, but not material. |
| 48. FHC paid Mr. Okojie and Mr. Iyalomhe $140,000 for their services as separate counsel. | Undisputed, but not material. |

DATED: November 2, 2020         COVINGTON & BURLING LLP

By:   /s/ Ryan H. Weinstein
     RYAN H. WEINSTEIN
     BENJAMIN J. RAZI
     ANDREW SOUKUP

Attorneys for Plaintiff/Counter-Defendant
RELMAN COLFAX PLLC