FILED
CLERK, U.S. DISTRICT COURT
11/12/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: WH DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>　　　　Defendants.<br>_____<br><br>MEI LING,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>RELMAN COLFAX PLLC,<br><br>　　　　Counterdefendant.<br>_____ | CASE NO. 2:19-cv-08612 PSG (JCx)<br><br>JUDGMENT AND [Proposed] ORDER GRANTING DEFENDANT FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY'S MOTION FOR SUMMARY JUDGMENT |

　　The Court, having considered Defendant Fair Housing Council of San Fernando Valley's Motion for Summary Judgment, hereby ORDERS:

The Motion for Summary Judgment is granted. IT IS FURTHER ORDERED AND DECLARED that:

1. In the event a monetary recovery is obtained by the defendant Fair Housing Council of San Fernando Valley as a relator in *United States ex rel. Ling, et al.*, Case No. 11-cv-00974-PSG (C.D. Cal.) (the "FCA Litigation") after the date of this order, the Relman Firm shall be entitled to reasonable attorneys' fees calculated utilizing the lodestar method as described in subpart 1.C. of the December 8, 2010 fee agreement between the parties (at ECF No. 108-3) unless the qualifying conditions specified in either subpart 1.A. or subpart 1.B. of the December 8, 2010 fee agreement are met. The qualifying condition in subpart 1.A. can only be met in the event of a settlement of the FCA Litigation if the settlement makes no separate provision for the recovery of fees and the FHC waives its right to seek statutory fees under 31 U.S.C. § 3730 (d)(1). The qualifying condition in subpart 1.B. can only be met if the FCA Litigation is resolved by summary judgment or trial at which FHC prevails.

2. The Complaint as against FHC is hereby DISMISSED WITH PREJUDICE.

Dated: 11/12/2020

_____
Honorable Philip S. Gutierrez
United States District Judge