Ryan H. Weinstein (Bar No. 240405)
 rweinstein@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Benjamin J. Razi (admitted *pro hac vice*)
 brazi@cov.com
Andrew Soukup (admitted *pro hac vice*)
 asoukup@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN COLFAX PLLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>    Defendants. | Case No. 2:19-cv-08612-PSG-JC<br><br>**RELMAN COLFAX PLLC'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AND ATTORNEY'S FEES** |
| MEI LING,<br><br>    Counter-Claimant,<br><br>    v.<br><br>RELMAN COLFAX PLLC,<br><br>    Counter-Defendant. | Hearing Date: March 15, 2021<br>Hearing Time: 1:30 p.m.<br>Judge: Honorable Phillip S. Gutierrez<br>Courtroom 6A |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on Monday, March 15, 2021 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6A of the above-entitled Court, located at 350 W. First Street, Los Angeles, California 90012, Plaintiff and Counter-Defendant Relman Colfax PLLC (the "Relman Firm") will and hereby does move the Court under Fed. R. Civ. P. 37 for an order granting default judgment and attorney's fees in favor of the Relman Firm.  This Motion is supported by this Notice of Motion and Motion, the accompanying Memorandum, and any further evidence and written and oral argument as may hereafter be presented.

This motion is made following the conference of counsel and Ms. Ling pursuant to L.R. 7-3 which took place on January 26, 2021.  *See* Soukup Decl. ¶ 20.

DATED: February 11, 2021          COVINGTON & BURLING LLP


By: /s/ Ryan H. Weinstein
    RYAN H. WEINSTEIN
    BENJAMIN J. RAZI
    ANDREW SOUKUP

Attorneys for Plaintiff/Counter-Defendant
RELMAN COLFAX PLLC

1    Plaintiff and Counter-Defendant Relman Colfax PLLC ("the Relman Firm")

2    submits this memorandum in support of its motion for default judgment and attorney's

3    fees against Defendant and Counter-Claimant Mei Ling.

4                                 **INTRODUCTION**

5        Litigation misconduct should not go unpunished.  Rule 37 authorizes sanctions

6    against parties who abuse the discovery process and disobey court orders.  These

7    sanctions "must be applied diligently both 'to penalize those whose conduct may be

8    deemed to warrant such a sanction, [and] to deter those who might be tempted to such

9    conduct in the absence of such a deterrent.'"  *Rodeo Realty, Inc. v. Radtke*, 2017 WL

10   4621228, *2 (C.D. Cal. Sept. 20, 2017) (quoting *Roadway Exp., Inc., v. Piper*, 447 U.S.

11   752, 763–64 (1980)).  Failing to punish such misconduct rewards the offender's defiance

12   and emboldens future litigants to believe that they could get away with the same

13   behavior.

14       As this Court knows, this case concerns a dispute between the Relman Firm and

15   Ms. Ling about a fee agreement for the Relman Firm's representation of Ms. Ling in a

16   False Claims Act lawsuit against the city of Los Angeles and the CRA/LA (the "FCA

17   case").  The dispute arose when Ms. Ling unlawfully attempted to terminate her fee

18   agreement.  The without foundation Ms. Ling then accused the Relman Firm of ethical

19   violations.

20       To enforce its fee agreement and to protect its reputation, the Relman Firm filed

21   this lawsuit against Ms. Ling.  Throughout this case, Ms. Ling has engaged in precisely

22   the conduct that Rule 37 is meant to punish and deter.  As set out in the Report and

23   Recommendation of Judge Chooljian (the "Report")—to which Ms. Ling has not

24   objected— "[t]he facts in this case essentially reflect a complete and willful failure by

25   Ling to comply with her court-ordered (and non-court-ordered) discovery obligations."

26   Report at 13.  Based on this misconduct, the Report recommends that this Court enter

27   default against Ms. Ling.  Ms. Ling has had more than two months to file objections to

28   the Report, and she has not done so.

