Ryan H. Weinstein (Bar No. 240405)
 rweinstein@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Benjamin J. Razi (admitted *pro hac vice*)
 brazi@cov.com
Andrew Soukup (admitted *pro hac vice*)
 asoukup@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC,<br><br>    Plaintiff,<br><br>v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>    Defendants.<br>MEI LING,<br><br>    Counter-Claimant,<br><br>v.<br><br>RELMAN COLFAX PLLC,<br><br>    Counter-Defendant. | Case No. 2:19-cv-08612-PSG-JC<br><br>**DECLARATION OF ANDREW SOUKUP IN SUPPORT OF THE RELMAN FIRM'S MOTION FOR DEFAULT JUDGMENT AND ATTORNEY'S FEES** |

# DECLARATION OF ANDREW SOUKUP

I, Andrew Soukup, declare:

1. I am a partner at Covington & Burling LLP ("Covington"), which represents Plaintiff Relman Colfax PLLC (the "Relman Firm") in this action. This declaration is offered in support of the Relman Firm's motion for default judgment and attorney's fees against Mei Ling. I make this declaration based on my personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Covington litigators regularly handle complex and high-stakes disputes. Covington has been recognized repeatedly for its leading litigation practice by the *American Lawyer*, the *National Law Journal*, *Law360*, and other legal publications.

3. After its former clients purported to void their contingency fee agreements under a California statute and made false accusations of ethical misconduct, the Relman Firm faced the prospect of losing attorney's fees and suffering grave reputational harm. The Relman Firm retained Covington in December 2016. My partner Benjamin Razi and I led the representation of the Relman Firm in this matter.

4. Mr. Razi is widely recognized, including by such publications as the *American Lawyer*, *Law360*, and *Benchmark Litigation*, as one of the country's leading commercial litigators. After graduating from American University Washington College of Law in 2000, Mr. Razi clerked for the Honorable Roger J. Miner of the United States Court of Appeals for the Second Circuit. He has practiced at Covington since 2001 and became a partner in 2008. Mr. Razi co-chairs Covington's commercial litigation practice group. Mr. Razi has tried more than a dozen cases in federal and state courts around the country. He also has extensive experience managing and conducting discovery and briefing and arguing motions, including dispositive motions, in complex litigation matters. Mr. Razi's current billing rate is $1,170 per hour. From March through December 2020, Mr. Razi's billing rate was $1,130 per hour.

5. After graduating from Notre Dame Law School in 2008, where I served on the *Notre Dame Law Review*, I clerked for the Honorable Diane S. Sykes of the United

1

States Court of Appeals for the Seventh Circuit. I have practiced at Covington since 2009 and became a partner in 2017. I co-chair Covington's class action litigation practice group, and was recently named a "Rising Star" by *Law360*. My practice focuses on class actions and other high-stakes commercial disputes. My current billing rate is $975 per hour. From March through December 2020, my billing rate was $935 per hour.

6. After graduating from Stanford Law School in 2005, where he was a member of the *Stanford Law Review*, Ryan Weinstein served as an Assistant United States Attorney in the Central District of California, where he prosecuted and tried dozens of criminal cases, briefed and argued numerous appeals before the Ninth Circuit, and led state and federal agencies in investigating a variety of criminal offenses. He joined Covington in 2019 as a special counsel in the commercial litigation practice group. Mr. Weinstein's current billing rate is $915 per hour. From March through December 2020, Mr. Weinstein's billing rate was $875 per hour.

7. After graduating from the University of Chicago Law School in 2015, where he served on the *University of Chicago Law Review*, Steven Winkelman clerked for the Honorable Ed Carnes of the United States Court of Appeals for the Eleventh Circuit. Mr. Winkelman practiced at Covington from 2016 to October 2020. Mr. Winkelman's practice focused on complex commercial litigation. Mr. Winkelman's billing rate from March through his departure from Covington in October 2020 was $715 per hour.

8. After graduating from Stanford Law School in 2018, where he served on the *Stanford Law Review*, Daniel Rios clerked for the Honorable Samuel H. Mays, Jr. of the United States District Court for the Western District of Tennessee. Mr. Rios has practiced at Covington since 2019. His practice focuses on complex commercial litigation. Mr. Rios's current billing rate is $675 per hour. From March 2020 through December 2020, Mr. Rios's billing rate was $600 per hour.

9. William Jarboe is a paralegal at Covington with ten years of experience who assisted the team on this matter. Mr. Jarboe's current billing rate is $460. From March through December 2020, Mr. Jarboe's billing rate was $455 per hour.

10. Pertinent descriptions of the circumstances regarding Ms. Ling's discovery misconduct and the Relman Firm's efforts rectifying that misconduct are set out in the September 14, 2020 declaration of Steven J. Winkelman. (ECF No. 157-7). Attached as **Exhibit 1** is a true and correct copy of the Winkelman declaration.

11. Mr. Winkelman spent 1.1 hours drafting, revising, and serving the April 9, 2020 letter to Ms. Ling described in paragraph 16 of the Winkelman Declaration regarding Ms. Ling failure to respond to discovery requests. I spent .8 hours reviewing and revising this letter. Together, this time amounts to $1,534.50.

12. Mr. Rios spent 1.2 hours drafting and revising the April 27, 2020 letter to Ms. Ling described in paragraph 20 of the Winkelman Declaration regarding Ms. Ling's failure to respond to discovery requests. I spent .5 hours revising this letter. Mr. Winkelman spent .3 hours revising and serving this letter. Together, this time amounts to $1,402.00.

