# Exhibit 1

| | |
|---|---|
| Ryan H. Weinstein (Bar No. 240405)<br> rweinstein@cov.com<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, California 90067-4643<br>Telephone: + 1 (424) 332-4800<br>Facsimile: + 1 (424) 332-4749 | Benjamin J. Razi (admitted *pro hac vice*)<br> brazi@cov.com<br>Andrew Soukup (admitted *pro hac vice*)<br> asoukup@cov.com<br>Steven Winkelman (admitted *pro hac vice*)<br> swinkelman@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter, 850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Telephone: + 1 (202) 662-6000 |

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC,<br><br>     Plaintiff,<br><br>     v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>     Defendants.<br>―――――――――――――――<br>MEI LING,<br><br>     Counter-Claimant,<br><br>     v.<br><br>RELMAN COLFAX PLLC,<br><br>     Counter-Defendant. | Case No. 2:19-cv-08612-PSG-JC<br><br>**DECLARATION OF STEVEN J. WINKELMAN IN SUPPORT OF THE RELMAN FIRM'S MOTION FOR SUMMARY JUDGMENT OR DEFAULT JUDGMENT AGAINST MEI LING** |

# DECLARATION OF STEVEN J. WINKELMAN

I, Steven J. Winkelman, declare:

1.  I am an associate at Covington & Burling LLP, which represents Plaintiff Relman Colfax PLLC (the "Relman Firm") in this action. This declaration is offered in support of the Relman Firm's Motion for Summary Judgment or Default Judgment against Mei Ling. I make this declaration based on my personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto. To aid the Court, I understand that certain highlighting has been added to the exhibits to identify the portions of each exhibit referenced by the Relman Firm's submissions. Exhibit 7 contains previously existing highlighting. The Relman Firm added highlighting in green to differentiate from that prior existing highlighting.

2.  Attached as **Exhibit 1** is a true and correct copy of excerpts of the deposition transcript of Michael Allen, a partner at the Relman Firm.

3.  Attached as **Exhibit 2** is a true and correct copy of excerpts of the deposition of Sharon Kinlaw, the executive director of Ms. Ling's co-relator, the Fair Housing Council of San Fernando Valley ("FHC").

4.  Attached as **Exhibit 3** is a true and correct copy of an email from Ms. Ling dated September 16, 2016, which FHC produced in this litigation as FHC0901.

5.  Attached as **Exhibit 4** is a true and correct copy of an email from Ms. Ling dated September 18, 2016, which FHC produced in this litigation as FHC0906.

6.  Attached as **Exhibit 5** is a true and correct copy of an email from Ms. Ling dated September 19, 2016, which FHC produced in this litigation as FHC0909.

7.  Attached as **Exhibit 6** is a true and correct copy of an April 30, 2018 email from Ms. Ling's former attorney in this case.

8.  Attached as **Exhibit 7** is a true and correct copy of excerpts of an email from Ms. Ling dated June 24, 2020 and an excerpt of an attachment to that email (which is a December 5, 2016 email from Sharon Kinlaw to Ms. Ling). The body of the June 24, 2020 email contained copies of several emails, one of which was a copy of a December 11, 2016

1

email from Ms. Ling's non-Relman Firm counsel to FHC's non-Relman Firm counsel. The attachment to the June 24, 2020 email was a single 48-page pdf that contained copies of numerous emails.

9. On January 31, 2020, counsel for the Relman Firm, counsel for the Fair Housing Council of San Fernando Valley ("FHC"), and Ms. Ling, proceeding *pro se*, held their Rule 26 conference telephonically. Ms. Ling actively participated in the Rule 26 conference and later added her positions to the parties' joint Rule 26 report, which she sent to counsel for the Relman Firm by email. Ms. Ling also signed the parties' joint Rule 26 report. See ECF No. 96-2 at 20.

10. Because the parties held their Rule 26 conference on January 31, 2020, Ms. Ling's initial disclosures were due on February 14, 2020. See Fed. R. Civ. P. 26(a)(1)(C). The Relman Firm and FHC served initial disclosures on that date. Ms. Ling failed to served initial disclosures on February 14, 2020, and has never served initial disclosures in this action.

11. On February 5, 2020, the Relman Firm served its First Set of Interrogatories and First Set of Requests for Production on Ms. Ling by Federal Express at 6750 Whitsett Avenue, #310, North Hollywood, CA 91606, which is Ms. Ling's last known address; Ms. Ling routinely has routinely used this address to receive materials in this matter and she lists this address on her *pro se* pleadings. Attached as **Exhibit 8** is a true and correct copy of the Relman Firm's First Set of Interrogatories to Ms. Ling, which contains a certificate of service. Attached as **Exhibit 9** is a true and correct copy of the Relman Firm's First Set of Requests for Production to Ms. Ling, which contains a certificate of service. Attached as **Exhibit 10** is a true and correct copy of a tracking email from Federal Express confirming delivery of the envelope containing, among other things, the Relman Firm's First Set of Interrogatories and First Set of Requests for Production.

