UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** #190 (3/22)

| Case No. | CV 19-8612 PSG (JCx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court GRANTS Plaintiff's motion for default judgment

Before the Court is a motion for default judgment filed by Plaintiff Relman Colfax PLLC ("Relman"). *See generally* Dkt. # 190 ("*Mot.*"). Defendant Mei Ling ("Ling") failed to oppose. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court **GRANTS** Relman's motion for default judgment, but Relman is not entitled to all the relief it requests.

I.   Background

The foundational facts in this case are undisputed. In 2010, Ling signed an agreement (the "Agreement") with Relman, under which Relman would represent Ling in a False Claims Act ("FCA") suit. *See November 24, 2020 Summary Judgment Order*, Dkt. # 180 ("*SJ Order*"), at 1. Under the terms of the Agreement, which Relman drafted, *see Declaration of Michael Allen*, Dkt. # 157-2 ("*Allen Decl.*"), ¶ 7, Relman was entitled to the following fees for representing Ling:

    1.   Attorneys' Fees

In the event relief is obtained, [Ling] agrees that [Relman] is entitled to its reasonable attorneys' fees, in addition to the costs described below. [Relman]'s fees shall be calculated as follows:

    A.   If the Litigation is resolved by a lump sum settlement or offer of judgment that provides for a monetary award to [Ling] but makes no separate provision for fees and waives [Ling]'s right to seek court-awarded fees, [Relman] shall be entitled to one-third (33 1/3%) of the monetary award, in addition to costs,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

or [Relman]'s actual fees and costs (calculated in the manner described below), whichever is greater.

   B. If the Litigation is resolved by summary judgment or a trial at which [Ling] prevails, [Relman] shall be entitled to one-third (33 1/3%) of the monetary amount awarded to [Ling] in the court proceeding, in addition to costs, or the court's award of statutory fees and costs, whichever is greater. [Relman] will ask the court to award attorneys' fees and costs, to be paid by the Defendants [in the FCA suit]. If the amount awarded by the court is less than one-third of the monetary amount awarded by order or judgment, [Ling] shall be responsible for paying [Relman] the difference between the court-awarded fees and one-third of the monetary award to [Ling].

   C. [Relman]'s attorneys' fees will be calculated utilizing the "lodestar" method. The "lodestar" amount reflects the number of hours worked multiplied by a reasonable hourly rate for the work performed. Charges for lawyers and legal assistants will be at our regular hourly rates in effect when the services are paid. Currently, [Relman]'s hourly rates range from $725 for senior lawyers to $275 for junior associates, and from $140 to $175 for legal assistants and interns. The rates for particular individuals are adjusted from time to time, usually as of January 1.

   D. If the Litigation is resolved in a manner in which [Ling] does not prevail, [Ling] will not be responsible for any fees incurred by [Relman] and will be responsible only for the costs of the Litigation to the extent set forth herein.

*See Relman / Ling Contingency Fee Agreement*, Dkt. # 157-3 ("*Agreement*"), at 3.

  In December of 2016, after learning that the United States Department of Justice had contacted Relman to discuss the FCA case, Ling fired Relman. *SJ Order* at 2. Approximately five months later, on May 30, 2017, the United States announced its intention to intervene in the FCA case. *Id.*

  On March 1, 2018, Relman filed suit against Ling in the United States District Court for the District of Columbia seeking a declaratory judgment regarding the Agreement and alleging an anticipatory breach of contract. *See May 28, 2020 Order Granting in Part and Denying in Part Defendant's Motion for Judgment on the Pleadings*, Dkt. # 126 ("*May 28 Order*"), at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

On September 27, 2019, the case was transferred to this Court. *See generally* Dkt. # 39. Ling filed a First Amended Counterclaim ("FACC") on December 4. *See generally* Dkt. # 85.

On March 24, 2020, the Court granted Relman's motion to dismiss all of Ling's counterclaims except her first claim for declaratory judgment, Dkt. # 109 at 2, and on May 28, the Court dismissed Relman's second cause of action for anticipatory breach of contract, *May 28 Order* at 8.

