Ryan H. Weinstein (Bar No. 240405)
 rweinstein@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Benjamin J. Razi (admitted *pro hac vice*)
 brazi@cov.com
Andrew Soukup (admitted *pro hac vice*)
 asoukup@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

*Attorneys for Plaintiff / Counter-Defendant*
RELMAN COLFAX PLLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RELMAN COLFAX PLLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND MEI LING,<br><br>    Defendants.<br>MEI LING,<br><br>    Counter-Claimant,<br><br>    v.<br><br>RELMAN COLFAX PLLC,<br><br>    Counter-Defendant. | Case No. 2:19-cv-08612-PSG-JC<br><br>**JUDGMENT AND ORDER GRANTING RELMAN COLFAX PLLC'S MOTION FOR SANCTIONS AND ENTRY OF DEFAULT JUDGMENT AGAINST MEI LING** |

## **JUDGMENT AND ORDER**

Having considered the Motion for Sanctions and Entry of Default Judgment Against Mei Ling (the "Motion") filed by Relman Colfax PLLC (the "Relman Firm"), the Court hereby ORDERS as follows:

1.   The Relman Firm's Motion is GRANTED IN PART AND DENIED IN PART for the reasons set forth in the Court's March 16, 2021 minute order (ECF No. 197).

2.   The Relman Firm's request for attorney's fees due to Ling's discovery misconduct is GRANTED.  Ling shall pay to the Relman Firm $94,338.30 out of any amount Ling obtains in *United States ex rel. Mei Ling v. City of Los Angeles*, No. 2:11-cv-00974 (C.D. Cal.) (the "FCA Litigation").

3.   It is further DECLARED and ADJUDGED that:

   a.   If the FCA Litigation is resolved [1] by lump sum settlement or offer of judgment that provides for a monetary award to Ling [2] but makes no separate provision for fees and [3] waives Ling's right to seek court-awarded fees, the Relman Firm shall be entitled to one-third (33 1/3%) of the monetary award, in addition to the Relman Firm's costs, or the Relman Firm's actual lodestar and costs, whichever is greater. The Relman Firm's lodestar shall be calculated under Section 1.C. of the Relman / Ling Contingency Agreement (the "Agreement") (Dkt. No. 157-3).

   b.   If the FCA Litigation is resolved by [1] summary judgment or [2] trial at which Ling prevails, the Relman Firm shall be entitled to one-third (33 1/3%) of the monetary amount awarded to Ling in the court proceeding, in addition to the Relman Firm's costs, or the court's award of statutory fees and costs, whichever is greater.

   c.   If the FCA Litigation is resolved in a manner in which Ling does not prevail, Ling will not be responsible for any fees incurred by the

1

Relman Firm and will be responsible only for the costs of the FCA Litigation to the extent set forth in the Agreement.

    d.    In any other scenario not addressed in 3a, 3b, or 3c above, the Relman Firm shall be entitled to its lodestar fees as calculated under Section 1.C. of the Agreement.

4.    JUDGMENT IS ENTERED in favor of the Relman Firm and against Ling on Count I (Declaratory Relief) of Ling's Counterclaims.  Ling shall take nothing by her Counterclaims against the Relman Firm.

5.    The Clerk is directed to close this matter.

IT IS SO ORDERED.

DATED: _____04/02/2021_____

_____

HONORABLE PHILIP GUTIERREZ
UNITED STATES DISTRICT JUDGE

2