This Court should adopt the Report, enter default against Ms. Ling, and order two other forms of relief authorized by Rule 37.  First, to compensate the Relman Firm for its expenses resulting from Ms. Ling's misconduct, this Court should order Ms. Ling to pay the Relman Firm's reasonable attorney's fees caused by her discovery abuses out of any recovery she receives from the FCA case.  Second, this Court has "discretion to impose a wide array of monetary sanctions" for discovery misconduct.  *Cyntegra, Inc. v. Idexx Labs., Inc.*, 2007 WL 5193736, at *2 (C.D. Cal. Sept. 21, 2007).  To punish Ms. Ling and deter others, the most appropriate punishment is to enter a default judgment against Ms. Ling entitling the Relman Firm to a portion of her monetary recovery in the FCA case. Any other result would effectively absolve Ms. Ling of her misconduct.  One-third of her recovery is the relief the Relman Firm sought when it filed its declaratory relief claim and is therefore the most appropriate default judgment award. [1]   At a bare minimum, however, this Court should sanction Ms. Ling by ordering her to pay some portion of her recovery to the Relman Firm.

## BACKGROUND

### I.     Ms. Ling Attempts to Unlawfully Void Her Fee Agreement and Falsely Accuses the Relman Firm of Ethical Violations

In December 2016, after receiving years of exceptional representation in the FCA Case, Ms. Ling fired the Relman Firm and purported to "terminat[e]" her fee agreement. *See* ECF No. 157-6.  When she did so, Ms. Ling baselessly accused the Relman Firm of ethical misconduct.  *Id.*  She then followed up this private attack with public ones.  After the Relman Firm notified this Court that it intended to file an attorney's fee lien in the FCA case, Ms. Ling accused the Relman Firm of breaching its fiduciary duties.  *See*

---

[1] As the Report notes, because this Court did not enter judgment for Ms. Ling in its recent order on the Relman Firm's motion for summary judgment, "a portion of Relman's claim for declaratory judgment" remains pending.  Report at 3.  This "remaining claim" is the Relman Firm's request for a declaration that it is entitled to at least one-third of Ms. Ling's FCA case recovery.

*United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-000974, ECF No. 103 (Aug. 4, 2017).  Ms. Ling then made more unfounded and scurrilous allegations after the Relman Firm filed this case to enforce its agreement and protect its good name.  In addition to her breach of fiduciary duty allegation, Ms. Ling accused the Relman Firm of professional negligence, engaging in unlawful, unfair, or deceptive trade practices, and unjustly enriching itself at her expense.  *See* First Amended Answer and Counterclaims, ECF No. 85, at 14-22.  Ms. Ling offered no evidence to support her allegations.  The Relman Firm attempted to engage in discovery to disprove Ms. Ling's accusations and to confirm Ms. Ling's understanding of the Agreement.  Ms. Ling, however, stonewalled.

## II.     Ms. Ling Engages in Egregious Discovery Misconduct

Ms. Ling flouted her discovery obligations throughout this case, even after Judge Chooljian ordered her to comply.

To start, the parties' initial disclosures were due on February 14, 2020.  *See* Fed. R. Civ. P. 26(a)(1)(C); Soukup Decl. Ex. 1 ¶ 10.  Although the Relman Firm served initial disclosures on that date, Ms. Ling did not—and has not done so to this day.  *Id.*

Ms. Ling then refused to respond to the Relman Firm's discovery requests.  On February 5, 2020, the Relman Firm served Ms. Ling by overnight mail—and sent copies by email—with interrogatories and requests for production.  *Id.* ¶¶11-12.  Although the Relman Firm sent multiple letters to Ms. Ling advising her of her discovery obligations, Ms. Ling never responded.  *Id.* ¶¶ 16-17, 20.  Meanwhile, Ms. Ling found the time to file several oppositions—to the Relman Firm's motion to dismiss, ECF No. 110-1, to the Government's *ex parte* application to intervene, ECF No. 113, and to the Relman Firm's motion for sanctions, ECF No. 132—attend all the depositions in this case, Soukup Decl. Ex. 1 ¶ 25, draft substantial portions of the Joint Rule 26 report in the FCA case, *see United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974, ECF No. 348 (C.D. Cal. Apr. 21, 2020), participate in the scheduling conference in the FCA case, *id.* ECF No. 354, and send several lengthy emails, Soukup Decl. Ex. 1 ¶¶ 15, 19.

The Relman Firm eventually filed a motion for sanctions and asked Judge Chooljian to enter default judgment against Ms. Ling.  ECF No. 118.  On June 16, 2020, Judge Chooljian held a telephonic hearing on the Relman Firm's motion for sanctions against Mei Ling.  ECF No. 131.  Judge Chooljian ordered Ms. Ling to produce, by June 19, 2020, her initial disclosures, her responses to the Relman Firm's discovery requests, and all documents in her possession, custody, or control responsive to the Relman Firm's document requests.  ECF No. 133 at 1-2.  Judge Chooljian also ordered the Relman Firm to send Ms. Ling copies of Fed. R. Civ. P. 26(a)(1) and the Relman Firm's discovery requests.  *Id.* at 1.  Judge Chooljian deferred ruling on the Relman Firm's motion for sanctions to see whether Ms. Ling would comply with her order, and also ordered the Relman Firm to file a status report updating the court on Ms. Ling's compliance.  *Id.*  at 2.