13. Because of Ms. Ling's wholesale refusal to participate in discovery while she was clearly capable of responding, the Relman Firm filed a Notice of Motion and Motion for Sanctions and Entry of Default Judgment Against Mei Ling (the "Sanctions Motion"). ECF No. 118. The Relman Firm noticed the Sanctions Motion for a hearing before the Honorable Jacqueline Chooljian, United States Magistrate Judge, for June 16, 2020. Mr. Winkelman spent 32 hours discussing, conducting research for, drafting, and revising this motion and its accompanying declarations and exhibits. Mr. Rios spent 4.2 hours conducting research in support of this motion and discussing and cite checking this motion. I spent 4.3 hours discussing and revising this motion and its supporting papers. Mr. Razi spent 1.8 hours discussing and revising this motion and its supporting papers. Mr. Weinstein spent 3.5 hours reviewing and providing comments on this motion and its supporting papers. Mr. Jarboe spent 9.7 hours reviewing, cite checking, and filing this motion and its supporting papers. Together, this time amounts to $38,930.50.

14. On May 26, 2020, FHC filed an opposition to the Sanctions Motion. *See* ECF No. 122. FHC's motion presented questions of procedure and the proper legal standard to apply to a default judgment sought as a discovery sanction. The Relman Firm filed a reply

brief in support of the Sanctions Motion on June 2, 2020. *See* ECF No. 127. Mr. Winkelman spent 15.4 hours reviewing FHC's opposition and discussing, conducting research for, drafting, and revising the reply and supporting papers. Mr. Rios spent 2 hours reviewing FHC's opposition, conducting research for the reply brief, and finalizing the reply brief and supporting papers. Mr. Weinstein spent .4 hours reviewing and providing comments on the reply brief. I spent 4.6 hours reviewing FHC's opposition, communicating with the Relman Firm about FHC's opposition, revising the reply brief and supporting papers, and discussing relevant case law with Mr. Winkelman and Mr. Rios. Mr. Jarboe spent 7.3 hours preparing the reply and supporting papers for filing and filing the reply and supporting papers. Together, this time amounts to $20,183.50.

15. On June 15, 2020, the day before the hearing on the Relman Firm's Sanctions Motion, Ms. Ling filed an opposition to the Sanctions Motion. ECF No. 132. Mr. Winkelman, Mr. Rios, and I each spent 0.3 hours reviewing this opposition. Together, this time amounts to $675.00.

16. As described in paragraph 26 of the Winkelman declaration, Judge Chooljian held a telephonic hearing on the Relman Firm's Sanctions Motion, ordered Ms. Ling to produce discovery, and ordered the Relman Firm to file a status report on whether Ms. Ling complied with the court order. Mr. Winkelman spent 2.8 hours preparing for and attending the portion of the hearing concern the Relman Firm's motion for sanctions against Ms. Ling. Mr. Razi spent 1.8 hours preparing for and attending the portion of the hearing concern the Relman Firm's motion for sanctions against Ms. Ling. Together, this time amounts to $4,036.00.

17. As described in paragraph 29 of the Winkelman Declaration, Ms. Ling did not comply with Judge Chooljian's order and instead submitted *ex parte* briefing requesting an extension of the discovery cutoff. The Relman Firm opposed Ms. Ling's application and filed the requested status report. Mr. Rios spent 7.9 hours reviewing Ms. Ling's *ex parte* application and reply and discussing, conducting research for, drafting, and revising the Relman Firm's opposition and supporting papers, as well as drafting and revising the

Relman Firm's status report.  Mr. Winkelman spent 5 hours reviewing Ms. Ling's *ex parte* application and reply and discussing, drafting, and revising the Relman Firm's opposition and supporting papers, as well as drafting and revising the Relman Firm's status report. Mr. Weinstein spent 1.7 reviewing and commenting on the Relman Firm's opposition to Ms. Ling's *ex parte* application and supporting papers and the Relman Firm's status report. I spent 2.4 discussing, and revising the Relman Firm's opposition and supporting papers and the Relman Firm's status report.  Mr. Razi spent 1.5 hours reviewing and discussing Ms. Ling's *ex parte* application and reply and the Relman Firm's status report.  Mr. Jarboe spent 3.3 hours assisting with the filing of the Relman Firm's opposition to Ms. Ling's *ex parte* application and the Relman Firm's status report.  Together, this time amounts to $15,243.

18. On December 1, 2020, Judge Chooljian issued a report and recommendation on the Sanctions Motion.  Judge Chooljian recommended that Ms. Ling's "operative Amended Answer be stricken, that a default be entered against [her] on the remaining claim against her, and that her remaining counterclaim be dismissed." ECF No. 182-1 at 15.

19. On February 11, 2021, the Relman Firm filed the instant motion for default judgment and attorney's fees.  In December 2020 and January 2021, Mr. Rios spent 25.2 hours conducting research for, drafting, and revising this motion and its accompanying declarations; identifying pertinent billing records; and conferring with Ms. Ling.  In December 2020 and January 2021, I spent 4.7 hours discussing and revising this motion. Together, this time amounts to $20,548.

20. On January 26, 2021, counsel for the Relman Firm met and conferred with Ms. Ling by phone regarding the Relman Firm's motion for default judgment and attorney's fees.  Ms. Ling opposed the relief requested by this motion.

21. The statements in this declaration about the amount of time attorneys spent on various tasks was based on review of the actual invoices sent to the Relman Firm and, with respect to December 2020 and January 2021 time, records from Covington's timekeeping

system. All of the time and the amounts referenced in this declaration were or will be actually billed to the Relman Firm.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 11, 2021, in McLean, Virginia.

Andrew Soukup