12. On the same day, courtesy copies of the Relman Firm's First Set of Interrogatories and First Set of Requests for Production were emailed to Ms. Ling at mei.ling818@yahoo.com, the email address that Ms. Ling has routinely used to

communicate with counsel for the Relman Firm. Attached as **Exhibit 11** is a true and correct copy of an email from paralegal William Jarboe to Ms. Ling, which attaches, among other things, the Relman Firm's First Set of Interrogatories and First Set of Requests for Production to Ms. Ling.

13. The parties' Rule 26(f) report states: "The Relman Firm served document requests and interrogatories on . . . Ms. Ling on February 5, 2020." ECF No. 96-2 at 13. Although Ms. Ling signed this report on February 14, 2020, she did not contend at that time that she failed to receive the Relman Firm's discovery requests.

14. Ms. Ling's responses to the Relman Firm's First Set of Interrogatories and First Set of Requests for Production were due on March 9, 2020. Ms. Ling did not serve any responses or objections to those discovery requests. Nor did she request an extension of time to do so.

15. Meanwhile, on March 4, 5, and 6, 2020, Ms. Ling sent emails from mei.ling818@yahoo.com to counsel for the Relman Firm, FHC, and others to request a second extension of time to respond to the Relman Firm's motion to dismiss Ms. Ling's counterclaims. On March 9, 2020—the same day that her responses to the Relman Firm's requests for production and interrogatories were due—Ms. Ling emailed counsel for the Relman Firm and FHC to indicate that she would oppose the Relman Firm's motion to dismiss. Attached as **Exhibit 12** are true and correct copies of Ms. Ling's March 4, 5, 6, and 9, 2020 emails. On March 9, 2019, Ms. Ling also filed a document styled as "Partial Opposition" to the Relman Firm's motion to dismiss. ECF No. 104. The Court later struck Ms. Ling's submission and replaced it with a redacted version. ECF No. 112.

16. On April 9, 2020, a month after Ms. Ling's discovery responses were due, the Relman Firm served a letter on Ms. Ling by Federal Express at 6750 Whitsett Avenue, #310, North Hollywood, CA 91606, and sent a courtesy copy by email at mei.ling818@yahoo.com. Attached as **Exhibit 13** is a true and correct copy of the Relman Firm's April 9 letter to Ms. Ling. Attached as **Exhibit 14** is a true and correct copy of a tracking email from Federal Express confirming delivery of the envelope containing the

3

Relman Firm's April 9 letter. Attached as **Exhibit 15** is a true and correct copy of an email from paralegal William Jarboe to Ms. Ling, which attaches the Relman Firm's April 9 letter.

17. The April 9 letter requested that Ms. Ling serve responses to the Relman Firm's First Set of Interrogatories and produce the documents the Relman Firm has requested in its First Set of Requests for Production by April 23, 2020. The April 9 letter warned: "If we do not receive this information by that date, we intend to seek appropriate relief from the Court. The Court may order sanctions if you continue to fail to respond to our discovery requests. *See* Fed. R. Civ. P. 37(d)(1)(A)." The April 9 letter also enclosed additional copies of the Relman Firm's First Set of Interrogatories and First Set of Requests for Production to Ms. Ling.

18. Ms. Ling did not respond to the Relman Firm's April 9 letter. She also did not serve responses or objections to the Relman Firm's First Set of Interrogatories and First Set of Requests for Production, and did not produce any documents.

19. Meanwhile, on April 13, 14, 15, and 16, emails were sent from Ms. Ling's email address, mei.ling818@yahoo.com, to counsel for the Relman Firm, FHC, and others, as well as Judge Gutierrez's courtroom clerk Wendy Hernandez, regarding Ms. Ling's opposition to the United States's *ex parte* application to intervene. Attached ax **Exhibits 16 and 17** are true and correct copies of Ms. Ling's April 13, 14, 15, and 16 emails. On April 17, 2020, Ms. Ling filed a notice of defective service and opposition to the United States's ex parte application, ECF No. 113, and on April 20, 2020, Ms. Ling filed a supplemental proof of service, ECF No. 114.

20. On April 27, 2020, the Relman Firm served a second letter on Ms. Ling by Federal Express at 6750 Whitsett Avenue, #310, North Hollywood, CA 91606, and sent a courtesy copy by email at mei.ling818@yahoo.com. Attached as **Exhibit 18** is a true and correct copy of the Relman Firm's April 27 letter to Ms. Ling. Attached as **Exhibit 19** is a true and correct copy of a tracking email from Federal Express confirming delivery of the envelope containing the Relman Firm's April 27 letter. Attached as **Exhibit 20** is a

true and correct copy of an email from me to Ms. Ling, which attaches the Relman Firm's April 27 letter.