Relman then moved for summary judgment on its first cause of action, seeking a judicial declaration that (1) the Agreement is valid and enforceable, and (2) the Agreement entitles Relman to at least one-third of Ling's recovery in the FCA action. *SJ Order* at 3. In the alternative, Relman requested that the Court enter default against Ling as a sanction for her alleged failure to comply with her discovery obligations. *Id.*

The Court granted in part and denied in part Relman's motion for summary judgment. The Court ruled that the Agreement is valid and enforceable and that Relman is entitled to its full fees as calculated under the Agreement's terms. *Id.* at 10. This means that Relman is only entitled to one-third of Ling's monetary recovery as its fee award if Ling's settlement satisfies the conditions in ¶ 1.A. or ¶ 1.B. of the Agreement. *Id.* at 9. Otherwise, Relman is only entitled to its fees as calculated under ¶ 1.C. of the Agreement. *See id.* at 8–9; Dkt. # 178 at 7–9. The Court also denied Relman's motion for terminating sanctions without prejudice because such relief was under consideration by the Magistrate Judge. *SJ Order* at 9–10.

On December 1, 2020, the Magistrate Judge issued a Report and Recommendation regarding Relman's requested discovery sanctions. *See generally Report and Recommendation*, Dkt. # 183 ("*R&R*"). The Magistrate Judge found that "[t]he facts in this case essentially reflect a complete and willful failure by Ling to comply with her court-ordered (and non-court-ordered) discovery obligations." *See id.* at 13. Therefore, the Magistrate Judge recommended, among other things, that a default be entered against Ling on Relman's remaining claim against her and that her remaining counterclaim be dismissed. *See id.* 15–16.

On February 18, 2021, the Court accepted the Magistrate's findings and adopted the Report and Recommendation. *See generally* Dkt. # 193. The Clerk of Court entered Ling's default that same day. *See generally* Dkt. # 194.

Relman now moves for entry of default judgment against Ling. *See generally Mot.* As relief, Relman seeks an order (1) entitling it to its attorneys' fees related to Ling's discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

misconduct in the amount of $102,552.50, to be paid out of any recovery Ling receives in her FCA case; (2) entitling it to the greater of one-third of Ling's recovery or Relman's actual fees under ¶ 1.C. of the Agreement; and (3) that, if Ling authorizes Relman to file a motion for statutory fees in the FCA case, Ling must pay Relman the difference between the court-awarded fees and one-third of her monetary recovery. *See* Dkt. # 190-5 ¶¶ 2.a.–c.

The Court **GRANTS** Relman's motion for default judgment, but Relman is not entitled to all the relief it requests. The Court awards Relman its attorneys' fees related to Ling's discovery misconduct (in a reduced amount) as discussed below. However, the other requested relief is inconsistent with the Court's prior rulings. Specifically, Relman is only entitled to the greater of one-third of Ling's recovery and Relman's ¶ 1.C. fees if the conditions of ¶ 1.A. or ¶ 1.B. are met. *See SJ Order* at 9. Because Relman has not established that the conditions of ¶ 1.A. or ¶ 1.B. have been satisfied, the Court cannot grant such relief. Additionally, the Court found that Ling is not obligated to allow Relman to file a motion for fees in the FCA case, and therefore the Agreement cannot require her to pay Relman the difference between any court-awarded fees and one-third of her recovery if she chooses to allow Relman to file such a motion. *See id.* Accordingly, the Court cannot grant Relman its requested declaratory relief.

II. Legal Standard

Federal Rule of Civil Procedure 37 authorizes the Court to sanction a party who disobeys its discovery orders. Fed. R. Civ. P. 37(b)(2). The rule also authorizes sanctions where a party fails to serve answers, objections, or written responses after being served with interrogatories under Rule 33 or requests of inspection under Rule 34. Fed. R. Civ. P. 37(d).

Where a party has failed to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

III. Discussion

As a threshold matter, the Court notes that it has already accepted the Magistrate's findings and conclusions and has instructed the clerk to enter default against Ling. *See generally* Dkts. # 193, 194. For the reasons provided in the Magistrate's ruling, Rule 37 sanctions are appropriate and warranted. *See generally R&R*. As such, the Court **GRANTS** Relman's motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

for entry of default judgment. The only remaining question is what relief Relman should receive.