Ms. Ling did not comply with Judge Chooljian's order.  Instead, she filed an *ex parte* motion to extend the discovery deadline.  This Court denied Ms. Ling's motion, noting that "[w]hile [Ms. Ling] lists an array of issues that have slowed her response to Plaintiff's requests, she has nevertheless found the time to actively participate in both this case and the related False Claims Act ('FCA') case in various ways" and that Ms. Ling "makes clear that she does not intend to comply with her discovery obligations."  ECF No. 144 at 1-2.

## III.   Judge Chooljian Recommends Terminating Sanctions Against Ms. Ling and the Relman Firm Moves for Sanctions

Judge Chooljian issued the Report on December 1, 2020.  *See* ECF No. 182-1.  As the Report confirms, Ms. Ling ignored her discovery obligations and flouted a court order directing her to produce discovery, all the while participating in this case and the underlying FCA action as it suited her.  *Id.* at 3-9.  Given this "otherwise very active engagement and participation," the Report found that Ms. Ling's "flagrant failure to comply with the June Order/her discovery obligations [was] not due to circumstances beyond her control, but instead [was] the result of a conscious, willful and deliberate

4

choice." *Id.* at 13.  The Report recommends that Ms. Ling's "operative Amended Answer be stricken, that a default be entered against [her] on the remaining claim against her, and that her remaining counterclaim be dismissed."  Report at 15.

Ms. Ling did not object to the Report, and the time to do so has passed.  *See* ECF No. 186 (ordering Ms. Ling to file objections by February 10, and providing her with instructions on how to do so electronically).  Ms. Ling also has not disputed the Report's account of her misconduct.  The Relman Firm now moves for attorney's fees and a default judgment under Rule 37.

## PROCEDURAL STANDARD

Rule 37 provides that this Court "must require" a party that violates a court order or meet its discovery obligations to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 37(d)(3).

Rule 37 also permits this Court to impose sanctions on a party that "fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), or "fails to serve its answers, objections, or written response" to interrogatories or requests for production, Fed. R. Civ. P. 37(d)(1)(A)(ii).  In either case, a court may sanction the offending party by "rendering a default judgment" against her.  Fed. R. Civ. P. 37(b)(2)(A)(vi); Fed. R. Civ. P. 37(d)(3).  The Ninth Circuit has "specifically encouraged" case-dispositive sanctions "where the district court determines that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders."  *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (internal quotation marks omitted).  Although "[a] party's lack of counsel may be considered in evaluating the willfulness of discovery violations," a party's "pro se status does not excuse intentional noncompliance with discovery rules and court orders."  *Sanchez v. Rodriguez*, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (collecting

cases imposing case dispositive sanctions against pro se litigants for discovery violations).

**ARGUMENT**

**I.      The Relman Firm Is Entitled to Its Attorney's Fees Caused by Ms. Ling's Discovery Abuses.**

   **A.      Rule 37 Requires Ms. Ling to Compensate the Relman Firm for Its Reasonable Attorney's Fees Spent Addressing Her Misconduct.**

Unlike other relief authorized by Rule 37, the requirement that disobedient parties pay the movant's attorney's fees exists to compensate the movant, not to punish the opposing party or deter others. *See Shammas v. Focarino*, 990 F. Supp. 2d 587, 593 (E.D. Va. 2014) ("[A]n award of attorney's fees under [Rule 37] is compensatory, not punitive . . . ."); *DeShazier v. Williams*, 2009 WL 80430, at *1 (E.D. Cal. Jan. 13, 2009) ("[T]he imposition of monetary sanctions . . . to compensate for unnecessary costs and attorney fees pursuant to Rule 37(d) is mandatory."); *Wm. T. Thompson Co. v. Gen. Nutrition Corp., Inc.*, 593 F. Supp. 1443, 1456 (C.D. Cal. 1984) (a Rule 37 award of attorney's fees is "necessary to fully compensate" the movant). At a minimum, the Relman Firm is entitled to this mandatory relief.