21. The April 27 letter informed Ms. Ling that, based on her failure to respond to the Relman Firm's discovery requests or April 9 deficiency letter, the Relman Firm "intend[ed] to file a motion for sanctions, including for an order entering default judgment against you and in the Relman Firm's favor. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii)." The April 27 letter also requested a telephonic conference pursuant to Local Rule 37-1, and stated: "If you do not contact us to schedule a time for this telephonic conference by May 8, 2020, we intend to file our motion with the Court."

22. Ms. Ling did not respond to the Relman Firm's April 27 letter. She also did not contact counsel for the Relman Firm regarding its request for a telephonic conference. Therefore, Ms. Ling has failed to confer in a timely manner under L.R. 37-1. *See* L.R. 37-2.4.

23. On May 14, 2020, I attempted to call Ms. Ling at 818-644-3923 to obtain her position on the Relman Firm's anticipated motion and to give her a final opportunity to comply with her discovery obligations. Ms. Ling regularly uses this telephone number to communicate with counsel in this litigation and she lists it on her *pro se* pleadings and in her emails. Ms. Ling did not answer her phone, and she did not return the voicemail I left.

24. On the same day, the Relman Firm filed a Notice of Motion and Motion for Sanctions and Entry of Default Judgment Against Mei Ling (the "Sanctions Motion"). ECF No. 118. The Relman Firm noticed the Sanctions Motion for a hearing before the Honorable Jacqueline Chooljian, United States Magistrate Judge, for June 16, 2020.

25. Meanwhile, Ms. Ling attended every remote deposition that occurred in this case. Ms. Ling attended remote depositions which took place via Zoom on June 8, 2020; June 10, 2020; June 17, 2020; June 18, 2020; June 19, 2020; and June 22, 2020. The sign-in information for each deposition was provided to Ms. Ling by email.

26. On June 16, 2020, Judge Chooljian held a telephonic hearing on the Relman Firm's Sanctions Motion. ECF No. 131. During the hearing, the Magistrate Judge deferred

ruling on the Relman Firm's Sanctions Motion. Instead, Judge Chooljian ordered the Relman Firm "to email and to deliver to Mei Ling today, copies of: (a) Rule 26(a)(1) of the Federal Rules of Civil Procedure (relating to initial disclosure obligations); (b) Plaintiff's First Set of Interrogatories to Mei Ling ("Ling Interrogatories"); and (c) Plaintiff's First Set of Requests for Production Directed to Mei Ling ("Ling Document Requests")." ECF No. 133. The Court also ordered Ms. Ling "to produce to Plaintiff's Counsel by email and mail, by not later than Friday, June 19, 2020: (a) her initial disclosures; (b) her responses to the Ling Interrogatories and the Ling Document Requests, without objection, as such objections have been waived; and (c) all documents in her possession, custody or control responsive to the Ling Document Requests." ECF No. 133. Judge Chooljian also ordered the Relman Firm to "to file a status report on June 22, 2020 updating the Court as to the foregoing." *Id.*

27. Attached as **Exhibit 21** is a true and correct copy of excerpts of the June 16, 2020 hearing before Judge Chooljian.

28. Pursuant to Judge Chooljian's June 16 order, the Relman Firm sent to Ms. Ling the Relman Firm's First Set of Requests for Production, the Relman Firm's First Set of Interrogatories, and an excerpt of Federal Rule of Civil Procedure 26(a)(1) by courier to 6750 Whitsett Avenue, #310, North Hollywood, CA 91606, and by email at mei.ling818@yahoo.com.

29. On June 19, 2020, Ms. Ling did not produce initial disclosures, responses to the Ling Interrogatories and Ling Documents Requests, or any documents. Instead, Ms. Ling submitted an *ex parte* application requesting an extension of the discovery cutoff. ECF No. 140. The Relman Firm opposed this motion. ECF No. 137. This Court denied Ms. Ling's motion. ECF No. 144.

30. On June 22, 2020, pursuant to Judge Chooljian's order, the Relman Firm filed a status report notifying Judge Chooljian that Ms. Ling did not comply with the June 16, 2020 order. ECF No. 138.

31. To date, Ms. Ling has not produced any discovery in this action.

1      32.    To date, Judge Chooljian has not ruled on the Relman Firm's Sanctions Motion.

2      33.    Attached as **Exhibit 22** is true and correct copy of a June 7, 2017 article entitled *"U.S. sues Los Angeles over inadequate housing for disabled"* obtained from the following website: https://www.reuters.com/article/us-losangeles-housing-lawsuit-idUSKBN18Y1ZX.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2020, in Alexandria, Virginia.

STEVEN J. WINKELMAN