The Court first considers Relman's request for attorneys' fees and then considers Relman's requested declaratory relief.

    A.    <u>Attorneys' Fees</u>

        i.    *Whether Fees are Appropriate*

Relman asserts that the Magistrate Judge correctly found that Ling's failure to comply with discovery and the Court's orders was willful. *Mot.* 8:18–19. Therefore, Relman contends Ling's conduct was not "substantially justified," nor would granting attorneys' fees be "unjust." *Id.* 8:19–20. Additionally, "mindful" of Ling's financial situation, Relman "seeks an order obligating Ms. Ling to pay the Relman Firm's attorney's fees only out of any funds she receives from the FCA case." *Id.* 9:10–12.

The Court agrees with the Magistrate Judge and Relman that Ling's conduct was not substantially justified. *See R&R* at 13 ("The facts in this case essentially reflect a complete and willful failure by Ling to comply with her court-ordered (and non-court-ordered) discovery obligations. Given her otherwise very active engagement and participation in this action, the Court infers that Ling's flagrant failure to comply with the June Order/her discovery obligations is not due to circumstances beyond her control, but instead is the result of a conscious, willful[,] and deliberate choice."). The Court also agrees that requiring payment of Relman's fees out of any recovery that Ling receives in the FCA case mitigates concerns of injustice.

Accordingly, the Court **GRANTS** Relman's request for attorneys' fees. Therefore, the Court must now determine whether the requested fees are reasonable.

        ii.    *Whether the Requested Fees are Reasonable*

The Court determines the reasonableness of the requested fees using the lodestar method. *See Dish Network L.L.C. v. Jadoo TV, Inc.*, No. 2:18-cv-9768-FMO (KSx), 2019 WL 7166067, at *3 (C.D. Cal. Nov. 8, 2019). To calculate the lodestar, which represents a reasonable fee award, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

Relman requests $102,552.50 in fees based on 146.3 hours of attorney and paralegal work. *See Mot.* 9:23–10:4; *Declaration of Andrew Soukup*, Dkt. # 190-1 ("*Soukup Decl.*"), ¶¶ 4–19. The Court first considers Relman's rates and then the number of hours expended.

      *a.*      *Reasonable Hourly Rates*

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); *Viveros v. Donahue*, No. CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g., Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

Here, Relman requests the following rates:

| Name | Position | Rate |
|---|---|---|
| Benjamin Razi | Partner | $ 1,130 (2020) |
| | | $ 1,170 (2021) |
| Andrew Soukup | Partner | $ 935 (2020) |
| | | $ 975 (2021) |
| Ryan Weinstein | Special Counsel | $ 875 (2020) |
| | | $ 915 (2021) |
| Steven Winkelman | Associate | $ 715 |
| Daniel Rios | Associate | $ 600 (2020) |
| | | $ 675 (2021) |
| William Jarboe | Paralegal | $ 455 (2020) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

|  |  | $ 460 (2021) |
|---|---|---|

*See Soukup Decl.* ¶¶ 4–9.

The Court turns to the *2020 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–*5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than eighty companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 433 (S.D.N.Y. 2012) (same).

The 2020 Real Rate Report provides that, in Los Angeles, lawyers working in commercial litigation at firms of more than 1,000 lawyers earn the following rates: between $941 and $1,235 for partners; and between $565 and $895 for associates. *See Real Rate Report* at 111. Accordingly, the data show that the requested fees for Razi, Soukup, Weinstein, Winkelman, and Rios are within an acceptable range. However, the general data available for paralegals shows that they typically earn between $175 and $311. *See id.* at 11. Therefore, the Court adjusts Jarboe's rate from $455/460 to $311.