As Judge Chooljian correctly found, Ms. Ling's failure to comply with discovery and a court order was willful, not "substantially justified." For those same reasons, there are no circumstances that would make attorney's fees unjust. Although Ms. Ling is *pro se*, she is not so bewildered by this case that imposing monetary sanctions for her flagrant misconduct would be improper. *See Davis v. Ocwen Loan Serv.*, 2012 WL 5398968, at *2 (D. Or. Sept. 27, 2012) (declining to impose monetary sanctions because *pro se* plaintiff appeared "overwhelmed," "unstable," and seemed to lack the "capacity to understand and appreciate the impact of [the] court's orders"). Despite ignoring all her discovery obligations and rebuffing a court order, and despite her repeated protestations related to various medical issues, Ms. Ling has maintained "very active engagement and participation in this action." Report at 13. She has regularly appeared when it was to her

6

benefit, either to oppose a key motion, to request an extension, or to attend a deposition. This willful, flagrant, and self-serving misconduct fully justifies—separate from and in addition to the punitive and deterrent relief requested below—compensating the Relman Firm for its attorney's fees caused by Ms. Ling's discovery abuses and defiance of Judge Chooljian's order. *See Alexso, Inc. v. Shrem*, 2020 WL 7481003, at *4 (C.D. Cal. Nov. 24, 2020) (recommending an award of attorney's fees and entry of default judgment pursuant to Rule 37), *report and recommendation adopted*, 2020 WL 7479621 (C.D. Cal. Dec. 18, 2020); *Bass v. Morton*, 2009 WL 10675271, at *3 (E.D. Wash. Dec. 4, 2009) (awarding attorney's fees and entering default pursuant to Rule 37).

The Relman Firm is mindful of Ms. Ling financial situation. It therefore seeks an order obligating Ms. Ling to pay the Relman Firm's attorney's fees only out of any funds she receives from the FCA case.

**B.      The Relman Firm's Attorney's Fees Are Reasonable.**

The appropriate Rule 37 award of attorney's fees is determined using the lodestar method. *See Dish Network L.L.C. v. Jadoo TV, Inc.*, 2019 WL 7166067, at *3 (C.D. Cal. Nov. 8, 2019) (using the lodestar method for a Rule 37 fee award). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* The "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation" determines the reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Hours reasonably expended are those that are documented and not "unnecessary, duplicative, or excessive." *Dish Network*, 2019 WL 7166067, at *4.

Here, the Relman Firm seeks $102,552.50. *See* Soukup Decl. ¶¶ 11-17, 19. The hourly rates of the Relman Firm's attorneys are reasonable, as they fall within the first and third quartile of partner and associate rates at Los Angeles law firms of sizes comparable to Covington & Burling LLP. *See* Weinstein Decl. ¶¶ 2-3 (citing the 2020 Real Rate Report Mid-Year Update); *see also Arias v. Ford Motor Co.*, 2020 WL 1940843, at *3 (C.D. Cal. Jan. 27, 2020) ("Courts have found that the Real Rate Report is

a much better reflection of true market rates than self-reported rates in all practice areas.") (internal quotations omitted).  Ms. Ling's failure to respond to the Relman Firm's interrogatories and requests for production and her refusal to obey Judge Chooljian's order led, over eleven months, to 146.3 hours of attorney and paralegal time.  *See* Soukup Decl. ¶¶ 11-17, 19.  This work involved drafting letters to Ms. Ling requesting that she respond to the Relman Firm's discovery requests, drafting a motion for sanctions and supporting papers, preparing for and attending a hearing on the motion for sanctions, drafting and filing a status report with Judge Chooljian regarding Ms. Ling's non-compliance with the court's order, opposing Ms. Ling's *ex parte* application for an extension of the discovery deadlines, and conducting research for and drafting this motion for default judgment and attorney's fees.  *Id.*

All fees the Relman Firm seeks associated with these efforts are recoverable. Rules 37(d)(3) and 37(b)(2)(C) set a broad standard: the movant is entitled to all attorney's fees "caused by" the disobedient party's refusal to, respectively, provide discovery or comply with a court order.  This includes fees for time associated with attempts to meet and confer with the disobedient party, preparing sanctions motions, and preparing for and attending related hearings.  *See True Health Chiropractic Inc. v. McKesson Corp.*, 2015 WL 343459, at \*2 (N.D. Cal. May 29, 2015) (Rule 37(b)(2)(C) fee awards are not limited to "fees that are directly related to [a] motion for sanctions"); *Pythagoras Intellectual Holdings, LLC v. Stegall*, 2009 WL 10674788, at \*2 (C.D. Cal. Feb. 25, 2009) (Rule 37(d)(3)'s "caused by" standard is not limited to fees directly related to sanctions motions).  None of the efforts for which the Relman Firm seeks fees would have been necessary absent Ms. Ling's refusal to participate in discovery and defiance of Judge Chooljian's order.  The Relman Firm is entitled to the compensation it seeks.