### b. Reasonable Hours Expended

An attorney's fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

Here, Relman claims to have spent 146.3 hours of time dealing with Ling's misconduct. The Court accepts this figure as reasonable with one adjustment. Winkelman spent 47.4 hours working on the motion for sanctions and Relman's reply. *See Soukup Decl.* ¶¶ 13–14. This work could have been accomplished comfortably in 40 hours. Accordingly, the Court adjusts the total hours from 146.3 to 138.9. This, combined with the adjusted rate for Jarboe, results in a lodestar award in favor of Relman in the amount of $94,338.30.

       *iii.*    *Fee Award Conclusion*

For the reasons provided above, the Court **GRANTS** Relman's request for attorneys' fees in the amount of $94,338.30 as a sanction for Ling's discovery misconduct, which shall be paid out of any recovery Ling obtains in *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974 (C.D. Cal.).

    B.    Requested Declaratory Relief

As mentioned above, in addition to attorneys' fees due to Ling's discovery misconduct, Relman also requests declaratory relief as follows:

> If Mei Ling authorizes Relman Colfax PLLC to file a motion with the Court seeking an award of attorneys' fees and costs, and if the amount awarded by the Court is less than one-third of any monetary award that Mei Ling receives in connection with the lawsuit pending in *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974 (C.D. Cal.), then Ms. Ling shall be responsible for paying Relman Colfax PLLC the difference between the court-awarded fees and one-third of any monetary award to Mei Ling.

*See* Dkt. # 190-5 ¶ 2.c.

Additionally,

> [e]xcept as set forth [in ¶ 2.c.], Relman Colfax PLLC is entitled to one-third of any monetary award that Mei Ling receives in connection with the lawsuit pending in *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974 (C.D. Cal.), or Relman Colfax PLLC's actual fees and costs as calculated in the manner set forth in Section 1.C of the retainer agreement, whichever is greater.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

*See id.* ¶ 2.b.

The Court cannot award Relman this requested relief because doing so would be inconsistent with the Court's prior holdings in this case. *See SJ Order* at 9 ("[T]he Court rejects Relman's claim that, if Ling allows Relman to seek statutory (i.e., court-awarded) fees, she would be responsible for paying Relman the difference between the court-awarded fees and one-third of the monetary award under ¶ 1.B."); *id.* ("Relman is only entitled to one-third of Ling's monetary recovery if the conditions in ¶ 1.A. or ¶ 1.B. are satisfied.").

Therefore, the most the Court can award is a declaration that Relman is entitled to its attorneys' fees under the Agreement as construed by this Court's orders. Specifically, if none of the conditions in ¶ 1.A., ¶ 1.B., or ¶ 1.D. are satisfied, Relman is entitled to its lodestar fees as calculated under ¶ 1.C. of the Agreement. *See generally SJ Order*; Dkt. # 178. However, if the FCA litigation "is resolved [1] by lump sum settlement or offer of judgment that provides for a monetary award to [Ling] [2] but makes no separate provision for fees and [3] waives [Ling]'s right to seek court-awarded fees," Relman is entitled to its fees as calculated under ¶ 1.A. of the Agreement. *See Agreement* ¶ 1.A.; *SJ Order* at 7–8. And if the FCA litigation "is resolved by [1] summary judgment or [2] trial at which [Ling] prevails," Relman is entitled to its fees as calculated under ¶ 1.B. of the Agreement. *See Agreement* ¶ 1.B.; *SJ Order* at 8.

Accordingly, the Court **DENIES** Relman's requested declaratory relief in its current form.

IV. <u>Conclusion</u>

The Court **GRANTS** Relman's motion for entry of default judgment as follows:

- The Court **GRANTS** Relman's request for attorneys' fees due to Ling's discovery misconduct, but reduces the amount to $94,338.30, which shall be paid out of any recovery Ling obtains in *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974 (C.D. Cal.).

- The Court **DENIES** Relman's requested declaratory relief in its current form.

The Court instructs Relman to file a revised proposed judgment that (1) is consistent with this Order and the Court's prior rulings construing the Agreement and (2) reflects the reduced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8612 PSG (JCx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley, et al. | | |

fee award for Ling's discovery misconduct. The Court **ORDERS** Relman to file such proposed judgment no later than **April 1, 2021**.

    **IT IS SO ORDERED.**