1
2
3

**II.    This Court Should Punish Ms. Ling for Her Egregious Misconduct By Entering a Default Judgment that Entitles the Relman Firm to a Portion of Mei Ling's Recovery in the FCA Case.**

4

**A.    Ms. Ling Acted Willfully and in Bad Faith.**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

The Report's conclusion that Ms. Ling's misconduct was willful and in bad faith is correct.  *See* Report at 13.  As detailed above, *see supra* at 3-4, Ms. Ling's failure to cooperate in discovery, her pattern of flagrant disregard for the discovery rules, and her refusal to follow a court order demonstrates that this is the case.  The Ninth Circuit has explained that a party's "repeated failure to comply with [a] discovery request" and "court[ ] orders" is sufficient to "manifest[ ] the requisite fault" and "fully justifie[s]" a case-dispositive sanction.  *Sigliano*, 642 F.2d at 310.  Moreover, "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith or fault warranting default."  *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997).  As this Court's decision on Ms. Ling's *ex parte* application to extend the fact discovery cutoff makes clear, Ms. Ling's discovery abuses and disregard for Judge Chooljian's order were not outside her control.  *See* ECF No. 166 at 1-2 ("While Defendant lists an array of issues that have slowed her response to Plaintiff's requests, she has nevertheless found the time to actively participate in both this case and the related False Claims Act ("FCA") case in various ways.").

20

**B.    A Default Judgment Under Rule 37 Is an Appropriate Sanction.**

21
22
23
24
25
26
27
28

In deciding whether to impose case-dispositive sanctions under Rule 37 for willful discovery violations and defiance of court orders, the Ninth Circuit has directed courts to balance five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  Case-dispositive sanctions are warranted "where at least four factors support [them], . . . or where at least three factors

9

'strongly' support [case-dispositive sanctions]." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  These are the same factors Judge Chooljian considered in the Report.  She found that all but the fourth favored the Relman Firm.  Report at 13-15.  This conclusion was correct.[2]

Where, as here, a party violates a court order, "the first two factors support sanctions and the fourth factor cuts against a default."  *Adriana Int'l Corp.*, 913 F.2d at 1412 .  Therefore, it is the third and fifth factors that are decisive.  *Id.*  On the third, the Report correctly found prejudice because prejudice is presumed in circumstances like those in this case.  *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . . presumes prejudice from unreasonable delay."); *Adriana Int'l Corp.*, 913 F.2d at 1412 ("Failure to produce documents as ordered . . . is considered sufficient prejudice.").  The fifth factor also favors the Relman Firm.  Ms. Ling has maintained her misconduct in the face of repeated warnings that her behavior could lead to terminating sanctions.  Report at 14-15.  Further, the Report accurately

---

[2] Federal Rule of Civil Procedure 55 and the factors in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), do not govern this motion.  Rule 55 and *Eitel* apply when a plaintiff seeks a default judgment based on a defendant's failure to timely file an answer.  *See Eitel*, 782 F.2d at 1471-72 (assessing whether default judgment was warranted where defendant "failed to answer" by deadline); *see also Dreith v. Nu Image, Inc.*, 2007 WL 9658786, at *6 (C.D. Cal. Mar. 2, 2007) ("*Eitel* is ordinarily invoked when a defendant fails to file a timely pleading.").  By contrast, "[t]he Ninth Circuit has set forth a different standard for default judgment where it is entered as a sanction as opposed to pursuant to Rule 55." *New Show Studios LLC. v. Needle*, 2016 WL 7017214, at *7 (C.D. Cal. Dec. 1, 2016), *aff'd sub nom. New Show Studios, LLC v. Howe*, 696 F. App'x 271 (9th Cir. 2017). Where, as here, a plaintiff seeks a default judgment as a sanction under Rule 37, courts apply only the five-factor test set forth in cases like *Connecticut General*.  *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (affirming entry of default judgment under the same five-factor test as *Connecticut General* without reference to *Eitel*); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (same); *Johnson v. Dhillon*, 2015 WL 5834799, at *2 (E.D. Cal. Oct. 1, 2015) (noting that *Eitel* applies where defendant "late-filed an answer to the complaint," but that the five-factor test applied in cases like *Connecticut General* governs motions for default judgment under Rule 37).

notes that lesser punitive sanctions are unavailable.  Ms. Ling's financial situation makes immediate monetary sanctions infeasible.  Report at 14.  The possible future monetary sanctions requested above are simply meant to compensate the Relman Firm for its expenses incurred as a result of pursuing Ms. Ling's misconduct.  Given this Court's summary judgment ruling, there is no remaining issue other than the one this motion presents: how Ms. Ling should be punished for her flagrant disregard for judicial orders and her discovery obligations by entering a default judgment that grants the Relman Firm's requested relief.  Accordingly, there are no evidentiary sanctions that this Court could impose.  Finally, although the fourth factor cuts against the entry of a default judgment, the Ninth Circuit has explained "that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor."  *Rio Props., Inc.*, 284 F.3d at  1022.  Indeed, the purpose of a Rule 37 default judgment is to punish the offending party's defiance of discovery obligations and judicial authority irrespective of the dispute's underlying merits.  *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993) ("[T]he probable merit of a litigant's case does not preclude the imposition of a default judgment sanction . . . [as] [d]iscovery orders must be obeyed even by those foreseeing ultimate success . . . .") (internal quotations omitted).

        This Court should therefore enter a default judgment in favor of the Relman Firm and against Ms. Ling that obligates Ms. Ling to pay the Relman Firm a portion of her monetary recovery in the FCA case.  There are no other merits issues left that this Court can, as a sanction, resolve in the Relman Firm's favor, and therefore no other way to  "to punish [Ms. Ling's] evasion of pretrial discovery," *Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) (internal quotations omitted), and "defiance of judicial orders," *United States v. Klimavicius*, 847 F.2d 28, 33 (1st Cir. 1988), nor another way to "provid[e] a general deterrent," *City of Colton v. Am. Promotional Events, Inc.*, 2012 WL 13013035, at *6 (C.D. Cal. June 7, 2012) (internal quotations omitted).  Ms. Ling will suffer no punishment, and Rule 37's purpose will be hindered, if this Court does not enter the Relman Firm's requested relief.

1
2
3
4
5
6
7
8
9
10
11

This Court should punish Ms. Ling for her misconduct by entering a judgment reflecting the relief that the Relman Firm has requested: a declaration that Ms. Ling is "obligated to fulfill the fee obligations set forth in the Agreement[]" that Ms. Ling must "pay the Relman Firm's . . . lodestar fees or one-third (33 1/3%) of [her] monetary award, whichever is greater," if she "receives a 'lump sum settlement or offer of judgment' or prevails at summary judgment or trial." Compl. at 6, 7, 15. At a bare minimum, this Court should exercise its "discretion to impose a wide array of monetary sanctions," *Cyntegra*, 2007 WL 5193736, and order Ms. Ling to pay the Relman Firm some portion of her recovery. Ms. Ling was repeatedly warned that terminating sanctions were possible, but calculated that nothing significant would come from ignoring her discovery obligations and Judge Chooljian's order. This Court should not prove Ms. Ling correct.

12

## CONCLUSION

13
14
15
16

For the foregoing reasons, the Court should award the Relman Firm's requested attorney's fees, payable only out of any recovery Ms. Ling receives in the FCA case, and enter a default judgment in favor of the Relman Firm and against Ms. Ling that awards the Relman Firm the relief requested in the Complaint.

17
18

DATED: February 11, 2021          COVINGTON & BURLING LLP

19
20
21
22
23

By: /s/ Ryan H. Weinstein
        RYAN H. WEINSTEIN
        BENJAMIN J. RAZI
        ANDREW SOUKUP

24
25

Attorneys for Plaintiff/Counter-Defendant
RELMAN COLFAX PLLC

26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 11, 2021 a true and correct copy of the foregoing was served on the following by the means set forth below:

*by overnight mail with courtesy copy by email:*
Mei Ling
6750 Whitsett Ave. #310
North Hollywood, California 91606
mei.ling818@yahoo.com

*by CM/ECF:*
Donald R. Warren
Phillip E. Benson
WARREN - BENSON LAW GROUP
7825 Fay Ave. Ste. 200
La Jolla, CA 92037
donwarren@warrenbensonlaw.com
philbenson@warrenbensonlaw.com

*Attorneys for Fair Housing Council of San Fernando Valley*

DATED: February 11, 2021

By: _____
William J. Jarboe